B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>　　VBI Group LLC | **DEFENDANTS**<br>　Peter Hoa Nguyen and Thi Hong Nguyen |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Jeff Whitfield, Kelly Hart & Hallman LLP<br>201 Main Street, Suite 2500, Fort Worth, TX  76102<br>(817) 332-2500 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only)<br>☐ Debtor　　☐ U.S. Trustee/Bankruptcy Admin<br>■ Creditor　☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>■ Debtor　　☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor　☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Exception to discharge for defalcation while acting in a fiduciary capacity, embezzlement or larceny, and willful and malicious injury. See 11 U.S.C. § 523(a)(4), (6), and (c)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☑ 67-Dischargeability - §523(a)(4), Defalcation as fiduciary, embezzlement, larceny
　　**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
　　(other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 13,341,952.80 |

Other Relief Sought

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Peter Hoa Nguyen and Thi Hong Nguyen | BANKRUPTCY CASE NO.<br>25-33671-sgj7 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District | DIVISION OFFICE<br>Dallas | NAME OF JUDGE<br>Stacey G. C. Jernigan |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Joseph S. Austin* |||
| DATE<br>11/23/2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>*Joseph D. Austin* ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Jeff Whitfield
State Bar No. 24060825
jeff.whitfield@kellyhart.com
Joseph D. Austin
State Bar No. 24101470
joseph.austin@kellyhart.com
Harrison A. Pavlasek
State Bar No. 24126906
harrison.pavlasek@kellyhart.com
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

*Attorneys for VBI Group LLC,*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-33671-sgj7 |
| PETER HOA NGUYEN and | § | |
| THI HONG NGUYEN | § | |
| | § | CHAPTER 7 |
| DEBTORS | § | |
| | § | |
| VBI GROUP LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. PROC. NO. __-_____ |
| | § | |
| PETER HOA NGUYEN and | § | |
| THI HONG NGUYEN, | § | |
| | § | |
| Defendants | § | |

## <u>COMPLAINT</u>

Plaintiff, VBI Group LLC ("**Plaintiff**" or "**VBI**"), through its undersigned counsel, hereby

files this *Complaint* against Peter Hoa Nguyen and Thi H. Nguyen (collectively, the "**Defendants**"

or "**Debtors**"). In support thereof, Plaintiff submits the following:

## PARTIES

1.      Plaintiff, VBI Group LLC, is a Delaware LLC, which does business as Skypatrol USA, ikonGPS, and ikon technologies in Tarrant County, Texas, at 1161 W. Corporate Drive, Suite 300, Arlington, Texas 76006.

2.      Defendant Peter Hoa Nguyen ("**Peter**") is a Texas resident residing at 836 Bentwater Pkwy, Cedar Hill, TX 75104, and may be served with a summons and a copy of this Complaint pursuant to Rule 7004(b)(9) and (d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.      Thi H. Nguyen ("**Thi**") is a Texas resident residing at 836 Bentwater Pkwy, Cedar Hill, TX 75104, and may be served with a summons and a copy of this Complaint pursuant to Bankruptcy Rule 7004(b)(9) and (d).

## JURISDICTION AND VENUE

4.      The above-captioned adversary proceeding (the "**Adversary Proceeding**") is a proceeding arising in a case under title 11 of the United States Code (the "**Bankruptcy Code**"). This Court has jurisdiction over the above-captioned bankruptcy case (the "**Bankruptcy Case**") pursuant to 28 U.S.C. § 1334(a). The Bankruptcy Case has been referred to this Court by the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc, dated August 3, 1984*. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

5.      Plaintiff consents to the entry of a final order or judgment in this Adversary Proceeding by this Court.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409.

## FACTS

### A.    Background of VBI's Business.

7.      As technology has advanced, consumers seek innovative and effective software and platforms to protect their assets. VBI develops software solutions and hardware/software platforms that work with GPS trackers to provide state-of-the-art telematics to monitor and protect mobile assets, including automobiles, throughout the United States.

8.      VBI is based in Arlington, Texas, and serves as a telematics supplier to the automotive industry. VBI offers GPS products directly to new and used automotive dealers and auto finance companies. Accordingly, VBI owns certain confidential, proprietary, and trade secret information, including, but not limited to:

> VBI's GPS technology, the source code, the architecture of the technology, the structure of the technology, the components, or the design of the technology, which includes both proprietary and non-proprietary elements. This information also included proprietary customers lists.

The above information is collectively VBI's "**Trade Secrets**."

9.      VBI's technology has been in great demand not only in the Dallas-Fort Worth metroplex, but across the nation. As a result, VBI developed an extensive customer list, and to that end, VBI needed more employees.

### B.    VBI Hires Jones and Peter to Grow the Business.

10.      After Sam Mahrouq ("**Mahrouq**") entered this business segment and VBI began to grow, he sought out employees to help continue its growth. Mahrouq was looking for employees skilled in technology, sales, and client relations.

11.      Through prior dealings, Mahrouq had come to know Larry Jones ("**Jones**") and his reputation in the automotive industry. Jones understood that car dealers had a need for the GPS technology that VBI offered to protect their moveable collateral.

12.     VBI hired Jones as an executive of the company in 2018 to help run the day-to-day operations of VBI and assist in continuing to grow the customer base of VBI.

13.     Also around this time, Peter was hired to assist with the information technology and further development of VBI's software, including software as a part of the Trade Secrets. At that time, Peter became aware of just how sophisticated VBI's Trade Secrets really were. Accordingly, VBI and Mahrouq trusted Peter with the Trade Secrets that VBI developed.

