Clayton L. Everett, State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Defendant Peter Hoa Nguyen

# United States Bankruptcy Court

## Northern District of Texas
## Dallas Division

| | |
|---|---|
| In re:<br>**PETER HOA NGUYEN and**<br>**THI HONG NGUYEN,**<br><br>Debtors<br><br>**VBI GROUP LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**PETER HOA NGUYEN and**<br>**THI HONG NGUYEN,**<br><br>Defendants. | Case No. 25-33671-sgj7<br><br>Chapter 7<br><br><br><br><br><br>Adversary No. 25-03127-sgj |

## ANSWER OF DEFENDANT PETER HOA NGUYEN

Defendant Peter Hoa Nguyen ("Peter") files this original answer to the Complaint filed by VBI Group LLC ("VBI") seeking to deny the dischargeability of a judgment debt under 11 U.S.C. §§ 523(a)(4) for defalcation, embezzlement, larceny, and 523(a)(6) for willful and malicious injury.

### GENERAL DENIAL

1. Defendant Peter denies each and every allegation in VBI's Complaint except those expressly admitted herein.

## SPECIFIC RESPONSE TO ALLEGATIONS

2. Peter admits he is a debtor under the underlying bankruptcy case and that the Court has jurisdiction to determine dischargeability. Peter denies all remaining allegations and legal conclusions.

3. Peter denies that Plaintiff possessed protectable trade secrets as alleged and denies any misappropriation, misuse, or improper disclosure of proprietary information.

4. Peter denies each and every allegation of conspiracy, misuse of funds, breach of duty, intent to injure, or wrongful conduct.

5. Even if a civil conspiracy were found to exist under state law, such finding is insufficient to establish nondischargeability absent proof of Peter's personal intent and conduct under § 523.

6. Peter admits that a state-court judgment was entered but denies that the findings or conclusions therein are entitled to collateral-estoppel effect in this adversary proceeding or that such findings establish the elements required under 11 U.S.C. § 523.

7. Peter admits the allegations contain in paragraphs 29 and 30.

8. Peter denies Count One – Defalcation. Peter denies that he acted in a fiduciary capacity as that term is narrowly construed under § 523(a)(4), denies the existence of any express or technical trust, and denies any defalcation.

9. Peter denies Count Two – Embezzlement. Peter denies lawful possession of property followed by fraudulent appropriation as required to establish embezzlement.

10. Peter denies Count Three – Larceny. Peter denies any unlawful taking of property ab initio.

11. Peter denies Count Four – Willful and Malicious Injury. Peter denies any intent to cause injury to Plaintiff or its property as required under § 523(a)(6).

## FURTHER RESPONSE & AFFIRMATIVE DEFENSES

12. Without assuming the burden of proof, and to the extent applicable, Peter asserts the following defenses, including affirmative defenses:

13. **Failure to Establish Elements of § 523**. Plaintiff has failed to establish the required elements of nondischargeability as to Peter.

14. **No Fiduciary Relationship**. Plaintiff cannot establish the existence of an express or technical trust or a fiduciary relationship recognized under federal bankruptcy law.

15. **No Willful and Malicious Injury**. Plaintiff cannot establish that Peter intended the specific injury alleged.

16. **No Imputed or Vicarious Liability**. Nondischargeability cannot be imposed based on imputed, derivative, marital, or conspiracy-based liability.

17. **Collateral Estoppel Does Not Apply**. The issues decided in the state-court litigation are not identical to, nor essential to, the elements required for nondischargeability under § 523.

18. **Lack of Allocation and Severability**. Plaintiff has failed to allocate damages attributable to Peter individually.

19. **Exemplary Damages Not Nondischargeable**. Punitive or exemplary damages are not nondischargeable as to Peter absent proof of personal willful and malicious conduct.

20. **Reservation of Rights**. Peter reserves the right to assert additional defenses as appropriate.

WHEREFORE, Debtor Peter Hoa Nguyen respectfully requests the Court to deny Plaintiff's requested relief and declare the alleged debt dischargeable in whole or in part.

Respectfully submitted:

By:\_\_\_/s/ Clayton L. Everett_____
Clayton L. Everett | State Bar No. 24065212
clayton@norredlaw.com
Norred Law, PLLC
515 E. Border St.; Arlington, Texas 76010
Telephone: (817)704-3984
Attorney for Defendant Peter Hoa Nguyen

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2026, a true and correct copy of the foregoing document was served to all parties receiving notice electronically in this case via the CM/ECF system.

/s/ Clayton L. Everett
Clayton L. Everett