**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-33671-sgj7 |
| | § | |
| PETER HOA NGUYEN and THI HONG NGUYEN, | § | CHAPTER 7 |
| | § | |
| Debtors. | § | |
| | § | |
| VBI GROUP LLC, | § | ADV. PROC. NO. 25-03127-sgj |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PETER HOA NGUYEN and THI HONG NGUYEN, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES FOR PROSECUTING THIS ADVERSARY PROCEEDING, AND BRIEF IN SUPPORT THEREOF**

Defendants Peter Hoa Nguyen and Thi Hong Nguyen (together, "Defendants") move under Federal Rule of Civil Procedure 12(c), made applicable by Federal Rule of Bankruptcy Procedure 7012, for partial judgment on the pleadings on the request of Plaintiff VBI Group LLC ("VBI") for an award of the attorneys' fees it incurs in prosecuting this adversary proceeding. Compl. ¶¶ 56–58 & Prayer ¶ (c) [Doc. 1].[1]

## I. SUMMARY

1. Under the American Rule, each litigant pays its own attorneys' fees unless a statute or contract provides otherwise. The Bankruptcy Code contains no provision that shifts a creditor's

[1]A brief is required for this Motion under Local Bankruptcy Rule 7007-1(f) and is included in this document pursuant to Local Bankruptcy Rule 7007-1(d). A proposed order is attached as Exhibit A. L.B.R. 7007-1(c).

fees in a dischargeability action. VBI therefore must identify a contract or statute that authorizes the fees it seeks for this case. It identifies neither. Its only stated basis is that the "State Court Litigation authorized Plaintiff to recover its attorneys fees." Compl. ¶ 58.

2. A judgment is *not* a fee-shifting statute or contract. Courts therefore treat fees awarded in a prior state-court judgment separately from fees incurred in prosecuting a later dischargeability action, and the latter require their own statutory or contractual basis. *NF Clean v. Kakal (In re Kakal)*, 596 B.R. 335, 338–39 (Bankr. S.D. Tex. 2019); *Nat'l Diversity Council v. Carter (In re Carter)*, Adv. No. 17-03446, 2018 WL 6060391, at *41 (Bankr. S.D. Tex. Nov. 19, 2018) (alternative holding) (creditor's reliance on the same Texas fee statute that supported its state-court fee award was "misplaced" because "[t]he State Court has already awarded attorneys' fees . . . pursuant to this statute," and the statute "does not extend to this adversary proceeding because [the creditor] is suing the Debtor under §§ 523(a)(2)(A) and (a)(6)").

3. The judgment VBI relies on awarded fees only for VBI's state-law misappropriation claim, including every future stage of appeal, and denied "[a]ll other relief." Even if VBI were to invoke the fee provision of the Texas Uniform Trade Secrets Act, that provision does not reach a federal dischargeability action, and VBI's claim for fees under it has already been adjudicated and merged into the state-court judgment. Because VBI's request fails as a matter of law on the face of the pleadings, the Court should enter judgment that VBI take nothing on it.

## II.
## <u>THE PLEADINGS</u>

4. VBI obtained a Final Judgment in *VBI Group LLC v. Spartan Automotive Technology Providers, Inc., et al.*, No. 017-325961-21 (17th Dist. Ct., Tarrant Cnty., Tex.) (the "State Court Litigation"). Compl. ¶ 28 & Ex. B. The jury was asked, "What is a reasonable fee, if

any, for the necessary services of VBI's attorney for its misappropriation of trade secrets claim?" and was instructed that "[a] reasonable fee is the reasonable hours worked, *and to be worked*, multiplied by a reasonable hourly rate for that work." Compl. Ex. A, Question No. 6 (emphasis added). Consistent with the verdict, the Final Judgment awarded VBI "the following attorneys' fees from Defendants in connection with VBI Group's misappropriation of trade secrets claim": $256,952.80 through trial; $18,000 for post-trial briefing; and conditional awards for an appeal to the court of appeals and for each stage of proceedings in the Supreme Court of Texas. Compl. Ex. B at 2–3. The Final Judgment provides: "All other relief not expressly granted herein is denied." *Id.* at 3.

