Jeff Whitfield
State Bar No. 24060825
jeff.whitfield@kellyhart.com
Joseph D. Austin
State Bar No. 24101470
joseph.austin@kellyhart.com
Harrison A. Pavlasek
State Bar No. 24126906
harrison.pavlasek@kellyhart.com
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

*Attorneys for VBI Group LLC,*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-33671-sgj7 |
| PETER HOA NGUYEN and | § | |
| THI HONG NGUYEN | § | |
| | § | CHAPTER 7 |
| DEBTORS | § | |
| | § | |
| VBI GROUP LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. PROC. NO. 25-03127-sgj |
| | § | |
| PETER HOA NGUYEN and | § | |
| THI HONG NGUYEN, | § | |
| | § | |
| Defendants | § | |

## VBI GROUP LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, VBI Group LLC ("Plaintiff" or "VBI"), through its undersigned counsel, hereby files this *Motion for Partial Summary Judgment* (the "Motion") on the *Complaint* [Docket No. 1] (the "Complaint") against Peter Hoa Nguyen ("Peter") and Thi H. Nguyen ("Thi" and with Peter, the "Defendants"). Specifically, Plaintiff seeks summary judgment on its Counts 1–4, non-

dischargeability claims for: (i) defalcation while acting in a fiduciary capacity as asserted against Peter (Count 1); (ii) embezzlement as asserted against Peter (Count 2); (iii) larceny as asserted against Defendants (Count 3); and (iv) willful and malicious injury as asserted against both Defendants (Count 4). As set forth in Plaintiff's *Brief of Law* (the "Brief"),[1] filed contemporaneously herewith, all issues relevant to non-dischargeability under section 523(a)(4) and (6) of the Bankruptcy Code have previously been fully and fairly litigated between the parties and a final determination in favor of Plaintiff was made in state court. As a result, Plaintiff is entitled to summary judgment as a matter of law, pursuant to Rule 56 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure.[2]

## JURISDICTION AND VENUE

1. The above-captioned adversary proceeding (the "Adversary Proceeding") is a proceeding arising in a case under title 11 of the United States Code (the "Bankruptcy Code"). This Court has jurisdiction over the above-captioned bankruptcy case (the "Bankruptcy Case") pursuant to 28 U.S.C. § 1334(a). The Bankruptcy Case and this Adversary Proceeding have been referred to this Court by the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc, dated August 3, 1984*. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409.

[1] Capitalized terms used herein but not otherwise defined shall have the meaning given to them in the Brief.

[2] Plaintiff is not moving for summary judgment on its claim for attorneys' fees and related costs for prosecuting this Adversary Proceeding, which issues were not previously determined in state court.

## BASIS FOR RELIEF

1. Plaintiff files its Motion and Brief pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Federal Rules") as made applicable to the above-captioned adversary proceeding (the "Adversary Proceeding") by Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7056-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

## PRELIMINARY STATEMENT[3]

2. The Court should summarily enter judgment in favor of Plaintiff on Counts 1–4, since the summary judgment evidence conclusively establishes that the debts owed to Plaintiff by Defendants are non-dischargeable as a matter of law. To prevail under section 523(a)(4) of the Bankruptcy Code, Plaintiff must show defalcation while acting in a fiduciary capacity, embezzlement, or larceny. *See* 11 U.S.C. § 523(a)(4). To prevail under section 523(a)(6) of the Bankruptcy Code, Plaintiff must show a willful and malicious injury. *See* 11 U.S.C. § 523(a)(6). Simply put, there are no genuine issues of material fact, as the issues relevant for a determination of non-dischargeability were fully and finally determined in a prior state court suit between the same parties.

3. Case law is clear: where there is a final judgment issuing from a court of competent jurisdiction—in this case, the 17th Judicial District Court of Tarrant County, Texas—the doctrines of collateral estoppel and issue preclusion prevent Defendants from attempting to relitigate the same issues with the same parties before this Court. Specifically, the debts owed to Plaintiff have been conclusively determined by the State Court to be a result of Defendants' willful and malicious

[3] Each of the required contents provided for in Local Rule 7056-1 shall be addressed in further detail in Plaintiff's Brief.

misappropriation of Plaintiff's trade secret with malice and Peter's breach of fiduciary duties. Accordingly, based on those findings, this Court should find that the debts Defendants owe to Plaintiff are non-dischargeable under section 523(a)(4) and (6) of the Bankruptcy Code.

## ACCOMPANYING BRIEF AND APPENDIX

4. This Motion is accompanied by the Brief, which cites the legal basis under which this Motion should be granted. The Brief is also accompanied by Plaintiff's *Appendix in Support of the Motion for Partial Summary Judgment* (the "Appendix"), which provides support for the undisputed facts upon which the Motion is brought.

## REQUEST FOR RELIEF

5. WHEREFORE, Plaintiff therefore requests that the Court enter judgment as a matter of law determining:

a. that Peter's debt to Plaintiff for defalcation while acting in a fiduciary capacity, including the $135,000 awarded as disgorgement for his breach of fiduciary duties, is excepted from his discharge under section 523(a)(4) of the Bankruptcy Code;

b. that Defendants' debt to Plaintiff for willful and malicious injury, including the $5,000,000 in actual damages for which Defendants are jointly and severally liable, is excepted from their discharge under section 523(a)(6) of the Bankruptcy Code;

c. that Peter's debt to Plaintiff for embezzlement, including the $5,000,000 in actual damages for which Defendants are jointly and severally liable, is excepted from his discharge under section 523(a)(4) of the Bankruptcy Code;

d. that Defendants' debt to Plaintiff for larceny, including the $5,000,000 in actual damages for which Defendants are jointly and severally liable, is excepted from their discharge under section 523(a)(4) of the Bankruptcy Code;

e. that the exemplary damages of $4,000,000 awarded against each of Peter and Thi, the attorneys' fees awarded to Plaintiff in the amount of $256,952.80, the pre-judgment interest in the amount of $1,386,301.37, the post-judgment interest awarded to Plaintiff, and the costs taxed against Defendants in the amount of $7,223.35 in the State Court Litigation are likewise excepted from Defendants' discharge; and

f. such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: November 24, 2026

Respectfully submitted,

*/s/ Harrison A. Pavlasek*
Jeff Whitfield
State Bar No. 24060825
jeff.whitfield@kellyhart.com
Joseph D. Austin
State Bar No. 24101470
joseph.austin@kellyhart.com
Harrison A. Pavlasek
State Bar No. 24126906
harrison.pavlasek@kellyhart.com
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

*Attorneys for VBI Group LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2026, I caused a true and correct copy of the foregoing, along with the Brief and Appendix, to be served on the Court's CM/ECF system on all parties requesting such service and on the following:

Peter Hoa Nguyen and Thi Hong Nguyen
c/o Marshall Presley & Pipal PLLC
Attn: Andrew Russell and Justin Kahl
russell@mpplegal.com
kahl@mpplegal.com

*/s/ Harrison A. Pavlasek*
Harrison A. Pavlasek