Jeff Whitfield
State Bar No. 24060825
jeff.whitfield@kellyhart.com
Joseph D. Austin
State Bar No. 24101470
joseph.austin@kellyhart.com
Harrison A. Pavlasek
State Bar No. 24126906
harrison.pavlasek@kellyhart.com
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

*Attorneys for VBI Group LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-33671-sgj7 |
| PETER HOA NGUYEN and | § | |
| THI HONG NGUYEN | § | |
| | § | CHAPTER 7 |
| DEBTORS | § | |
| | § | |
| VBI GROUP LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. PROC. NO. 25-03127-sgj |
| | § | |
| PETER HOA NGUYEN and | § | |
| THI HONG NGUYEN, | § | |
| | § | |
| Defendants | § | |

# VBI GROUP LLC'S BRIEF OF LAW IN SUPPORT OF THE MOTION FOR PARTIAL SUMMARY JUDGMENT

## TABLE OF CONTENTS

**Page**

**I. BACKGROUND** .......... 1

**II. SUMMARY JUDGMENT EVIDENCE** .......... 4

**III. UNDISPUTED FACTS** .......... 4

**IV. ARGUMENTS AND AUTHORITIES** .......... 9

**A. There are no Genuine Issues of Material Fact under the Summary Judgment Standard.** .......... 9

**B. Collateral Estoppel is Applicable to this Adversary Proceeding and May Serve as the Basis for Granting Summary Judgment.** 11

**C. Texas Law for Issue Preclusion Applied in this Adversary Proceeding Supports that Defendants' Debt to Plaintiff should not be Discharged.** 12

***i. The Material Facts Relevant to this Adversary Proceeding have actually been Litigated to Finality in the State Court Litigation.*** .......... 13

***ii. The Material Facts under Section 523(a)(4) and (6) were Essential to the Final Judgment in the State Court Litigation.*** .......... 14

***a. Peter Defalcated Plaintiff While Acting in a Fiduciary Capacity as Required under Section 523(a)(4) of the Bankruptcy Code.*** ...... 14

***1. Peter served Plaintiff in a Fiduciary Capacity.*** .......... 15

***2. Peter Defalcated Plaintiff while in his Fiduciary Capacity.*** .......... 17

***b. Defendants Willfully and Maliciously Injured Plaintiff in Accordance with Section 523(a)(6) of the Bankruptcy Code by Misappropriating Plaintiff's Trade Secret.*** .......... 18

***c. Peter Embezzled Plaintiff and both Defendants Committed a Larceny against Plaintiff when They Misappropriated Plaintiff's Trade Secret.*** .......... 22

***d. Plaintiff is Entitled to its Fees, Costs, and Other Damages.*** ...... 25

***iii. Both Plaintiff and Defendants in this Adversary Proceeding were Cast as Adversaries in the State Court Litigation.*** .......... 27

**V. CONCLUSION** .......... 28

## TABLE OF AUTHORITIES


**Page(s)**

**Federal Cases**

*Amberson v. McAllen (In re Amberson)*,
73 F.4th 348 (5th Cir. 2023) ....................11

*American Metals Corp. v. Cowley (In re Cowley)*,
35 B.R. 526 (Bankr. D. Kan. 1983) ....................16

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)....................9, 10

*Assurance Systems Corp. v. Jackson (In re Jackson)*,
141 B.R. 909, 915–16 (Bankr. N.D. Tex.1992)....................16

*Blanks v. Ford Motor Credit*,
No. 3:04CV0331B, 2005 WL 991241 (N.D. Tex. Apr. 20, 2005), *aff'd*, 202 F. App'x 664 (5th Cir. 2006)....................10

*Bullock v. BankChampaign, N.A.*,
569 U.S. 267 (2013)....................17

*Calbillo v. Cavender Oldsmobile, Inc.*,
288 F.3d 721 (5th Cir. 2002) ....................10

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)....................10

*Cohen v. de la Cruz*,
523 U.S. 213 (1998)....................25, 26

*Coston v. Bank of Malvern (In re Coston)*,
991 F.2d 257, 259 (5th Cir. 1993) ....................25

*ETRG Invs., LLC v. Hardee (In re Hardee)*,
2013 Bankr. LEXIS 949 (Bankr. E.D. Tex. Mar. 14, 2013) ....................16, 17

*Fire Safe Prot. Servs. v. Ayesh (In re Ayesh)*,
465 B.R. 443 (Bankr. S.D. Tex. 2011) ....................12

*Gober v. Terra+Corp. (In re Gober)*,
100 F.3d 1195 (5th Cir. 1996) ....................25

*Grogan v. Garner*,
498 U.S. 279 (1991)....................11, 25

*Gupta v. E. Idaho Tumor Inst., Inc. (In re Gupta)*,
394 F.3d 347 (5th Cir. 2004) ....................15

*Happy Hollow Ranch, LP v. Howley (In re Howley)*,
Nos. 23-31029-sgj7, 23-03068-sgj, 2024 Bankr. LEXIS 260 (Bankr. N.D. Tex. Feb. 2, 2024) ....................11, 12, 13, 15, 26, 27

*Helvetia Asset Recovery, Inc. v. Kahn (In re Kahn)*,
533 B.R. 576 (Bankr. W.D. Tex. 2015)....................25, 26

*In re Jordan*,
927 F.2d 221 (5th Cir. 1991) ....................25

*In re Martin*,
761 F.2d 1163 (6th Cir. 1985) ....................25

*In re Peter Hoa Nguyen and Thi Hong Nguyen*,
Case No. 25-33671-sgj7 (Bankr. N.D. Tex. Sept. 22, 2025) ....................3

*In re Wells*,
368 B.R. 506 (Bankr. M.D. La. 2006) ....................22, 23

*Kawaauhau v. Geiger*,
523 U.S. 57 (1998)....................18, 19

*Ketelhut v. Allen (In re Allen)*,
Nos. 22-20178-rlj7, 22-02005, 2025 Bankr. LEXIS 154 (Bankr. N.D. Tex. Jan. 27, 2025)..22, 23

*Kremer v. Chem. Constr. Corp.*,
456 U.S. 461 (1982)....................12

*Macris v. Saxton (In re Jerry Dean Saxton Katie Elizabeth Saxton Am. Equities Mgmt., LLC)*,
2011 Bankr. LEXIS 2256 (Bankr. N.D. Tex. June 8, 2011)....................15, 16

*Madison v. Williamson*,
410 B.R. 481 (S.D. Tex. 2008) ....................19, 20, 21

*Miller v. J.D. Abrams Inc. (In re Miller)*,
156 F.3d 598 (5th Cir. 1998) ....................19, 21, 22

*Miller v. Lewis (In re Miller)*,
307 F. App'x 785 (5th Cir. 2008) ....................12

*Mincey v. Hudson (In re Hudson)*,
677 B.R. 108 (Bankr. E.D. Tenn. 2025) ....................24

*Montana v. U.S.*,
440 U.S. 147 (1979) ........ 11

*Moreno v. Ashworth (In re Moreno)*,
892 F.2d 417 (5th Cir. 1990) ........ 17, 18

*Parsons Steel, Inc. v. First Ala. Bank*,
474 U.S. 518 (1986) ........ 12

*Schiro v. Farley*,
510 U.S. 222 (1994) ........ 11

*Schwager v. Fallas (In re Schwager)*,
121 F.3d 177 (5th Cir. 1997) ........ 15

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
531 U.S. 497 (2001) ........ 12