14.     Although Peter sometimes worked remotely and not at the Arlington location, Peter maintained significant contacts with Texas. Many of his responsibilities while working with VBI were performed in whole or in part in Tarrant County, Texas. This includes, but is not limited to: conducting meetings with management, employees, contractors, agents, legal counsel, and clients; directing sales and marketing teams; implementing sales growth strategies; coaching and training sales staff; setting performance goals and mentoring sales managers; establishing distribution channels and outside agent programs; developing and automating a sales compensation plan; guiding product road maps for sales teams; managing marketing teams; establishing inside sales teams; managing customer accounts, retention teams, and sales processes; implementing change risk management and sales improvement programs; developing profit-and-loss budgets; and forecasting product and sales performance. In short, Peter sold VBI products in Texas and performed a multitude of management tasks that required regularly conducting business in Tarrant County, Texas.

15.     VBI instructed all those who worked with VBI (including Peter) to keep the Trade Secrets confidential. In addition, VBI password protected its Trade Secrets to protect itself from any third parties obtaining the proprietary information.

16.     Throughout Peter's course of work with VBI, he acknowledged that the Trade Secrets were developed by VBI at substantial expense. Peter agreed to use his best efforts and exercise the utmost diligence to protect VBI's Trade Secrets. Peter also agreed not to use or disclose the foregoing for any reason other than in performance of his duties in furtherance of VBI's business.

**C.     Peter and Others Take Advantage of VBI and Conspire to Form Spartan.**

17.     Throughout 2018–2019, Mahrouq and his trusted advisors were involved in other significant matters that took some of their attention away from VBI. Mahrouq was confident that VBI would continue to grow because of, among other things, Peter's capabilities and trust he had established with VBI and Mahrouq.[1]

18.     However, with VBI's and Mahrouq's attention elsewhere, Peter saw an opportunity to exploit their trust.

19.     Unbeknownst to VBI, Peter conspired with his wife, Thi, and non-debtors/defendants, Jones and Lawrence P. West ("**West**"),[2] to start up a new company—Spartan Automotive Technology Providers, Inc. ("**Spartan**")—and steal VBI's Trade Secrets it had worked so hard to develop.

20.     While Peter was employed by VBI, he planned to perform the same or similar services to those he was performing for VBI for this newly formed entity, Spartan, in which he had a financial interest. Unbeknownst to VBI, before leaving VBI, Peter had already misappropriated VBI's Trade Secrets.

---

[1]     Due to not performing his duties, VBI terminated Jones in early 2019.

[2]     For clarity and transparency, VBI has initiated legal proceedings against both Jones and West.

21.     In fact, Peter was using VBI funds to pay vendors to assist in setting up Spartan and the very theft of VBI's Trade Secrets.

22.     On April 19, 2019, Spartan was formed in Texas, with Thi as one of its directors and who had been working for months, along with Peter, to prepare for Spartan to be competing with VBI even before formation. Shortly after Spartan was formed, Peter left VBI to go work at Spartan.

23.     Since then, Defendants, Peter and Thi, contacted and attempted to solicit business from agents or contractors that worked with VBI with whom those individuals had contact or about whom they received confidential information from VBI. Defendants also contacted other VBI employees soliciting them for employment and attempting to induce them to resign or cease to do business with VBI and to use VBI's Trade Secrets while coming to work for Spartan, Defendants' new business.

24.     Defendants' knew VBI's Trade Secrets were just that—secret, highly valuable, and crucial to VBI's business. Nevertheless, Defendants intended to use these secrets at their newly formed entity—Spartan—to compete with VBI.

25.     Defendants' actions were taken to harm VBI, with the goal being to destroy VBI and put it out of business.

**D.     Prior State Court Litigation.**

26.     Consequently, and in light of the foregoing, VBI filed suit against Defendants, and others, on June 18, 2021, in the 17th Judicial District for Tarrant County, Texas, Case No. 017-325961-21 (the "**State Court Litigation**") asserting a variety of claims, such as Defendants misappropriating VBI's Trade Secrets and Peter breaching his fiduciary duties to VBI.

27.     Thereafter, following a trial in the State Court Litigation, a jury therein found, among other things, that Defendants willfully and maliciously misappropriated VBI's Trade

Secrets and that Peter breached his fiduciary duties to VBI (i) by divulging VBI's Trade Secrets during his employment therewith, (ii) by failing to act in VBI's best interest; and (iii) by misusing VBI's confidential information acquired during his employment in a manner adverse to VBI. A true and correct copy of the state court's charge to the jury in the State Court Litigation is attached hereto as **Exhibit A**.

28.     The state court rendered a final judgment in the State Court Litigation thereafter on December 4, 2024, in favor of VBI. The state court ordered that Defendants were liable to VBI for actual and exemplary damages, as well as for Plaintiff's attorneys' fees, related to Defendants' misappropriation of VBI's Trade Secrets. The state court also ordered disgorgement of fees related to Peter breaching his fiduciary duties to VBI. A true and correct copy of the final judgment entered in the State Court Litigation is attached hereto as **Exhibit B**.

**E.      The Debtors' Bankruptcy Case.**

29.     On September 22, 2025 (the "**Petition Date**"), the Debtors filed a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code thereby initiating the Bankruptcy Case.

30.     The deadline to file a dischargeability complaint, such as this Complaint, is December 29, 2025.

## CAUSES OF ACTION

### (Non-Dischargability in Bankruptcy of Certain Claims Pursuant to 11 U.S.C. § 523(c))

### COUNT ONE—11 U.S.C. § 523(a)(4), Defalcation while Acting in a Fiduciary Capacity (Peter Only)

31.     Plaintiff incorporates by reference for all purposes each of the preceding paragraphs in this Complaint.

32.     One way to show that a debt should be excepted from a debtor's discharge under section 523(a)(4) of the Bankruptcy Code is for the plaintiff to show that (i) the debt was caused

by fraud or defalcation and (ii) there was a fiduciary relationship between the parties at the time

the debt was created. *See* 11 U.S.C. § 524(a)(4); *see also In re Whitaker*, 642 F. App'x 345, 348

(5th Cir. 2016).