5. In this adversary proceeding, VBI asks the Court to hold the state-court fees nondischargeable (Prayer ¶ (b)) and, separately, to award VBI "its attorneys' fees for prosecuting this Adversary Proceeding" (Prayer ¶ (c)). VBI acknowledges that "[t]he American Rule provides that each litigant pays its own attorney's fees, win or lose, unless a statute or contract provides otherwise," and that a court may award fees for prosecuting a nondischargeability action only "if such fees are authorized under applicable state law." Compl. ¶¶ 56–57 (citations omitted). The entirety of VBI's asserted basis is this:

> Here, the Court should award Plaintiff its attorneys' fees for prosecuting this Adversary Proceeding. First, the State Court Litigation authorized Plaintiff to recover its attorneys fees, thereby making the fees authorized under applicable state law. Second, the award of attorneys' fees for prosecuting this Adversary Proceeding are on account of conduct that resulted in the nondischargeable debt because the fees incurred in prosecuting this Adversary Proceeding are related to collecting on Defendants' indebtedness to Plaintiff by way of the State Court Litigation.

6. Compl. ¶ 58. VBI does not allege any contract between VBI and either Defendant that provides for attorneys' fees, and it does not cite any statute. Defendants have answered [Docs. 6, 7], and the pleadings are closed.

## III.
## LEGAL STANDARD

7. "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam). The standard is the same as under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The Court accepts well-pleaded facts as true, but not legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The exhibits to VBI's Complaint, including the jury charge and Final Judgment, are "part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

## IV.
## ARGUMENT AND AUTHORITIES

### *A. VBI may recover fees for this case only if a statute or contract authorizes them.*

8. "Our basic point of reference when considering the award of any attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (internal quotation marks omitted). "Since the Bankruptcy Code does not address whether creditors can recover attorney's fees in nondischargeability cases, they can only do so if allowed by another statute or by contract." *Schwertner Backhoe Servs., Inc. v. Kirk (In re Kirk)*, 525 B.R. 325, 330 (Bankr. W.D. Tex. 2015) (VBI's own authority, Compl. ¶¶ 53, 57). Courts in this district have applied the same rule. *See S.P. Auto Sales, Inc. v. Benites (In re Benites)*,

Adv. No. 11-03614, 2012 WL 4793469, at *9 (Bankr. N.D. Tex. Oct. 9, 2012) (no recovery of fees in § 523 action because the relevant Texas statute did not allow fees on a fraud claim) (as described in *Kirk*, 525 B.R. at 332 n.48).

*9.* VBI's reliance on *Cohen v. de la Cruz*, 523 U.S. 213 (1998), Compl. ¶ 53, does not change this rule; *Cohen* confirms it. The creditors in *Cohen* recovered attorneys' fees only because a state statute (the New Jersey Consumer Fraud Act) expressly authorized them, and the creditors invoked that statute in their adversary complaint. 523 U.S. at 215–16. The only question the Supreme Court decided was whether those statutorily authorized fees were part of the nondischargeable debt, and it answered yes because, "[u]nder New Jersey law, the debt . . . includes treble damages and attorney's fees and costs." *Id.* at 223. *Cohen* did not hold that a creditor may recover fees without a statute or contract. As VBI's own authority explains, "*Cohen* renders properly awarded fees nondischargeable; it does not provide an independent basis for awarding fees." *Kirk*, 525 B.R. at 336; *see also Carter*, 2018 WL 6060391, at *42 (distinguishing *Cohen* where the creditor did not "cite to any Texas statute providing for an award of fees"). For the same reason, VBI's second argument—that its fees are "on account of conduct that resulted in the nondischargeable debt," Compl. ¶ 58—does not help it. That is the second of two separate requirements: fees "must be (i) allowed by statute or contract, and (ii) arise from or on account of the conduct that resulted in a nondischargeable debt." *Kakal*, 596 B.R. at 339. VBI cannot meet the first requirement, so the second never comes into play.