*Shcolnik v. Rapid Settlements Ltd. (In re Shcolnik)*,
670 F.3d 624 (5th Cir. 2012) ........ 15

*Sheerin v. Davis (In re Davis)*,
3 F.3d 113 (5th Cir. 1993) ........ 13

*Shimon v. Sewerage & Water Bd. of New Orleans*,
565 F.3d 195 (5th Cir. 2009) ........ 12

*Smith v. Hayden (In re Hayden)*,
248 B.R. 519 (Bankr. N.D. Tex. 2000) ........ 22

*Source, Inc. v. SourceOne, Inc.*,
No. 3:05CV1414G, 2006 WL 2381594 (N.D. Tex. Aug. 16, 2006) ........ 10

*Stewart v. Murphy*,
174 F.3d 530 (5th Cir.), *cert. denied*, 528 U.S. 906 (1999) ........ 10

*Tucker v. Cross (In re Cross)*,
Adv. No. 08-5029, 2009 WL 981900 (Bankr. E.D. Tenn. Apr. 13, 2009) ........ 24

*Upshur v. Briscoe*,
138 U.S. 365 (1891) ........ 15

*Vector Aerospace Engine Servs.-Atl. v. Mason (In re Mason)*,
Nos. 15-50754, 16-05002, 2017 Bankr. LEXIS 1188 (Bankr. W.D.N.C. May 1, 2017) ........ 26

*Vrana v. Thornhill (In re Thornhill)*,
Nos. 19-20005, 19-2001, 2019 Bankr. LEXIS 3052 (Bankr. E.D. Tex. Sep. 30, 2019) .. 11, 12, 13

*Ward Family Found. v. Arnette (In re Arnette)*,
454 B.R. 663 (Bankr. N.D. Tex. 2011) .......... 19

*Whitaker v. Moroney Farms Homeowners' Ass'n (In re Whitaker)*,
642 F. App'x 345 (5th Cir. 2016) .......... 14, 15, 17

**State Cases**

*Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*,
500 S.W.3d 26 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) .......... 13, 14

*Eagle Props., Ltd. v. Scharbauer*,
807 S.W.2d 714 (Tex. 1990) .......... 27

*John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*,
90 S.W.3d 268 (Tex. 2002) .......... 13

*Tenet Health Sys. Hosps. Dall., Inc. v. N. Tex. Hosp. Physicians Grp., P.A.*,
438 S.W.3d 190 (Tex. App.—Dallas 2014, no pet.) .......... 14, 27

**Federal Statutes**

11 U.S.C. § 523 .......... 14, 19, 22

28 U.S.C. § 1738 .......... 12

**Federal Rules**

FED. R. BANKR. P. 7056 .......... 9

FED. R. CIV. P. 56(a) .......... 9

**Other Authorities**

RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982) .......... 14

3 COLLIER ON BANKRUPTCY ¶ 523.14(3) (15th ed. 1981) .......... 22

4 COLLIER ON BANKRUPTCY ¶ 523.10[2] (15th ed. 1998) .......... 22

Plaintiff, VBI Group LLC ("Plaintiff' or "VBI"), through its undersigned counsel, hereby files this *Brief of Law* ("Brief") in support of its *Motion for Partial Summary Judgment* (the "Motion"), filed, contemporaneously herewith, against Peter Hoa Nguyen ("Peter") and Thi H. Nguyen ("Thi" and with Peter, the "Defendants"), seeking partial summary judgment on the *Complaint* [Docket No. 1] (the "Complaint") for defalcation while acting in a fiduciary capacity as asserted against Peter (Count 1 of the Complaint); embezzlement as asserted against Peter (Count 2 of the Complaint); larceny as asserted against Defendants (Count 3 of the Complaint); and willful and malicious injury as asserted against both Defendants (Count 4 of the Complaint) since each of the essential facts relevant to the issues for dischargeability under section 523(a)(4) and (6) of the Bankruptcy Code has been fully litigated and a final determination on each fact issue was reached in favor of Plaintiff in the State Court Litigation. In further support, Plaintiff respectfully submits the following:

## I. BACKGROUND

1. Plaintiff designs and develops highly sophisticated software solutions, combined with innovative hardware/software platforms and car GPS trackers, that provide its customers with state-of-the-art telematics to monitor, protect, and optimize mobile assets throughout the United States. This technology consists of GPS technology, the source code, the architecture of the technology, the structure of the technology, the components, and the design of the technology, including both proprietary and non-proprietary elements (the "GPS Telematics System" or "Trade Secret"). *See* Complaint, p. 5, ¶¶ 7–9.

2. In 2018, Peter was employed to handle Plaintiff's information technology. Initially, Peter and Lawrence P. West ("West"—another defendant in the State Court Litigation (as defined below)) were expected to help run and grow Plaintiff's business. However, Peter and West did the

opposite. Instead, Peter and West, along with Thi and Spartan Automatic Technology Providers, Inc. ("Spartan"), conspired to steal and misappropriate Plaintiff's GPS Telematics System and interfere with Plaintiff's existing and prospective business relationships through Spartan, as a newly formed entity. *See* Complaint pp. 5–6, ¶¶ 10–13; *see also* Complaint p. 7, ¶ 19.

3. These defendants intentionally engaged in wrongful conduct purposefully designed to damage Plaintiff, including (i) stealing Plaintiff's highly valuable GPS Telematics System; (ii) Peter breaching his fiduciary duties to Plaintiff as a corporate officer, including development of a new business entity—Spartan—to compete with Plaintiff; (iii) using Plaintiff's GPS Telematics System in connection with this new business; (iv) attempting to solicit Plaintiff's employees and customers; and (v) publishing disparaging comments about Plaintiff to third parties. *See* Complaint, p. 8, ¶¶ 23–25.

4. Consequently, Plaintiff filed its *Plaintiff's Original Petition* (the "State Court Petition") against Peter, Thi, and others on June 18, 2021, in the 17th Judicial District Court of Tarrant County, Texas (the "State Court"), thereby initiating litigation styled *VBI Group, LLC v. Spartan Automatic Technology Providers, Inc., Peter Hoa Nguyen, Thi H. Nguyen, and Lawrence P. West*, Cause No. 017-325961-21 (the "State Court Litigation"), primarily related to the misappropriation of Plaintiff's GPS Telematics System. Specifically, Plaintiff asserted the following:

a. Violation of the Texas Uniform Trade Secrets Act against all defendants (including Peter and Thi);

b. Breach of Fiduciary Duties against Peter and West;

c. Business Disparagement against Peter and West;

d. Tortious Interference with Prospective Relationships against all defendants (including Peter and Thi);

e. Tortious Interference with Existing Contracts against all defendants (including Peter and Thi);

f. Conspiracy against all defendants (including Peter and Thi);

g. Exemplary Damages against all defendants (including Peter and Thi) for their willful and malicious misappropriation of VBI's Trade Secret; and

h. VBI's attorneys' fees under section 134A.005 of the Texas Civil Practice and Remedies Code against all defendants (including Peter and Thi) for their willful and malicious misappropriation of VBI's Trade Secret.

*See* Complaint, p. 8, ¶ 26.

5. The State Court Litigation proceeded to trial on November 6, 2024, with a twelve-person jury (the "Jury"). The trial concluded on November 15, 2024, and the Jury rendered its verdict (the "Jury Verdict") on November 18, 2024, unanimously ruling in Plaintiff's favor on all counts and specifically finding that the defendants (including Peter and Thi) misappropriated Plaintiff's Trade Secret and Peter breached fiduciary duties owed to Plaintiff while serving as its corporate officer. The State Court rendered its *Final Judgment* (the "Final Judgment") on December 4, 2024, incorporating the Jury Verdict for all purposes. *See* Complaint, pp. 8–9, ¶¶ 27–28.