33.     "Defalcation is the neglect of a fiduciary duty." *Whitaker*, 642 F. App'x at 348.

34.     The state of mind necessary to prove defalcation is (a) knowing that the conduct is

improper or (b) engaging in grossly reckless conduct. *Bullock v. BankChampaign, N.A.*, 569 U.S.

267, 273–74 (2013); *Whitaker*, 642 F. App'x at 348.

35.     Here, Peter defalcated Plaintiff while acting in a fiduciary capacity. First, Peter

owed Plaintiff a fiduciary duty by way of his relationship of trust with Plaintiff. Second, Peter

neglected his fiduciary duties by engaging in intentionally wrong conducted when he knowingly

and recklessly misappropriated the Trade Secrets that he was entrusted with so he could benefit

Spartan and himself to the detriment of VBI.

### COUNT TWO—11 U.S.C. § 523(a)(4), Embezzlement
### (Peter Only)

36.     Plaintiff incorporates by reference for all purposes each of the preceding

paragraphs in this Complaint.

37.     One way to show that a debt should be excepted from a debtor's discharge under

section 523(a)(4) of the Bankruptcy Code is for the plaintiff to show that the debtor incurred the

debt to the plaintiff by means of embezzlement. 11 U.S.C. § 524(a)(4); *Miller v. J.D. Abrams Inc.

(In re Miller)*, 156 F.3d 598, 602 (5th Cir. 1998).

38.     "Embezzlement is defined for purposes of [section 523(a)(4) of the Bankruptcy

Code] as the fraudulent appropriation of property by a person to whom such property has been

entrusted, or into whose hands it has lawfully come." *Miller*, 156 F.3d at 602 (internal quotes

cleaned up); *see also In re Cong Nguyen*, No. 13-20563, 2015 WL 6941301, at *6 (Bankr. S.D. Tex. Nov. 9, 2015).

39.     Here, VBI entrusted Peter with the Trade Secrets, and then he proceeded to misappropriate the Trade Secrets when he used them to benefit Spartan and himself to the detriment of VBI.

## COUNT THREE—11 U.S.C. § 523(a)(4), Larceny
### (All Defendants)

40.     Plaintiff incorporates by reference for all purposes each of the preceding paragraphs in this Complaint.

41.     One way to show that a debt should be excepted from a debtor's discharge under section 523(a)(4) of the Bankruptcy Code is for the plaintiff to show that the debtor incurred the debt to the plaintiff by means of larceny. 11 U.S.C. § 524(a)(4); *In re Allen*, No. 22-20178-RLJ7, 2025 WL 319925, at *15 (Bankr. N.D. Tex. Jan. 28, 2025) (citing *Chowdary v. Ozcelebi (In re Ozcelebi)*, 640 B.R. 884, 901 (Bankr. S.D. Tex. 2022).

42.     "Larceny is the 'fraudulent and wrongful taking and carrying away of the property of another with intent to convert it to the taker's use and with intent to permanently deprive the owner of such property.'" *Id.* at 15 (citing *In re Wells*, 368 B.R. 506, 514 (Bankr. M.D. La. 2006)).

43.     Larceny "differs from embezzlement because the initial taking of the victim's property must be unlawful." *Id.*

44.     Here, Thi incurred a debt to Plaintiff by means of larceny. First, Thi came into possession of the Trade Secrets by unlawful means because Plaintiff never authorized her access to this confidential and proprietary information. Second, Thi intended to convert through misappropriating the Trade Secrets to benefit Spartan and herself to the detriment of VBI by way of trying to run VBI out of business thus permanently depriving VBI of the Trade Secrets.

45.     Here, Peter incurred a debt to Plaintiff by means of larceny. First, to the extent

Peter did not have lawful access to the Trade Secrets, he came into possession of the Trade Secrets

by unlawful means because Plaintiff denied him access to this confidential and proprietary

information upon him no longer working for VBI. Second, Peter intended to convert through

misappropriating the Trade Secrets to benefit Spartan and himself to the detriment of VBI by way

of trying to run VBI out of business thus permanently depriving VBI of the Trade Secrets.

### COUNT FOUR—11 U.S.C. § 523(a)(6), Willful and Malicious Injury
### (All Defendants)

46.     Plaintiff incorporates by reference for all purposes each of the preceding

paragraphs in this Complaint.

47.     A debt may be declared nondischargeable due to a "willful and malicious injury by

the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

48.     Section 523(a)(6) of the Bankruptcy Code requires "a deliberate or intentional

injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523

U.S. 57, 61 (1998).

49.      "[A]n injury is 'willful and malicious' where there is either (1) an objective

substantial certainty of harm arising from a deliberate or intentional action or (2) a subjective

motive to cause harm by a party taking a deliberate or intentional action." *Ward Fam. Found. v.*

*Arnette (In re Arnette)*, 454 B.R. 663, 700 (Bankr. N.D. Tex. 2011) (citing *Miller*, 156 F.3d at

604–06).

50.     Additionally, "the debtor must have intended the actual injury that resulted." *Texas*

*v. Walker*, 142 F.3d 813, 823 (5th Cir. 1998).

51.     Here, Defendants willfully and malicious injured Plaintiff when they

misappropriated the Trade Secrets. When Defendants misappropriated the Trade Secrets, there

was an objective substantial certainty of harm because Defendants would benefit to the detriment of VBI. Moreover, when Defendants misappropriated the Trade Secrets, they had a subjective motive to benefit Spartan and themselves to the detriment of VBI by putting VBI out of business.