10. VBI's reliance on *Cohen v. de la Cruz*, 523 U.S. 213 (1998), Compl. ¶ 53, does not change this rule; *Cohen* confirms it. The fees in *Cohen* were authorized by a state statute. The creditors sought "treble damages and attorney's fees and costs pursuant to the New Jersey Consumer Fraud Act," and the bankruptcy court awarded them after finding that the debtor had

violated that Act. 523 U.S. at 215–16. The question before the Supreme Court was whether that statutory liability, which exceeded the amount the debtor had obtained by fraud, was part of the nondischargeable debt. *Id.* at 215. The Court held that it was because, "[u]nder New Jersey law, the debt . . . includes treble damages and attorney's fees and costs." *Id.* at 223. *Cohen* did not hold that a creditor may recover fees without a statute or contract. As VBI's own authority explains, "*Cohen* renders properly awarded fees nondischargeable; it does not provide an independent basis for awarding fees." *Kirk*, 525 B.R. at 336; *see also Carter*, 2018 WL 6060391, at *42 (distinguishing *Cohen* because, unlike the tenants there, the creditor did not request fees in its complaint or "cite to any Texas statute providing for an award of fees"). For the same reason, VBI's second argument—that its fees are "on account of conduct that resulted in the nondischargeable debt," Compl. ¶ 58—does not help it. That is the second of two separate requirements: fees "must be (i) allowed by statute or contract, and (ii) arise from or on account of the conduct that resulted in a nondischargeable debt." *Kakal*, 596 B.R. at 339. VBI cannot meet the first requirement, so the second is irrelevant.

***B. VBI pleads no contract and no statute; and the state-court judgment is neither.***

11. VBI's only asserted basis is that "the State Court Litigation authorized Plaintiff to recover its attorneys' fees." Compl. ¶ 58. That is a legal conclusion the Court need not accept, *Iqbal*, 556 U.S. at 678, and it is wrong on the face of the pleadings. A judgment is not a fee-shifting statute or contract. And the judgment VBI cites did not authorize future fees in other proceedings. It awarded fees "in connection with VBI Group's misappropriation of trade secrets claim," in fixed and conditional amounts tied to the trial and each stage of appeal, and it expressly denied "[a]ll other relief not expressly granted." Compl. Ex. B at 2–3. Nothing in it awards, or purports to authorize, fees for any later bankruptcy proceeding.

12. Nor does VBI's assertion that this case is "related to collecting on Defendants' indebtedness," Compl. ¶ 58, supply a basis. Where courts have shifted the fees of a dischargeability action as collection costs, they have done so because a contract expressly shifted "all costs of collection and enforcement." *Kirk*, 525 B.R. at 333 (discussing *Ward Family Found. v. Arnette (In re Arnette)*, Adv. No. 10-03062, 2011 WL 3651294 (Bankr. N.D. Tex. Aug. 18, 2011)). VBI identifies no such contract, and none exists between VBI and either Defendant.

***C. The Texas Uniform Trade Secrets Act does not authorize fees for this dischargeability action.***

13. Although VBI does not cite it, the only fee-shifting statute that could conceivably be relevant is section 134A.005 of the Texas Uniform Trade Secrets Act ("TUTSA"), which provides that "[t]he court may award reasonable attorney's fees to the prevailing party if . . . willful and malicious misappropriation exists." Tex. Civ. Prac. & Rem. Code § 134A.005(3). It does not authorize the fees VBI seeks, for two independent reasons.

14. **First**, this adversary proceeding is not a claim for misappropriation of trade secrets. It is a federal proceeding to determine whether an existing judgment debt falls within an exception to discharge under 11 U.S.C. § 523. VBI does not seek to prove misappropriation here; it seeks to prove the elements of § 523(a)(4) and (a)(6). Courts in Texas have refused to extend a state fee-shifting statute to "fees . . . incurred, not in such a suit, but rather in an action seeking a dischargeability determination in a bankruptcy court — a scenario that the cited fee-shifting statute under Texas law simply does not contemplate." *Tritt v. Tritt (In re Tritt)*, Adv. No. 12-04186, 2014 WL 1347763, at *9 (Bankr. E.D. Tex. Apr. 4, 2014) (quoted in *Kirk*, 525 B.R. at 333). *Kirk* applied the same principle, disallowing fees for the work of establishing the debtor's defalcation under § 523(a)(4) because "this aspect of what [the creditor] had to prove is an action for which the Texas legislature has not shifted fees." 525 B.R. at 336; *see also Neo Ventures, LLC v. Hamann (In re*

*Hamann)*, Adv. No. 09-01164, 2010 WL 2985887, at *7 (Bankr. W.D. Tex. July 27, 2010) (contractual fee provision inapplicable because the adversary proceeding was "not an action to collect upon the notes") (as quoted in *Kirk*, 525 B.R. at 332). The work of proving willful and malicious injury, embezzlement, larceny, or defalcation under the Bankruptcy Code is not work on a TUTSA claim.