6. On September 22, 2025 (the "Petition Date"), Peter and Thi filed a joint voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). *See In re Peter Hoa Nguyen and Thi Hong Nguyen*, Case No. 25-33671-sgj7 (Bankr. N.D. Tex. Sept. 22, 2025) (the "Bankruptcy Case"); *see also* Complaint, p. 9, ¶ 29.

7. Plaintiff initiated this Adversary Proceeding on December 23, 2025, asserting four Counts seeking to have its debt excepted from Peter's and Thi's bankruptcy discharge based on the prior State Court Litigation and Final Judgment and resulting damages.

## II. SUMMARY JUDGMENT EVIDENCE[1]

8. In addition to the dockets in this Adversary Proceeding and the Bankruptcy Case, Plaintiff relies upon and incorporates by reference, as if fully set forth herein, the following in support of the Motion and Brief:

a. the State Court Petition. *See Appendix in Support of the Motion for Partial Summary Judgment* ("App'x") at pp. 1–14;

b. the State Court's Final Judgment. *See* App'x at pp. 15–22;

c. the Jury Verdict. *See* App'x at pp. 23–51;

d. the Docket from the State Court Litigation as of November 12, 2026. *See* App'x at pp. 52–68; and

e. Declaration of Mark A. Cooper. *See* App'x pp. 69–79.

9. As reflected below, this summary judgment evidence establishes that there is no genuine issue of material fact in dispute and Plaintiff is entitled to summary judgment as a matter of law on Counts 1–4 of the Complaint.

## III. UNDISPUTED FACTS

10. Plaintiff filed the State Court Petition against Defendants on June 18, 2021. App'x pp. 1–14 (State Court Petition).

11. In the State Court Petition, Plaintiff alleged, among other causes of action, a claim for misappropriation of trade secret under the Texas Uniform Trade Secrets Act against Defendants, *see* App'x pp. 8–9 (State Court Petition, Count 1), and breach of fiduciary duty against Peter. *See* App'x pp. 9–10 (State Court Petition, Count 2).

12. Trial in the State Court Litigation commenced on November 6, 2024, and concluded on November 15, 2024. App'x p. 15 (Final Judgment).

---

[1] Plaintiff requests, to the extent necessary, that the Court take judicial notice of these documents from the State Court Litigation.

13. The Jury rendered the Jury Verdict on November 18, 2024. App'x p. 15 (Final Judgment).

14. The State Court issued its Final Judgment on December 4, 2024. *See* App'x p. 17 (Final Judgment).

15. The Final Judgment incorporated the Jury Verdict for all purposes. App'x p. 15 (Final Judgment).

16. The Jury instructions included that the term GPS Telematics System includes "VBI's GPS technology, the source code, the architecture of the technology, the structure of the technology, the components, or the design of the technology, which includes both proprietary and non-proprietary elements." App'x p. 26, ¶ 8 (Jury Verdict, Definitions).

17. The Final Judgment incorporates the Jury Verdict finding that Plaintiff owns a trade secret in the GPS Telematics System, meaning that the GPS Telematics System "(1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information; and (2) is the subject of reasonable measures by the owner under the circumstances to maintain its secrecy." App'x p. 27 (Jury Verdict, Question 1).

18. In the Jury Verdict, the Jury made the following findings:

a. Defendants misappropriated Plaintiff's Trade Secret. App'x p. 28 (Jury Verdict, Question 2).

b. The sum of money if paid to Plaintiff to fairly and reasonably compensate Plaintiff for such misappropriation is $5,000,000, consisting of development costs that Defendants saved by their misappropriation. App'x p. 29 (Jury Verdict, Question 3).

c. Defendants conspired to damage Plaintiff, meaning Defendants had knowledge of, agreed to, and intended a common objective or course of action that resulted in damages to Plaintiff through their misappropriation of Plaintiff's Trade Secret. App'x p. 30 (Jury Verdict, Question 4).

d. Defendants' misappropriation was "willful and malicious," meaning Defendants' misappropriation was an intentional misappropriation resulting from the conscious disregard of the rights of Plaintiff as the owner of the Trade Secret. App'x p. 31 (Jury Verdict, Question 5).

e. Plaintiff incurred $256,952.80 in reasonable attorneys' fees for prosecuting its claim for misappropriation of Plaintiff's Trade Secret through trial. App'x p. 32 (Jury Verdict, Question 6).

f. Clear and convincing evidence established that Defendants willfully and maliciously misappropriated Plaintiff's Trade Secret with "malice," meaning that the Jury found by a measure or degree of proof that produces a firm belief or conviction of the truth of the allegations of Defendants' misappropriation that Defendants had a specific intent to cause substantial harm to Plaintiff when they misappropriated Plaintiff's Trade Secret. App'x p. 33 (Jury Verdict, Question 7).

g. The sum of money to be assessed against Defendants for their misappropriation is $4,000,000 for Peter and $4,000,000 for Thi. App'x p. 34 (Jury Verdict, Question 8).

h. The Jury found that while Peter served as technology director, he was a corporate officer of Plaintiff. App'x p. 37 (Jury Verdict, Question 11).

i. Peter, while in this capacity, failed to comply with his fiduciary duties to Plaintiff to (i) not divulge Plaintiff's Trade Secret during his employment; (ii) act in Plaintiff's best interests; and (iii) not to use Plaintiff's confidential information acquired during his employment in a manner adverse to Plaintiff. App'x p. 38 (Jury Verdict, Question 12).

j. The sum of money if paid to Plaintiff to fairly and reasonably compensate Plaintiff for such failure is $135,000, consisting of the salary Peter received from Plaintiff attributable to his wrongdoing. App'x p. 39 (Jury Verdict, Question 13).

19. The State Court's Final Judgment determined that:

a. Defendants are jointly and severally liable to Plaintiff in the sum of $5,000,000 for Defendants' misappropriation of Plaintiff's Trade Secret. App'x p. 15 (Final Judgment).

b. Plaintiff shall have and recover $4,000,000 from Peter and $4,000,000 from Thi in exemplary damages from their misappropriation of Plaintiff's Trade Secret. App'x p. 16 (Final Judgment).

c. Plaintiff shall have and recover $135,000 from Peter as disgorgement for his breach of fiduciary duties to Plaintiff. App'x p. 16 (Final Judgment).

d. Plaintiff shall recover its attorneys' fees from Defendants in connection with Defendants' misappropriation of Plaintiff's Trade Secret in the amount of $256,952.80 through trial. App'x p. 16 (Final Judgment).

e. Plaintiff shall recover its pre-judgment interest in the amount of $1,386,301.37 from June 18, 2021, through December 3, 2024. App'x p. 17 (Final Judgment).

f. The total amount of Plaintiff's judgment against Defendants shall accrue post-judgment interest at a rate of 8% compounded annually from the date the Final Judgment is entered until paid in full by Defendants. App'x p. 17 (Final Judgment).

g. Plaintiff's costs are taxed against Defendants, App'x p. 17 (Final Judgment), with such costs being in the amount of $7.223.35. *See* App'x pp. 70–71 (Cooper Declaration).

h. "This judgment finally disposes of all parties and all claims and is appealable as a final judgment." App'x p. 17 (Final Judgment).