## REQUEST FOR ATTORNEYS' FEES AND OTHER DAMAGES

52.     Plaintiff incorporates by reference for all purposes each of the preceding paragraphs in this Complaint.

### i.     *Request to hold attorneys' fees and other damages granted to VBI in the State Court Litigation non-dischargeable*

53.     Non-dischargeable "debt" in a proceeding under section 523 of the Bankruptcy Code encompasses not only the non-dischargeable debt but also punitive damages and an award of attorney's fees. *Cohen v. De La Cruz, 523 U.S*. 213, 220 and 223 (1998) (finding that attorneys' fees and other damages can be non-dischargeable in an action under section 523(a)(2)(A) of the Bankruptcy Code (at 223) and surmising that the "debt" as used in other parts of section 523(a) should be construed the same way (at 220)); *see also Schwertner Backhoe Servs. v. Kirk (In re Kirk)*, 525 B.R. 325, 331 (Bankr. W.D. Tex. 2015).

54.     It is the whole the debt that is non-dischargeable. *See in re Jordan*, 927 F.2d 221, 227 (5th Cir. 1991) (citing *In re Martin*, 761 F.2d 1163, 1168 (6th Cir. 1985)).

55.     Here, the Court should declare the actual and exemplary damages as well as Plaintiff's attorneys' fees awarded to it in the State Court Litigation non-dischargeable. These obligations are encompassed in the whole of the debt that Defendants are liable to Plaintiff for.

### ii.     *Request for attorneys' fees for prosecuting this action*

56.     The American Rule provides that each litigant pays its own attorney's fees, win or lose, unless a statute or contract provides otherwise. *See In re Dean*, No. 16-4147-MXM, 2018

WL 4810700, at *32 (Bankr. N.D. Tex. Sept. 29, 2018) (citing *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015)).

57.    However, "When a creditor seeks attorney's fees for prosecuting a nondischargeability action, the court can award attorney's fees, which themselves are nondischargeable, if such fees are authorized under applicable state law and if the fees arise from or are on account of conduct that resulted in a nondischargeable debt." *Id.* (citing *Kirk*, 525 B.R. at 330–36.).

58.    Here, the Court should award Plaintiff its attorneys' fees for prosecuting this Adversary Proceeding. First, the State Court Litigation authorized Plaintiff to recover its attorneys fees, thereby making the fees authorized under applicable state law. Second, the award of attorneys' fees for prosecuting this Adversary Proceeding are on account of conduct that resulted in the nondischargeable debt because the fees incurred in prosecuting this Adversary Proceeding are related to collecting on Defendants' indebtedness to Plaintiff by way of the State Court Litigation.

## **RESERVATION OF RIGHTS**

59.    Plaintiff reserves the right to amend this Complaint and/or bring all other claims or causes of action that Plaintiff might have against Defendants, on any and all grounds, as allowed under the law or in equity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer herein,

and that Plaintiff be granted judgment against Defendant:

a.      holding the debts owed by Defendants to VBI to be non-dischargeable pursuant to section 523(c) of the Bankruptcy Code;

b.      holding Plaintiff's attorneys' fees and other damages awarded to it in the State Court Litigation are non-dischargeable pursuant to section 523(c) of the Bankruptcy Code;

c.      granting Plaintiff its attorneys' fees for prosecuting this Adversary Proceeding; and

d.      granting such other and further relief, at law or in equity, to which Plaintiff may be entitled.

Dated: December 22, 2025                     Respectfully submitted,

                                             */s/ Jeff Whitfield*
                                             Jeff Whitfield
                                             State Bar No. 24060825
                                             jeff.whitfield@kellyhart.com
                                             Joseph D. Austin
                                             State Bar No. 24101470
                                             joseph.austin@kellyhart.com
                                             Harrison A. Pavlasek
                                             State Bar No. 24126906
                                             harrison.pavlasek@kellyhart.com
                                             Kelly Hart & Hallman LLP
                                             201 Main Street, Suite 2500
                                             Fort Worth, Texas 76102
                                             Telephone: (817) 332-2500
                                             Facsimile: (817) 878-9280

                                             *Attorneys for VBI Group LLC*

# EXHIBIT A

**ORIGINAL**

**NO. 017-325961-21**

| VBI GROUP, LLC | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| SPARTAN AUTOMOTIVE | § | |
| TECHNOLOGY PROVIDERS, | § | |
| INC., ET AL | § | 17TH JUDICIAL DISTRICT |

## CHARGE OF THE COURT

**LADIES AND GENTLEMEN OF THE JURY:**

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your cell phone or any other electronic device during your deliberations for any reason. I will give you a number where others may contact you in case of an emergency.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

1

Here are the instructions for answering the questions:

1.     Do not let bias, prejudice, or sympathy play any part in your decision.

2.     Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3.     You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4.     If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.     All the questions and answers are important. No one should say that any question or answer is not important.

6.     Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

7.     Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8.     Do not answer questions by drawing straws or by any method of chance.

9.     Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10.     Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11.     Unless you are told otherwise the answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

As to any question to which an objection has been sustained, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence which was rejected or any evidence that was stricken out by the Court. Such matters are to be treated as though you had never known them.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

Deposition testimony is testimony which has been previously taken under oath. You are instructed that such testimony is entitled to be given the same weight you would give it if it were presented by a witness appearing in the courtroom during trial.

3

# DEFINITIONS

1.  The term **"VBI"** shall mean and refer to VBI Group LLC.

2.  The term **"Spartan"** shall mean and refer to Spartan Automotive Technology Providers, Inc.  Corporations can act only through human agents.