15. **Second**, VBI's claim to TUTSA fees has already been adjudicated and merged into the Final Judgment. The jury determined VBI's reasonable fees for its misappropriation claim for "hours worked, and to be worked," through every stage of appeal, and the state court entered judgment on those amounts and denied all other relief. Compl. Ex. A, Question No. 6; Compl. Ex. B at 2–3. Under Texas law, res judicata "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). VBI cannot obtain a second fee award on the same TUTSA claim from this Court. Unlike the creditor in *Kirk*, who was still establishing its underlying claim in the bankruptcy court and could recover fees for that work under a Texas statute, 525 B.R. at 333–36, VBI has nothing left to establish under TUTSA.

### ***D. Partial judgment on the pleadings is appropriate at this juncture.***

16. Whether VBI has a legal basis for its fee request is a pure question of law that turns only on the Complaint and its exhibits. Resolving it now will narrow the issues for trial, avoid discovery and testimony on the reasonableness of fees that cannot be awarded, and end an open-ended request that grows with every hour VBI litigates. This Motion does not seek a ruling on VBI's separate request regarding the fees awarded in the State Court Litigation (Prayer ¶ (b)), which Defendants contest on other grounds.

## V.
## PRAYER

Defendants respectfully pray that the Court grant this Motion; enter partial judgment on the pleadings that VBI take nothing on its request for attorneys' fees for prosecuting this adversary proceeding (Compl. ¶¶ 56–58 & Prayer ¶ (c)); and grant Defendants such other and further relief to which they may be justly entitled.

Respectfully submitted,

**MARSHALL PRESLEY & PIPAL, PLLC**

/s/ *Justin A. Kahl*
Andrew B. Russell
State Bar No. 24034661
russell@mpplegal.com
Justin A. Kahl
State Bar No. 24136615
kahl@mpplegal.com
1211 S. White Chapel Blvd.
Southlake, Texas 76092
(214) 281-3314 (Telephone)
(214) 281-3315 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**
**PETER HOA NGUYEN AND**
**THI HONG NGUYEN**

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2026, a true and correct copy of the foregoing Motion for Partial Judgment on the Pleadings and Brief in Support, together with the proposed order, was served via the Court's CM/ECF electronic filing system on all parties registered to receive electronic notice in this adversary proceeding, including the following counsel for Plaintiff VBI Group LLC:

Jeff Whitfield (jeff.whitfield@kellyhart.com)
Joseph D. Austin (joseph.austin@kellyhart.com)
Harrison A. Pavlasek (harrison.pavlasek@kellyhart.com)
Kelly Hart & Hallman LLP

/s/ *Justin A. Kahl*
Justin A. Kahl

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-33671-sgj7 |
| | § | |
| PETER HOA NGUYEN and THI HONG NGUYEN, | § | CHAPTER 7 |
| | § | |
| Debtors. | § | |
| | § | |
| VBI GROUP LLC, | § | ADV. PROC. NO. 25-03127-sgj |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PETER HOA NGUYEN and THI HONG NGUYEN, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES FOR PROSECUTING THIS ADVERSARY PROCEEDING**

On this day came on for consideration *Defendants' Motion for Partial Judgment on the Pleadings on Plaintiff's Request for Attorneys' Fees for Prosecuting This Adversary Proceeding, and Brief in Support* (the "Motion") filed by Defendants Peter Hoa Nguyen and Thi Hong Nguyen (together, "Defendants"). Having considered the Motion, any response and reply, the pleadings, the arguments of counsel, and the applicable law, the Court finds that the Motion is well taken and should be granted. It is therefore **ORDERED** that the Motion is **GRANTED.**

It is further **ORDERED** that Plaintiff VBI Group LLC shall take nothing on its request for an award of attorneys' fees for prosecuting this adversary proceeding.

It is further **ORDERED** that this Order does not adjudicate Plaintiff's request regarding the attorneys' fees awarded in the state-court litigation, or any other claim in this proceeding.

SIGNED this _____ day of _______________, 2026.

___________________________________
JUDGE PRESIDING