20. The Final Judgment was not appealed. App'x pp. 52–68 (Docket from the State Court Litigation).

21. The following chart summarizes the specific amounts Defendants are liable to Plaintiff for the damages they caused Plaintiff as of the Petition Date under the Final Judgment:

| **Description of Amounts Awarded to Plaintiff** | **Peter** | **Thi** |
|---|---|---|
| Actual Damages: | $5,000,000 | $5,000,000 |
| Exemplary Damages: | $4,000,000 | $4,000,000 |
| Disgorgement for Breach of Fiduciary Duty: | $135,000 | N/A |
| Attorneys' Fees through Trial: | $256,952.80 | $256,952.80 |
| Pre-judgment Interest: | $1,386,301.37 | $1,386,301.37 |
| Costs: | $7,223.35 | $7,223.35 |
| Post-judgment Interest at 8% Compounded Annually[2] | $640,863.87 | $632,842.29 |
| **Total:** | **$11,426,341.39** | **$11,283,319.81** |

[2] Plaintiff reserves the right to amend this amount to include post-judgment interest, which continues to accrue at an interest rate of 8% compounded annually.

22. Plaintiff filed the Adversary Proceeding against Defendants on December 23, 2025. *See* Complaint.

23. Plaintiff is a creditor of Defendants. *See* Proof of Claim No. 11-1 filed in the Bankruptcy Case.

## IV. ARGUMENTS AND AUTHORITIES[3]

24. The parties have previously litigated and the State Court in its Final Judgment has determined all material facts necessary to establish every element of Plaintiff's claims against Defendants in this Adversary Proceeding. As a result, Defendants are barred based on collateral estoppel from relitigating these factual findings before this Court. Accordingly, there is no genuine issue of material fact that Defendants acted with the requisite intent and capacity with respect to each unlawful act against Plaintiff as alleged in Counts 1–4 of the Complaint. Therefore, Plaintiff is entitled to entry of judgment in its favor on each and every Count as a matter of law determining that Defendants' debts to Plaintiff, together with the associated exemplary damages, attorneys' fees, interest, and costs as articulated in the Final Judgment, are excepted from discharge under section 523(a)(4) and (6) of the Bankruptcy Code.

### A. There are no Genuine Issues of Material Fact under the Summary Judgment Standard.

25. Summary judgment should be granted when, as here, the summary judgment record establishes that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a) (the "Federal Rules") as made applicable herein by FED. R. BANKR. P. 7056 (the "Bankruptcy Rules"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Summary judgment is appropriate when "the pleadings, depositions,

---

[3] As part of the section for Arguments and Authorities, citations to the Appendix are contained in footnotes.

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson*, 477 U.S. at 248. Only disputes about material facts will preclude the granting of a summary judgment. *Anderson*, 477 U.S. at 248.

26. The movant bears the initial burden of establishing that there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 256. After the movant meets its burden, the non-movant must set forth specific facts showing there is a genuine issue of fact for trial. *Anderson*, 477 U.S. at 248. The burden is on the non-movant to make a showing sufficient to establish an issue of fact for each element as to which that party will have the burden of proof at trial. *Celotex*, 477 U.S. at 322. The mere existence of a scintilla of evidence in support of the non-movant's position is insufficient to preclude summary judgment. *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir.), *cert. denied*, 528 U.S. 906 (1999). Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002); *Blanks v. Ford Motor Credit*, No. 3:04CV0331B, 2005 WL 991241, at *3 (N.D. Tex. Apr. 20, 2005), *aff'd*, 202 F. App'x 664 (5th Cir. 2006); *Source, Inc. v. SourceOne, Inc.*, No. 3:05CV1414G, 2006 WL 2381594, at *3 (N.D. Tex. Aug. 16, 2006).

27. Here, there are no genuine issues of material fact, and Plaintiff is entitled to judgment as a matter of law since Defendants' debts to Plaintiff were established under the Final Judgment. The relevant facts for establishing defalcation while acting in a fiduciary capacity, embezzlement, larceny, and willful and malicious injury were all previously litigated and determined in the State Court Litigation, with the same parties in this Adversary Proceeding being

identical to those in the State Court Litigation. Therefore, under the principles of collateral estoppel and issue preclusion, Defendants acted with the requisite intent and capacity to render these debts non-dischargeable.

**B. Collateral Estoppel is Applicable to this Adversary Proceeding and May Serve as the Basis for Granting Summary Judgment.**

28. "Collateral estoppel or, in modern usage, issue preclusion, 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Schiro v. Farley*, 510 U.S. 222, 232 (1994) (internal quotations omitted). "In other words, 'once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.'" *Vrana v. Thornhill (In re Thornhill)*, Nos. 19-20005, 19-2001, 2019 Bankr. LEXIS 3052, at *13 (Bankr. E.D. Tex. Sep. 30, 2019) (quoting *Montana v. U.S.*, 440 U.S. 147, 153 (1979)).

29. "The Supreme Court has explicitly stated that collateral estoppel, or issue preclusion, principles apply in bankruptcy dischargeability proceedings." *Amberson v. McAllen (In re Amberson)*, 73 F.4th 348, 350 (5th Cir. 2023) (citing *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991)); *see also Happy Hollow Ranch, LP v. Howley (In re Howley)*, Nos. 23-31029-sgj7, 23-03068-sgj, 2024 Bankr. LEXIS 260, at *20 (Bankr. N.D. Tex. Feb. 2, 2024) ("On issue preclusion, the Supreme Court has made clear that collateral estoppel may apply in § 523(a) adversary proceedings to determine the dischargeability of a debt." (citing *Grogan*, 498 U.S. at 285 n.11)).

30. In this case, each of the essential facts relevant to issues for dischargeability under section 523(a)(4) and (6) of the Bankruptcy Code has been fully litigated and a final determination on each fact issue was reached in favor of Plaintiff in the State Court Litigation.

### C. Texas Law for Issue Preclusion Applied in this Adversary Proceeding Supports that Defendants' Debt to Plaintiff should not be Discharged.

31. "As for choice of preclusion law in the bankruptcy context, when an issue was previously litigated under state law, a bankruptcy court will apply the law of collateral estoppel of the relevant state." *In re Howley*, 2024 Bankr. LEXIS 260, at *20–21 (cleaned up) (citing *Fire Safe Prot. Servs. v. Ayesh (In re Ayesh)*, 465 B.R. 443, 447–48 (Bankr. S.D. Tex. 2011)).

32. Specifically, under the Full Faith and Credit Act "judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. "It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata[4] in determining the effect of state judgments. Rather, it goes beyond the common law and *commands* a federal court to accept the rules chosen by the State from which the judgment is taken." *Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009) (emphasis added) (citing *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986); *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481–82 (1982)).

33. The State Court Litigation occurred in Texas, and a Texas trial court issued the Final Judgment. Thus, Texas law applies when determining the preclusive effect of Final Judgment. *See Miller v. Lewis (In re Miller)*, 307 F. App'x 785, 790 (5th Cir. 2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508–09 (2001)). Therefore, the Court should look to Texas state law when determining the merits under collateral estoppel. *See In re Thornhill*, 2019 Bankr. LEXIS 3052, at *13 ("Because the judgment issued against the Defendant was entered in a Texas state court, this Court is required to apply the Texas law of issue preclusion.").

---

[4] For the avoidance of doubt, Plaintiff is not moving under the doctrine of claim preclusion, as the claims in this Adversary Proceeding could not have been adjudicated in the State Court Litigation.