3.  The term **"Peter Nguyen"** shall mean and refer to Peter Hoa Nguyen.

4.  The term **"Thi Nguyen"** shall mean and refer to Thi H. Nguyen.

5.  The term **"Larry West"** shall mean and refer to Lawrence P. West.

6.  The term **"Defendants"** shall mean Spartan, Peter Nguyen, Thi Nguyen, and West.

7.  The term **"Ajax"** shall mean Ajax Group, LLC.

8.  The term **"GPS Telematics System"** shall include VBI's GPS technology, the source code, the architecture of the technology, the structure of the technology, the components, or the design of the technology, which includes both proprietary and non-proprietary elements.

**QUESTION NO. 1**: **Did VBI own a trade secret in its GPS Telematics System?**

"Trade secret" means all forms and types of information, including business, scientific, technical, economic, or engineering information, and any formula, design, prototype, pattern, plan, compilation, program device, program, code, device, method, technique, process, procedure, financial data, or list of actual or potential customers or suppliers, whether tangible or intangible and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing that—

1.      derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information; and

2.      is the subject of reasonable measures by the owner under the circumstances to maintain its secrecy.

"Proper means" are discovery by independent development or any other means that is not improper.

"Improper means" include theft; bribery; misrepresentation; breach of a duty to maintain secrecy, to limit use, or to prohibit discovery of a trade secret; or espionage through electronic or other means.

"Own" means to have rightful, legal, or equitable title to, or the right to enforce rights in, a trade secret.

Answer "Yes" or "No."

Answer:      Yes

5

If you answered "Yes" to Question 1, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 2: Did any of the following misappropriate VBI's GPS Telematics System?**

**Spartan**
**Peter Nguyen**
**Thi Nguyen**
**Larry West**

To find misappropriation of a trade secret, you must find that one or more of the defendants:

- acquired the trade secret, and that the defendant or defendants knew or had reason to know that the trade secret was acquired by improper means; or

- disclosed or used the trade secret without VBI's express or implied consent, and that defendant or defendants used improper means to acquire knowledge of the trade secret; or

- disclosed or used the trade secret without VBI's express or implied consent, and that defendant or defendants, at the time of the disclosure or use, knew or had reason to know that knowledge of the trade secret was derived from or through a person who owed a duty to VBI to maintain its secrecy or limit its use.

"Improper means" includes theft; bribery; misrepresentation; breach or inducement of a breach of a duty to maintain secrecy, to limit use, or to prohibit discovery of a trade secret; or espionage through electronic or other means.

Answer "Yes" or "No" for each defendant:

Spartan: _____Yes_____

Peter Nguyen: _____Yes_____

Thi Nguyen: _____Yes_____

Larry West: _____Yes_____

If you answered "Yes" to Question 1 and "Yes" to any Defendant listed in Question 2, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 3**: **What sum of money, if any, if paid now in cash, would fairly and reasonably compensate VBI for its damages, if any, that were caused by such misappropriation?**

Consider the following elements of damages, if any, and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for damages, if any.

Development costs that any defendant saved by the misappropriation.

Answer: $5,000,000.00

If you answered "Yes" as to any Defendant listed in Question 2, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 4: Were any of the following Defendants part of a conspiracy that damaged VBI?**

To be part of a conspiracy, Spartan, Peter Nguyen, Thi Nguyen, or West must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to VBI. One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.

Answer "Yes" or "No":

Spartan: _____Yes_____

Peter Nguyen: _____Yes_____

Thi Nguyen: _____Yes_____

Larry West: _____Yes_____

If you answered "Yes" as to any Defendant listed in Question 2, then answer the following question as to that Defendant or Defendants.  Otherwise, do not answer the following question.

**QUESTION NO. 5**: **Was any of the following defendant's misappropriation willful and malicious?**

"Willful and malicious" misappropriation means intentional misappropriation resulting from the conscious disregard of the rights of the owner of the trade secret.

Answer "Yes" or "No" for each defendant:

Spartan: _____Yes_____

Peter Nguyen: _____Yes_____

Thi Nguyen: _____Yes_____

Larry West: _____Yes_____

If you answered "Yes" as to any Defendant listed in Question 2 and as to any Defendant listed in Question 5, then answer the following question. Otherwise, do not answer the following Question.

**QUESTION NO. 6:** **What is a reasonable fee, if any, for the necessary services of VBI's attorney for its misappropriation of trade secrets claim?**

A reasonable fee is the reasonable hours worked, and to be worked, multiplied by a reasonable hourly rate for that work.

Do not include fees that relate solely to any other claim.

Answer with an amount in dollars and cents for each of the following:

1.     For representation in the trial court.

Answer: $254,952.80

2.     For post-trial motions and briefing.

Answer: $18,000.00

3.     For representation in the court of appeals.

Answer: $43,500.00 .

4.     For representation at the petition for review stage in the Supreme Court of Texas.

Answer: $12,750.00 .

5.     For representation at the merits briefing stage in the Supreme Court of Texas.

Answer: $18,000.00 .

6.     For representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

Answer: $18,000.00

Answer the following question only if you unanimously answered "Yes" as to any Defendant listed in Question 2 and as to the same Defendant listed in Question 5. Otherwise, do not answer the following question.

To answer "Yes" to any part of the following question, your answer must be unanimous. You may answer "No" to any part of the following question only upon a vote of ten or more jurors. Otherwise, you must not answer that part of the following question.

## QUESTION NO. 7: Do you find by clear and convincing evidence that the harm to VBI resulted from malice?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Defendants to cause substantial injury or harm to Plaintiff.