34. Under Texas law, collateral estoppel requires a demonstration that: (i) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (ii) those facts were essential to the judgment in the first action; and (iii) the parties were cast as adversaries in the first action. *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 500 S.W.3d 26, 44 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (citing *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002)); *see also In re Thornhill*, 2019 Bankr. LEXIS 3052, at *15. When making this determination, the bankruptcy court will look to the state court's record in the previous action. *See Sheerin v. Davis (In re Davis)*, 3 F.3d 113, 115 (5th Cir. 1993). "If each element of the § 523(a) actions was satisfied in the first case consistent with collateral estoppel's demands, then Defendant is barred from re-litigating the issues in this second action and Plaintiffs are entitled to summary judgment." *In re Howley*, 2024 Bankr. LEXIS 260, at *21. In this case, each element for application of collateral estoppel is met.

***i. The Material Facts Relevant to this Adversary Proceeding have actually been Litigated to Finality in the State Court Litigation.***

35. Here, the Final Judgment entered in the State Court Litigation is final and specifically provided therein that, "This judgment finally disposes of all parties and all claims and is appealable as a final judgment."[5]

36. Following a multi-day jury trial,[6] the Jury rendered a unanimous verdict in favor of Plaintiff,[7] and as noted in the Final Judgment, "The jury's verdict is incorporated herein for all

5 App'x p. 17 (Final Judgment).

6 App'x p. 15 (Final Judgment).

7 App'x pp. 47–49 (Jury Verdict).

purposes."[8] The Final Judgment was not appealed.[9] Thus, the facts sought to be litigated in this Adversary Proceeding were actually litigated to finality in the State Court Litigation.

***ii. The Material Facts under Section 523(a)(4) and (6) were Essential to the Final Judgment in the State Court Litigation.***

37. An issue is fully and fairly litigated if it is properly raised by the pleadings or otherwise, submitted for determination, and actually determined. *Tenet Health Sys. Hosps. Dall., Inc. v. N. Tex. Hosp. Physicians Grp., P.A.*, 438 S.W.3d 190, 203 (Tex. App.—Dallas 2014, no pet.). "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Better Bus. Bureau*, 500 S.W.3d at 44 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982)). Here, Plaintiff has already litigated and proven the material facts necessary to establish defalcation while acting in a fiduciary capacity against Peter; willful and malicious injury against both Defendants; embezzlement against Peter; and larceny against both Defendants in the State Court Litigation.

***a. Peter Defalcated Plaintiff While Acting in a Fiduciary Capacity as Required under Section 523(a)(4) of the Bankruptcy Code.***

38. Section 523(a)(4) of the Bankruptcy Code provides that a discharge does not discharge a debtor from any debt "for . . . defalcation while acting in a fiduciary capacity . . . ." 11 U.S.C. § 523(a)(4); *see also Whitaker v. Moroney Farms Homeowners' Ass'n (In re Whitaker)*, 642 F. App'x 345, 348 (5th Cir. 2016).

39. Here, there is no genuine issue of material fact that Peter breached his fiduciary duties to Plaintiff when he misappropriated Plaintiff's Trade Secret. The Final Judgment shows

---

[8] App'x p. 15 (Final Judgment).

[9] App'x pp. 52–68 (Docket Sheet from the State Court Litigation).

that the parties previously litigated this essential facts relevant to this issue to finality, and this Court should enter summary judgment on this Count as a matter of law.

***1. Peter served Plaintiff in a Fiduciary Capacity.***

40. The Final Judgment establishes that Peter served in a fiduciary capacity for purposes of section 523(a)(4) of the Bankruptcy Code.

41. Peter's "status as a fiduciary is a question of federal law." *Whitaker*, 642 F. App'x at 348 (citing *Gupta v. E. Idaho Tumor Inst., Inc. (In re Gupta)*, 394 F.3d 347, 350 (5th Cir. 2004)). "But federal law will recognize state laws as creating a fiduciary relationship." *Id.* (citing *Shcolnik v. Rapid Settlements Ltd. (In re Shcolnik)*, 670 F.3d 624, 628 (5th Cir. 2012)). The Fifth Circuit has observed the scope of a fiduciary duty in the context of section 523(a)(4) of the Bankruptcy Code stems from a "technical" or "express" trust. *In re Howley*, 2024 Bankr. LEXIS 260, at *31 (citing *Upshur v. Briscoe*, 138 U.S. 365, 375 (1891); *Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 186 (5th Cir. 1997)). "To constitute a technical trust, the fiduciary relationship must have existed before any wrongdoing occurred." *Id.* at *31–32 (citing *Upshur*, 138 U.S. at 378 ("[T]he language would seem to apply only to a debt created by a person who was already a fiduciary when the debt was created.")).

42. Moreover, certain relationships are readily accepted as "traditional" fiduciary relationships, with these traditional fiduciary relationships often satisfying the technical or express trust requirement. *In re Howley*, 2024 Bankr. LEXIS 260, at *31–33; *see also Gupta*, 394 F.3d at 350 ("This court has . . . not hesitated to conclude that debts arising from misappropriation by persons serving in a *traditional*, pre-existing fiduciary capacity*, as understood by state law principles*, are non-dischargeable." (emphasis added)). Judge Nelms noted in *Macris v. Saxton (In re Jerry Dean Saxton Katie Elizabeth Saxton Am. Equities Mgmt., LLC)*, "Case law has determined

that the fiduciary duties owed by corporate officers and directors to the corporation meet the standard for a technical trust and therefore satisfy the existence of a fiduciary capacity for the purposes of § 523(a)(4)." Nos. 10-44412-RFN, 10-44417-DML-11, 10-44412-RFN-11, 10-04204, 2011 Bankr. LEXIS 2256, at *19 (Bankr. N.D. Tex. June 8, 2011) (citing *Assurance Systems Corp. v. Jackson (In re Jackson)*, 141 B.R. 909, 915–16 (Bankr. N.D. Tex.1992) and *American Metals Corp. v. Cowley (In re Cowley)*, 35 B.R. 526, 528 (Bankr. D. Kan. 1983)).

43. Here, when answering question 11: "while technology director, was Peter Nguyen a corporate officer of VBI?" the Jury unanimously answered "yes."[10] In this regard, Peter served Plaintiff as a corporate officer while acting as its director of technology.[11] Accordingly, the Final Judgment undisputedly establishes that Peter, while serving in a fiduciary role, had an express or technical trust relationship for purposes of making him a fiduciary to Plaintiff under section 523(a)(4) of the Bankruptcy Code.

44. Moreover, even though Plaintiff is an LLC and not a corporation, Peter's status as an officer imparted fiduciary duties on him for purposes of section 523(a)(4) of the Bankruptcy Code. As Judge Parker noted in *ETRG Invs., LLC v. Hardee (In re Hardee)*, "Though limited liability companies are not corporations in the strictest sense, and though Texas law implies, but does not explicitly state, that the fiduciary status of corporate officers and directors and the corresponding three broad duties of such corporate officers and directors—the duty of due care, loyalty, and obedience—applies to managers and/or members governing the activities of a limited liability company, the imposition of those duties upon the management of a limited liability company under Texas law is appropriate and warranted." Nos. 11-60242, 11-6011, 2013 Bankr.

---

[10] App'x p. 37 (Jury Verdict, Question 11); *see also* App'x p. 47.

[11] App'x p. 37 (Jury Verdict, Question 11).

LEXIS 949, at *23–24 (Bankr. E.D. Tex. Mar. 14, 2013) (finding that the defendant in that case had a fiduciary relationship with an LLC by way of his management and control over the LLC). Accordingly, Peter owed Plaintiff fiduciary duties.