Answer "Yes" or "No" as to Defendant:

| | |
|---|---|
| Spartan: | Yes |
| Peter Nguyen: | Yes |
| Thi Nguyen: | Yes |
| Larry West: | Yes |

11

Answer the following question regarding Defendants only if you unanimously answered "Yes" as to any Defendant listed in Question 7.  Otherwise, do not answer the following question regarding that Defendant.

You must unanimously agree on the amount of any award of exemplary damages.

**QUESTION NO. 8**: **What sum of money, if any, if paid now in cash, should be assessed against Defendants and awarded to VBI as exemplary damages, if any, for the conduct found in response to Question 2?**

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

1.    The nature of the wrong.

2.    The character of the conduct involved.

3.    The degree of culpability of the defendant.

4.    The situation and sensibilities of the parties concerned.

5.    The extent to which such conduct offends a public sense of justice and propriety.

6.    The net worth of the defendant.

Answer in dollars and cents for damages, if any.

Answer as to each defendant:

Spartan:          $ 10,000,000.00

Peter Nguyen:     $ 4,000,000.00

Thi Nguyen:       $ 4,000,000.00

Larry West:       $ 4,000,000.00

**QUESTION NO. 9:** Do you find that VBI's claim against any of the Defendants for misappropriation of trade secrets was brought in bad faith?

Answer "Yes" or "No" as to each Defendant:

Spartan: _____No_____

Peter Nguyen: _____No_____

Thi Nguyen: _____No_____

Larry West: _____No_____

If you answered "Yes" to Question 9, then answer the following question. Otherwise, do not answer the following Question.

**QUESTION NO. 10**: **What is a reasonable fee, if any, for the necessary services of Defendants' attorneys defending against VBI's claim for misappropriation of trade secrets?**

A reasonable fee is the reasonable hours worked, and to be worked, multiplied by a reasonable hourly rate for that work.

Do not include fees that relate solely to any other claim.

Answer with an amount in dollars and cents for each of the following:

1.      For representation in the trial court.

Answer:_____.

2.      For post-trial motions and briefing.

Answer:_____.

3.      For representation in the court of appeals.

Answer:_____.

4.      For representation at the petition for review stage in the Supreme Court of Texas.

Answer:_____.

5.      For representation at the merits briefing stage in the Supreme Court of Texas.

Answer:_____.

6.      For representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

Answer:_____

**QUESTION NO. 11**: **While technology director, was Peter Nguyen a corporate officer of VBI?**

Answer: "Yes" or "No".

Answer: ___Yes___

**QUESTION NO. 12:** Did Peter Nguyen fail to comply with any of the following fiduciary duties:

1. Not to divulge VBI's trade secrets during his employment.

2. To act in VBI's best interests.

3. Not to use VBI's confidential information acquired during his employment in a manner adverse to VBI.

Answer "Yes" or "No."

      Answer: _____Yes_____

**QUESTION NO. 13:** **What sum of money, if any, if paid now in cash, would fairly and reasonably compensate VBI for its damages, if any, that were proximately caused by such conduct in Question No. 12?**

Answer separately in dollars and cents for damages, if any. Do not include interest on any amount of damages you find.

The portion of Peter Nguyen's salary he received from VBI attributable to his wrongdoing.

Answer: _$135,000.00_

**QUESTION NO. 14**: **Did VBI and Ajax enter into an agreement whereby VBI agreed to pay to Ajax commissions for sales of VBI's products?**

Answer "Yes" or "No":

      Answer:_____Yes_____

If you answered "Yes" to Question 14, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 15**: **Did VBI breach the agreement by failing to pay commissions to Ajax?**

Answer "Yes" or "No":

Answer: __NO__

If you answered "Yes" to Questions 14 and 15, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 16**: **Was VBI's failure to pay commissions excused by any term of the agreement?**

Answer "Yes" or "No":

Answer:_____

If you answered "Yes" to Questions 14 and 15, and "No" to Question 16, then answer the following question.  Otherwise, do not answer the following question.

**QUESTION NO. 17: What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ajax for its damages from the breach of the agreement?**

Consider the following elements of damages, if any, and none other. Consider each element separately.  Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss.  That is, do not compensate twice for the same loss, if any.  Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for damages, if any.

Ajax's unpaid commissions owed by VBI.

Answer: _____

If you answered "Yes" to Questions 14 and 15, and "No" to Question 16, then answer the following question. Otherwise, do not answer the following Question.

**QUESTION NO. 18: What is a reasonable fee for the necessary legal services of Ajax's attorneys for breach of the agreement?**

A reasonable fee is the reasonable hours worked, and to be worked, multiplied by a reasonable hourly rate for that work.

Do not include fees that relate solely to any other claim.

Answer with an amount in dollars and cents for each of the following:

1.    For representation in the trial court.

Answer:_____.

2.    For post-trial motions and briefing.

Answer:_____.

3.    For representation in the court of appeals.

Answer:_____.

4.    For representation at the petition for review stage in the Supreme Court of Texas.

Answer:_____.

5.    For representation at the merits briefing stage in the Supreme Court of Texas.

Answer:_____.

6.    For representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

Answer:_____

**Presiding Juror:**

1.  When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2.  The presiding juror has these duties:

    a.  have the complete charge read aloud if it will be helpful to your deliberations;
    b.  preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;
    c.  give written questions or comments to the bailiff who will give them to the judge;
    d.  write down the answers you agree on;
    e.  get the signatures for the verdict certificate; and
    f.  notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

**Instructions for Signing the Verdict Certificate:**

1.  Unless you are told otherwise, you may answer the questions on a vote of ten jurors. The same ten jurors must agree on every answer in the charge. This means you may not have one group of ten jurors agree on one answer and a different group of ten jurors agree on another answer.

2.  If ten jurors agree on every answer, those ten jurors sign the verdict.

If eleven jurors agree on every answer, those eleven jurors sign the verdict.