45. Additionally, the Final Judgment establishes that this relationship existed prior to Peter's wrongdoing. Specifically, the Jury answered in question 12 that Peter failed to comply with his fiduciary duties "1. Not to divulge VBI's trade secrets during his employment. 2. To act in VBI's best interests. [and] 3. Not to use VBI's confidential information acquired during his employment [in] a manner adverse to VBI."[12] This establishes that Peter's fiduciary status arose before his wrongdoing rather than as a result of the debt, as it would, for example, through the imposition of a constructive trust.

***2. Peter Defalcated Plaintiff while in his Fiduciary Capacity.***

46. The summary judgment evidence also establishes that Peter defalcated Plaintiff while serving as a fiduciary.

47. "Defalcation is the neglect of a fiduciary duty." *Whitaker*, 642 F. App'x at 348. The state of mind necessary to prove defalcation is (i) knowing that the conduct is improper or (ii) engaging in grossly reckless conduct. *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273–74 (2013); *Whitaker*, 642 F. App'x at 348. The Fifth Circuit decision, *Moreno v. Ashworth (In re Moreno)*, 892 F.2d 417 (5th Cir. 1990), is illustrative. In *Moreno*, Moreno, as an officer of one corporation, directed a transfer of corporate funds to other companies in which he had an interest. *Id.* at 421. The court determined that the officer's fiduciary duty included the responsibility not to lend the corporation's money to himself or to other businesses controlled by him on less than an

[12] App'x p. 38 (Jury Verdict, Question 12).

arm's length basis. *Id.* Because of these activities the court found the debt was non-dischargeable under section 523(a)(4) of the Bankruptcy Code. *Id.*

48. Similarly here, Peter's actions are like Moreno's actions, resulting in a defalcation while acting in a fiduciary capacity. As indicated in the Jury's answer to question 12 of the Jury Verdict, Peter failed to comply with his fiduciary duties to Plaintiff when he divulged Plaintiff's Trade Secret during his employment and used Plaintiff's confidential information acquired during his employment in a manner adverse to Plaintiff.[13] Furthermore, the Jury found that Peter failed to comply with his fiduciary duties when he failed to act in Plaintiff's best interests.[14] As a result, there is ample support in the Final Judgment to establishes the essential elements that Peter defalcated Plaintiff when he breached his fiduciary duties to Plaintiff.

49. The Final Judgment conclusively establishes the essential factual issues relevant to this Count for the Court to rule, as a matter of law, that Peter, while serving Plaintiff as a fiduciary, defalcated Plaintiff in accordance with section 523(a)(4) of the Bankruptcy Code when he breached his fiduciary duties through misappropriating Plaintiff's Trade Secret.

***b. Defendants Willfully and Maliciously Injured Plaintiff in Accordance with Section 523(a)(6) of the Bankruptcy Code by Misappropriating Plaintiff's Trade Secret.***

50. Based on the Final Judgment, there is no genuine issue of material fact that Defendants willfully and maliciously injured Plaintiff when they misappropriated Plaintiff's Trade Secret, and the Court should enter judgment as a matter of law on this Count.

51. "Section 523(a)(6) of the Bankruptcy Code provides that a debt 'for willful and malicious injury by the debtor to another' is not dischargeable." *Kawaauhau v. Geiger*, 523 U.S.

---

13 App'x p. 38 (Jury Verdict, Question 12).

14 App'x p. 38 (Jury Verdict, Question 12).

57, 59 (1998) (citing 11 U.S.C. § 523(a)(6)). Under Fifth Circuit precedent, "an injury is 'willful and malicious' where there is either (1) an objective substantial certainty of harm arising from a deliberate or intentional action or (2) a subjective motive to cause harm by a party taking a deliberate or intentional action." *Ward Family Found. v. Arnette (In re Arnette)*, 454 B.R. 663, 700 (Bankr. N.D. Tex. 2011) (citing *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 604–06 (5th Cir. 1998)). If either the subjective standard or the objective standard is met, then the debt is non-dischargeable. *See In re Miller*, 156 F.3d at 606. As shown below, Defendants willfully and maliciously injured Plaintiff under both the subjective standard and objective standard when they misappropriated Plaintiff's Trade Secret.

52. The Southern District of Texas decision *Madison v. Williamson*, 410 B.R. 481 (S.D. Tex. 2008) is instructive for determining the preclusive effect of a jury verdict incorporated into a final judgment with a finding of malice for harm a defendant caused a plaintiff in relation to a dischargeability proceeding. In *Madison*, the defendant caused significant physical harm to the plaintiff, with the plaintiff requesting exemplary damages for the harm the defendant caused the plaintiff, which was litigated to finality in state court through a trial. *Id.* at 484. Answering in the affirmative, the jury determined that the defendant therein caused harm to the plaintiff with "malice." *Id.* at 483–84. The state court's instruction to the jury noted that malice meant:

> (a) a specific intent by [defendant] to cause substantial injury to [the plaintiff]; or
>
> (b) an act or omission by [defendant],
>
>> (i) which, when viewed objectively from the standpoint of [defendant] at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>>
>> (ii) of which [defendant] had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

*Id.* at 484. Moreover, the plaintiff proved that the defendant caused the malicious injury by clear and convincing evidence. *Id.* Noting that "The dispositive issue on the discharge question is whether the debtor acted with either 'an objective substantial certainty of harm or a subjective motive to cause harm.' . . . .", the district court concluded that "This factual issue was fully and fairly litigated in the underlying state court lawsuit." *Id.* at 485. Thus, the *Madison* court held that collateral estoppel barred re-litigation of the "willful and malicious" issue and held that the state court judgment was non-dischargeable under section 523(a)(6) of the Bankruptcy Code as a matter of law. *Id.* at 486.

53. Much in the same way as *Madison*, there can be little dispute that Defendants clearly and convincingly injured Plaintiff when they willfully and maliciously misappropriated Plaintiff's Trade Secret under both the objective standard and subjective standard.

54. First, upon finding that Defendants misappropriated Plaintiff's Trade Secret,[15] the Jury found that Defendants' misappropriation was "willful and malicious."[16] Similar to the second jury instruction in *Madison*, the Jury Verdict instructed the Jury that "'Willful and malicious' misappropriation means intentional misappropriation resulting from the conscious disregard of the rights of the owner of the trade secret."[17] The Jury provided unanimous yeses as to both Defendants when answering this question.[18] This conscious disregard of Plaintiff's ownership rights conclusively shows that Plaintiff was—from an objective standpoint—injured by Defendants' misappropriation of Plaintiff's Trade Secret.

---

15 App'x p. 28 (Jury Verdict, Question 2).

16 App'x p. 31 (Jury Verdict, Question 5).

17 App'x p. 31 (Jury Verdict, Question 5).

18 *See* App'x pp. 47–48 (Jury Verdict).

55. The Jury also found Defendants engaged in this misappropriation with "malice."[19] Similar to *Madison*, the Jury Verdict instructed the Jury that "'Malice' means a specific intent by Defendants to cause substantial injury to Plaintiff."[20] Again, the Jury provided unanimous yeses as to both Defendants when answering this question.[21] This specific intent by Defendants to cause substantial injury to Plaintiff conclusively shows that Defendants wanted to substantially injure Plaintiff when they misappropriated Plaintiff's Trade Secret. *See In re Miller*, 156 F.3d at 606 (concluding, "If Miller's actions were at least substantially certain to result in injury to Abrams, then the debt is nondischargeable under § 523(a)(6).").