If all twelve of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3.  All jurors should deliberate on every question. You may end up with all twelve of you agreeing on some answers, while only ten or eleven of you agree on other answers. But when you sign the verdict, only those ten who agree on every answer will sign the verdict.

23

4. There are some special instructions before Questions 7 and 8 explaining how to answer those questions. Please follow the instructions. If all twelve of you answer those questions, you will need to complete a second verdict certificate for those questions.

Do you understand these instructions? If you do not, please tell me now.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as Presiding Juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

MELODY WILKINSON
JUDGE PRESIDING

## Verdict Certificate

Check one:

___X___    Our verdict is unanimous. All twelve of us have agreed to each and every answer. The presiding juror has signed the certificate for all twelve of us.

JAckelyN E. Werblo
Printed Name of Presiding Juror

Signature of Presiding Juror

_____    Our verdict is not unanimous. Eleven of us have agreed to each and every answer and have signed the certificate below.

_____    Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below.

1.  NAME  BAKER                                    7.  NAME  CASTANEDA

SIGNATURE                                          SIGNATURE

2.  NAME  HOPKINS                                  8.  NAME  RIVERA

SIGNATURE                                          SIGNATURE

3.  NAME  JACKSON                                  9.  NAME  BOLTON

SIGNATURE                                          SIGNATURE

4.  NAME  WERBLO                                   10. NAME  HORNICK

SIGNATURE                                          SIGNATURE

5.  NAME  LETT                                     11. NAME  PLEASANT

SIGNATURE                                          SIGNATURE

6.  NAME  BRYSON                                   12. NAME  HARDY

SIGNATURE                                          SIGNATURE

25

## Additional Certificate

I certify that the jury was unanimous in answering the following questions. All twelve of us agreed to each of the answers. The presiding juror has signed the certificate for all twelve of us.

Question 2

| | |
|---|---|
| Spartan: | Yes |
| Peter Nguyen: | Yes |
| Thi Nguyen: | Yes |
| Larry West: | Yes |

Question 5

| | |
|---|---|
| Spartan: | Yes |
| Peter Nguyen: | Yes |
| Thi Nguyen: | Yes |
| Larry West: | Yes |

Question 7

| | |
|---|---|
| Spartan: | Yes |
| Peter Nguyen: | Yes |
| Thi Nguyen: | Yes |
| Larry West: | Yes |

Question 8

|  |  |
|---|---|
| Spartan: | Yes |
| Peter Nguyen: | Yes |
| Thi Nguyen: | Yes |
| Larry West: | Yes |

Signature of Presiding Juror          Printed Name of Presiding Juror

JAckelyn E. Weeblo

27

# EXHIBIT B

FILED
TARRANT COUNTY
12/4/2024 12:41 PM
THOMAS A. WILDER
DISTRICT CLERK

FILED
TARRANT COUNTY
12/4/2024 9:08 AM
THOMAS A. WILDER
DISTRICT CLERK

017-325961-21

## CAUSE NO. 017-325961-21

| | | |
|---|---|---|
| **VBI GROUP LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SPARTAN AUTOMOTIVE** | § | **17TH JUDICIAL DISTRICT** |
| **TECHNOLOGY PROVIDERS, INC.,** | § | |
| **PETER HOA NGUYEN, THI H.** | § | |
| **NGUYEN, AND LAWRENCE P.** | § | |
| **WEST,** | § | |
| | § | |
| **Defendants.** | § | **TARRANT COUNTY, TEXAS** |

## FINAL JUDGMENT

This case was called to trial on November 6, 2024. Plaintiff VBI Group LLC ("**VBI Group**") appeared through its attorneys of record and announced ready for trial. Defendants Spartan Automotive Technology Providers, Inc., Peter Hoa Nguyen, Thi H. Nguyen, and Lawrence West (collectively the "**Defendants**") and Intervenor Ajax Group, LLC ("**Ajax**") appeared through their attorneys and announced ready for trial.

A jury consisting of twelve (12) qualified jurors was duly impaneled and the case proceeded to trial. The trial concluded on November 15, 2024, when the Court submitted all issues of fact to the jury. The jury returned its verdict on November 18, 2024. The jury's verdict is incorporated herein for all purposes.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover from Spartan Automotive Technology Providers, Inc., Peter Hoa Nguyen, Thi H. Nguyen, and Lawrence West, joint and severally, the sum of $5,000,000.00 in actual damages relating to Defendants' misappropriation of VBI Group's trade secrets.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover $10,000,000.00 in exemplary damages against Spartan Automotive Technology Providers, Inc. for its misappropriation of trade secrets.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover $4,000,000.00 in exemplary damages against Peter Hoa Nguyen for his misappropriation of trade secrets.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover $4,000,000.00 in exemplary damages against Thi H. Nguyen for her misappropriation of trade secrets.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover $4,000,000.00 in exemplary damages against Lawrence P. West for his misappropriation of trade secrets.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover against Peter Hoa Nguyen $135,000.00 as disgorgement for his breach of fiduciary duty.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover the following attorneys' fees from Defendants in connection with VBI Group's misappropriation of trade secrets claim:

1.    $256,952.80 through trial;

2.    $18,000.00 for post-trial briefing;

3.    $43,500.00 for a successful appeal to the Fort Worth Court of Appeals;

4.    $12,750.00, if successful, to respond to a petition for review filed in the Supreme Court of Texas;

5.    $18,000.00, if successful, for full briefing ordered by the Supreme Court of Texas; and

6.      $18,000.00, if successful, in the event the Supreme Court of Texas conducts oral argument.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover $1,386,301.37 in pre-judgment interest from June 18, 2021 through December 3, 2024. Pre-judgment interest continues to accrue after December 3, 2024 at the daily rate of $1,095.89.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that the total amount of VBI Group's judgment against Defendants shall accrue post-judgment interest at the rate of 8% compounded annually from the date the Final Judgment is entered until paid in full by Defendants.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that Defendants and Ajax shall take nothing on all of their claims asserted against VBI Group.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group's costs are taxed against Defendants.