56. Moreover, the Jury Verdict specifically provided that this malice was proven by clear and convincing evidence.[22] Again, the Jury unanimously answered yes to this.[23] Accordingly, Plaintiff has gone above and beyond as it has proven the essential elements to its willful and malicious claim by the clear and convincing evidence standard—"a more stringent standard than the 'preponderance of the evidence' standard applicable in the § 523(a)(6) proceeding." *Madison*, 410 B.R. at 486.

57. The Final Judgment conclusively establishes that the parties previously litigated the essential facts relevant to this issue to finality so the Court can rule as a matter of law that Defendants willfully and maliciously injured Plaintiff in accordance with section 523(a)(6) of the Bankruptcy Code when they misappropriated Plaintiff's Trade Secret.

---

19 App'x p. 33 (Jury Verdict, Question 7).

20 App'x p. 33 (Jury Verdict, Question 7).

21 App'x pp. 47–48 (Jury Verdict).

22 App'x p. 33 (Jury Verdict, Question 7).

23 App'x pp. 47–48 (Jury Verdict).

***c. Peter Embezzled Plaintiff and both Defendants Committed a Larceny against Plaintiff when They Misappropriated Plaintiff's Trade Secret.***

58. There is no genuine issue of material fact that Peter embezzled Plaintiff and Defendants committed a larceny when they misappropriated Plaintiff's Trade Secret based on the Final Judgment. The Court should therefore enter judgment as a matter of law on this Count.

59. The exception to discharge under section 523(a)(4) of the Bankruptcy Code may still apply absent a fiduciary relationship when a defendant's actions are determined to be "embezzlement" or "larceny." *See* 11 U.S.C. § 523(a)(4); *Ketelhut v. Allen (In re Allen)*, Nos. 22-20178-rlj7, 22-02005, 2025 Bankr. LEXIS 154, at *42 (Bankr. N.D. Tex. Jan. 27, 2025). To prove the offense of larceny or embezzlement under section 523(a)(4) of the Bankruptcy Code, there is no requirement that the debtor be acting as a fiduciary. *See Smith v. Hayden (In re Hayden)*, 248 B.R. 519, 525 (Bankr. N.D. Tex. 2000) (citing 4 COLLIER ON BANKRUPTCY ¶ 523.10[2] (15th ed. rev. 1998)). Embezzlement is defined "for purposes of § 523(a)(4) as the 'fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come.'" *In re Miller*, 156 F.3d at 602 (quoting 3 COLLIER ON BANKRUPTCY ¶ 523.14(3), at 523-106 (15th ed. 1981)). Larceny, on the other hand, is the "'fraudulent and wrongful taking and carrying away of the property of another with intent to convert it to the taker's use and with intent to permanently deprive the owner of such property.'" *In re Allen*, 2025 Bankr. LEXIS 154, at *43 (quoting *In re Wells*, 368 B.R. 506, 514 (Bankr. M.D. La. 2006)). "Fraudulent intent is essential to both larceny and embezzlement." *Id.* (citing *Wells*, 368 B.R. at 514). Accordingly, to find embezzlement and larceny, a creditor must show that: (1) the debtor appropriated property, (2) the appropriation was for the debtor's use or benefit, and (3) the debtor did the appropriation with the requisite intent. *See id.* (citing *Wells*, 368 B.R. at 514). "Larceny 'differs from

embezzlement because the initial taking of the victim's property must be unlawful.'" *Id.* (quoting *Wells*, 368 B.R. at 514).

60. Here, the Final Judgment conclusively establishes the undisputed facts necessary to establish the elements for embezzlement by Peter and larceny by both Defendants.[24]

61. With respect to Peter, he was in Plaintiff's employ[25] when he misappropriated Plaintiff's Trade Secret. In light of this, the summary judgment evidence conclusively establishes that Peter embezzled Plaintiff when misappropriating Plaintiff's Trade Secret. However, even if the Court finds, assuming *arguendo*, that the summary judgment evidence does not show that Peter was initially entrusted with Plaintiff's Trade Secret, the summary judgment evidence still conclusively establishes that he committed a larceny against Plaintiff when misappropriating Plaintiff's Trade Secret.

62. Since the definitions provided to the Jury as found in the Jury Verdict indicate that Plaintiff owned the Trade Secret,[26] there can be little dispute that the summary judgment evidence conclusively establishes as undisputed the material facts necessary for the first two elements: (i) Defendants actually misappropriated Plaintiff's Trade Secret;[27] and, (ii) at a minimum, Defendants benefitted from misappropriating the Trade Secret by saving $5,000,000 in development costs.[28]

---

[24] Plaintiff did not employ Thi and, therefore, the summary judgment evidence does not establish the facts for a ruling as a matter of law of embezzlement against Thi because Plaintiff never entrusted its Trade Secret to her in the first place. Nevertheless, the summary judgment evidence conclusively establishes that Thi committed a larceny against Plaintiff when misappropriating Plaintiff's Trade Secret.

[25] App'x p. 37 (Jury Verdict, Question 11).

[26] App'x p. 27 (Jury Verdict, Question 1).

[27] App'x p. 28 (Jury Verdict, Question 2).

[28] App'x p. 29 (Jury Verdict, Question 3).

63. With respect to the third element (whether Defendants committed the misappropriation with a fraudulent intent), the summary judgment evidence conclusively establishes that Defendants had the requisite intent to prove both embezzlement and larceny.

64. "Both embezzlement and larceny under § 523(a)(4) require 'an element of fraudulent intent' that 'may be established by an intent to permanently deprive another of his property.'" *Mincey v. Hudson (In re Hudson)*, 677 B.R. 108, 131 (Bankr. E.D. Tenn. 2025) (quoting *Tucker v. Cross (In re Cross)*, Adv. No. 08-5029, 2009 WL 981900, at *4 (Bankr. E.D. Tenn. Apr. 13, 2009)).

65. The Final Judgment conclusively establishes the facts that Defendants had the requisite intent when they misappropriated Plaintiff's Trade Secret, as there was no erroneous belief of entitlement and Defendants misappropriated Plaintiff's Trade Secret with the specific intent to cause Plaintiff substantial harm. Specifically, the Jury found that when Defendants misappropriated Plaintiff's Trade Secret, their misappropriation was intentional, resulting from the conscious disregard of the rights of Plaintiff's ownership of the Trade Secret.[29] Taking this one step further, the Final Judgment specifically provides that the misappropriation was done so with malice, meaning Defendants had a specific intent to cause *substantial* injury or harm to Plaintiff by depriving Plaintiff of its Trade Secret.[30] Accordingly, the summary judgment evidence conclusively establishes the facts that Defendants had the requisite intent to commit a larceny and embezzle Plaintiff when they misappropriated Plaintiff's Trade Secret much to their benefit and much to Plaintiff's detriment.

---

[29] App'x p. 31 (Jury Verdict, Question 5).

[30] App'x p. 33 (Jury Verdict, Question 7).

66. The Final Judgment also conclusively establish as a matter of law the issues that Defendants committed a larceny and Peter embezzled Plaintiff in accordance with section 523(a)(4) of the Bankruptcy Code when they misappropriated Plaintiff's Trade Secret.

***d. Plaintiff is Entitled to its Fees, Costs, and Other Damages.***

67. The summary judgment evidence conclusively establishes that Defendants' debts to Plaintiff are non-dischargeable, and therefore, the accompanying damages and other awards to Plaintiff are also non-dischargeable.