All writs and processes for enforcement of this judgment may issue as necessary.

All other relief not expressly granted herein is denied.  This judgment finally disposes of all parties and all claims and is appealable as a final judgment.

**SIGNED** this 4th day of December, 2024.

_____
Judge Presiding

**AGREED AS TO FORM:**


*/s/ Jeff Whitfield*
Jeff Whitfield
State Bar No. 24060825
jeff.whitfield@kellyhart.com
Joseph D. Austin
State Bar No. 24101470
joseph.austin@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas  76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280


*Attorneys for Plaintiff VBI Group LLC*

*/s/ Steven E. Clark with permission*
Steven E. Clark
State Bar No. 04294800
sclark@dfwlaborlaw.com
**CLARK FIRM PLLC**
5445 La Sierra Drive, Suite 415
Dallas, Texas 75231
Telephone: (214) 890-4066
Facsimile: (214) 890-4013


*Attorneys for Defendants and Intervenor*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joseph Austin on behalf of Joseph Austin
Bar No. 24101470
joseph.austin@kellyhart.com
Envelope ID: 94913611
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiff's Motion for Entry of Final Judgment
Status as of 12/4/2024 10:00 AM CST

Associated Case Party: THESPARTAN AUTOMOTIVE TECHNOLOGIES PROVIDERS INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Patrick Keating | 794074 | pkeating@keatingbrown.com | 12/4/2024 9:08:25 AM | SENT |
| Nathan DPearman | | npearman@keatingbrown.com | 12/4/2024 9:08:25 AM | ERROR |

Associated Case Party: PETERHOANGUYEN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| STEVEN ECLARK | | SCLARK@DFWLABORLAW.COM | 12/4/2024 9:08:25 AM | SENT |
| Matt Altick | | maltick@dfwlaborlaw.com | 12/4/2024 9:08:25 AM | ERROR |

Associated Case Party: THEVBI GROUP LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeff Whitfield | | jeff.whitfield@kellyhart.com | 12/4/2024 9:08:25 AM | SENT |
| Judy Collins | | judy.collins@kellyhart.com | 12/4/2024 9:08:25 AM | SENT |
| Joseph D.Austin | | joseph.austin@kellyhart.com | 12/4/2024 9:08:25 AM | SENT |
| Dana Law | | dana.law@kellyhart.com | 12/4/2024 9:08:25 AM | SENT |
| Jeff Whitfield | | JEFF.WHITFIELD@KELLYHART.COM | 12/4/2024 9:08:25 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| George MarcusFettinger | | mfettinger@grayreed.com | 12/4/2024 9:08:25 AM | SENT |
| Steven Clark | 4294800 | sclark@dfwlaborlaw.com | 12/4/2024 9:08:25 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Joseph Austin on behalf of Joseph Austin
Bar No. 24101470
joseph.austin@kellyhart.com
Envelope ID: 94913611
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiff's Motion for Entry of Final Judgment
Status as of 12/4/2024 10:00 AM CST

Case Contacts

| Steven Clark | 4294800 | sclark@dfwlaborlaw.com | 12/4/2024 9:08:25 AM | SENT |
| Jeremy Brown | 24055221 | jbrown@keatingbrown.com | 12/4/2024 9:08:25 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 94930902
Filing Code Description: No Fee Documents
Filing Description: ***Final Judgment***
Status as of 12/4/2024 1:03 PM CST

Associated Case Party: THEVBI GROUP LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeff Whitfield | | JEFF.WHITFIELD@KELLYHART.COM | 12/4/2024 12:41:13 PM | SENT |
| Jeff Whitfield | | jeff.whitfield@kellyhart.com | 12/4/2024 12:41:13 PM | SENT |
| Judy Collins | | judy.collins@kellyhart.com | 12/4/2024 12:41:13 PM | SENT |
| Joseph D.Austin | | joseph.austin@kellyhart.com | 12/4/2024 12:41:13 PM | SENT |
| Dana Law | | dana.law@kellyhart.com | 12/4/2024 12:41:13 PM | SENT |

Associated Case Party: THESPARTAN AUTOMOTIVE TECHNOLOGIES PROVIDERS INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Patrick Keating | 794074 | pkeating@keatingbrown.com | 12/4/2024 12:41:13 PM | SENT |
| Nathan DPearman | | npearman@keatingbrown.com | 12/4/2024 12:41:13 PM | ERROR |

Associated Case Party: PETERHOANGUYEN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| STEVEN ECLARK | | SCLARK@DFWLABORLAW.COM | 12/4/2024 12:41:13 PM | SENT |
| Matt Altick | | maltick@dfwlaborlaw.com | 12/4/2024 12:41:13 PM | ERROR |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| George MarcusFettinger | | mfettinger@grayreed.com | 12/4/2024 12:41:13 PM | SENT |
| Steven Clark | 4294800 | sclark@dfwlaborlaw.com | 12/4/2024 12:41:13 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 94930902
Filing Code Description: No Fee Documents
Filing Description: ***Final Judgment***
Status as of 12/4/2024 1:03 PM CST

Case Contacts

| Steven Clark | 4294800 | sclark@dfwlaborlaw.com | 12/4/2024 12:41:13 PM | SENT |
| Jeremy Brown | 24055221 | jbrown@keatingbrown.com | 12/4/2024 12:41:13 PM | SENT |