68. As a general matter, it is the *whole* debt that is non-dischargeable. *See In re Jordan*, 927 F.2d 221, 227 (5th Cir. 1991) (emphasis added) (citing *In re Martin*, 761 F.2d 1163, 1168 (6th Cir. 1985)), *overruled on other grounds by Coston v. Bank of Malvern (In re Coston)*, 991 F.2d 257, 259 (5th Cir. 1993). The Supreme Court provided further credence to this principle in *Cohen v. de la Cruz*, 523 U.S. 213 (1998). The Supreme Court noted in *Cohen*, "Moreover, § 523(a)'s various exceptions from discharge reflect Congress' conclusion that the creditors' interest in recovering full payment of debts in these categories outweighs the debtors' interest in a complete fresh start[.]" *Id.* at 222 (citing *Grogan*, 498 U.S. at 287).

69. With respect to Defendants' willful and malicious conduct, the Fifth Circuit has noted, "When the primary debt is nondischargeable due to willful and malicious conduct, the attorney's fees and interest accompanying compensatory damages, including post-judgment interest, are likewise nondischargeable." *Gober v. Terra+Corp. (In re Gober)*, 100 F.3d 1195, 1208 (5th Cir. 1996).

70. With respect to Plaintiff's claim against Peter for defalcating Plaintiff while acting in a fiduciary capacity, the fees, interests, and costs associated with that debt are also non-dischargeable. *See Helvetia Asset Recovery, Inc. v. Kahn (In re Kahn)*, 533 B.R. 576, 587–88 (Bankr. W.D. Tex. 2015) (internal citations omitted) ("Additionally, when the underlying debt is

non-dischargeable due to . . . intentional breach of fiduciary duty, the related attorneys' fees and exemplary damages are also non-dischargeable.").

71. With respect to Plaintiff's claims for embezzlement and larceny, the fees, interests, and costs associated with those debts are also non-dischargeable. *See Vector Aerospace Engine Servs.-Atl. v. Mason (In re Mason)*, Nos. 15-50754, 16-05002, 2017 Bankr. LEXIS 1188, at *22 (Bankr. W.D.N.C. May 1, 2017) ("In addition, Vector's claims for treble damages and for attorney's fees are also non-dischargeable as these claims are based on Mason's embezzlement." (citing *Cohen*, 523 U.S. at 223)).

72. Accordingly, to the extent the Court finds that Defendants' debts to Plaintiff are non-dischargeable, the associated damages and other amounts awarded to it in the Final Judgment are also non-dischargeable. Upon finding that Defendants misappropriated Plaintiff's Trade Secret,[31] the Final Judgment awarded Plaintiff exemplary damages against both Defendants[32] and awarded Plaintiff its attorneys' fees against both Defendants specifically referencing Defendants' misappropriation.

73. With respect to Plaintiff's award for pre- and post-judgment interest along with costs, although the Final Judgment does not specifically allocate these awards to specific conduct, these amounts are still non-dischargeable. This Court's opinion in *In re Howley*, 2024 Bankr. LEXIS 260, is particularly instructive on the matter. In *Howley*, the plaintiffs therein obtained a final judgment (accompanied by findings of fact and conclusions of law) against a defendant in state court that did not allocate an award of attorneys' fees to any specific conduct, but provided that the fees were awarded for the plaintiffs "pursuing their declaratory judgment claims." *Id.* at

---

[31] App'x p. 28 (Jury Verdict, Question 2).

[32] App'x p. 16 (Final Judgment).

*51–52. In the subsequent dischargeability proceeding after the individual defendant filed for bankruptcy, this Court held the following:

> Armed with this precedent, this Court holds that the entire $536,463.46 in attorney's fees is a nondischargeable debt. *Cohen* alone provides the basis for such a finding. And like the Fifth Circuit observed in *Snook*, nowhere in the State Court's Final Judgment or FoFCoL did the State Court apply any limiting principle to the attorney's fees award. To the contrary, it awarded Plaintiffs attorney's fees for "pursuing their declaratory judgment claims." The declaratory relief that Plaintiffs pursued necessarily was predicted on there being fraud in the underlying transactions that Plaintiffs sought to have declared null and void. Thus, this Court will read the State Court's judgment regarding attorney's fees as applicable to the lawsuit as a whole. Because Plaintiffs prevail under either of the § 523(a)(2)(A) or § 523(a)(4) theories, the attorney's fees incurred in connection with those damages are also nondischargeable.

*Id*. (footnote citations therein omitted).

74. Much in the same way, while the Final Judgment here does not contain any allocation related to its award of pre- and post-judgment interest, along with costs, the Final Judgment also does not contain any restrictions with respect to these amounts. They are necessarily predicated on Defendants' misappropriation of Plaintiff's Trade Secret (and Peter's defalcation while acting in a fiduciary capacity).

75. Accordingly, since the summary judgment evidence conclusively establishes that Defendants' debts to Plaintiff are non-dischargeable, the accompanying damages and other awards to Plaintiff are also non-dischargeable.

***iii. Both Plaintiff and Defendants in this Adversary Proceeding were Cast as Adversaries in the State Court Litigation.***

76. While an exact identity of parties is not required for a finding of collateral estoppel, such identity is present in this case. *See Tenet Health Sys.*, 438 S.W.3d at 203 (citing *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1990) (holding that if the party against whom collateral estoppel is asserted was a party in the earlier litigation, in a subsequent suit any party may invoke collateral estoppel even if not present in the first suit)).

77. There can be little, if any, dispute that Plaintiff and Defendants in this Adversary Proceeding were previously cast as adversaries in the State Court Litigation.[33] Accordingly, Plaintiff has met the third element for collateral estoppel in this matter.

## V. CONCLUSION

78. The undisputed summary judgment evidence conclusively establishes that the parties have already litigated, to a final and unappealed judgment, material facts essential to support each element of Plaintiff's claims for exception from discharge based on (i) defalcation while acting in a fiduciary capacity by Peter; (ii) willful and malicious injury by both Defendants; (iii) larceny by both Defendants; and (iv) embezzlement by Peter. A unanimous Jury found that Defendants willfully and maliciously misappropriated Plaintiff's Trade Secret with malice and Peter breached his fiduciary duties owed to Plaintiff as its corporate officer. The State Court incorporated those findings into its Final Judgment for all purposes. Collateral estoppel therefore bars Defendants from relitigating those findings here. Based on those findings, there is no genuine issue of material fact, and Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor as a matter of law on Counts 1–4 as further indicated in the Motion.

*[Remainder of Page Intentionally Left Blank]*

---

[33] App'x pp. 1–14 (State Court Petition).

Dated: November 24, 2026

Respectfully submitted,

*/s/ Harrison A. Pavlasek*
Jeff Whitfield
State Bar No. 24060825
jeff.whitfield@kellyhart.com
Joseph D. Austin
State Bar No. 24101470
joseph.austin@kellyhart.com
Harrison A. Pavlasek
State Bar No. 24126906
harrison.pavlasek@kellyhart.com
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

*Attorneys for VBI Group LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2026, I caused a true and correct copy of the foregoing, along with the Motion and Appendix, to be served via the Court's CM/ECF system on all parties requesting such service and on the following:

Peter Hoa Nguyen and Thi Hong Nguyen
c/o Marshall Presley & Pipal PLLC
Attn: Andrew Russell and Justin Kahl
russell@mpplegal.com
kahl@mpplegal.com

*/s/ Harrison A. Pavlasek*
Harrison A. Pavlasek