EXHIBIT
A

FILED
TARRANT COUNTY
6/18/2021 1:43 PM
THOMAS A. WILDER
DISTRICT CLERK

NO. 017-325961-21

| | | |
|---|---|---|
| **VBI GROUP LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SPARTAN AUTOMOTIVE TECHNOLOGY PROVIDERS, INC., PETER HOA NGUYEN, THI H. NGUYEN, AND LAWRENCE P. WEST,** | § | **_______ JUDICIAL DISTRICT** |
| | § | |
| **Defendants.** | § | **TARRANT COUNTY, TEXAS** |

# PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff VBI Group LLC ("**Plaintiff**" or "**VBI Group**") respectfully submits this *Original Petition* against Spartan Automotive Technology Providers, Inc., Peter Hoa Nguyen, Thi H. Nguyen, and Lawrence P. West (collectively referred to as the "**Defendants**") and would advise this Court as follows:

## I. SUMMARY

1. VBI Group designs and develops highly-sophisticated software solutions, combined with innovative hardware/software platforms and car GPS trackers, that provide its customers with state-of-the-art telematics to monitor, protect, and optimize mobile assets throughout the United States. In 2018, Peter Hoa Nguyen ("**Nguyen**") was employed to handle VBI Group's information technology.

2. As detailed below, Nguyen worked with another defendant—Lawrence P. West—to help run and grow the business. However, the Defendants did the opposite and instead stole and misappropriated VBI Group's trade secrets and interfered with VBI Group's existing and prospective business relationships through a newly formed entity named Spartan.

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE: ATTEST: 11/17/2026 THOMAS A. WILDER DISTRICT CLERK TARRANT COUNTY, TEXAS BY: /s/ Dalal Nassriyeh

3. The Defendants intentionally engaged in wrongful conduct purposefully designed to damage VBI Group. Specifically, Defendants have (i) stolen VBI Group's highly-valuable trade secret information; (ii) breached their fiduciary duty to VBI Group and developed a new business entity—Spartan Automotive Technology Providers, Inc.—to compete with VBI Group; (iii) used VBI Group's trade secrets in connection with this new business; (iv) attempted to solicit VBI Group's employees and customers; and (v) published disparaging comments about VBI Group to third parties.

4. Defendants' actions violated the Texas Uniform Trade Secrets Act (Tex. Civ. Prac. & Rem. Code § 134A.001 *et seq.*), breached the fiduciary duties Defendants owed to VBI Group as employees, and interfered with VBI Group's existing and prospective business relationships.

## II.
## DISCOVERY CONTROL PLAN

5. Based on the relief sought, discovery should be conducted under a Level 3 Discovery Control Plan of the Texas Rules of Civil Procedure.

## III.
## DAMAGES DECLARATION

6. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.

## IV.
## PARTIES

7. Plaintiff VBI Group LLC is a Delaware LLC, which does business as Skypatrol USA, ikonGPS, and ikon technologies in Tarrant County, Texas at 1161 W. Corporate Drive, Suite 300, Arlington, Texas 76006.

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE: ATTEST: 11/17/2026 THOMAS A. WILDER DISTRICT CLERK TARRANT COUNTY, TEXAS BY: /s/ Dalal Nassriyeh

8. Defendant Spartan Automotive Technology Providers, Inc. ("**Spartan**") is a Texas corporation that may be served with process through its registered agent Thi H. Nguyen at 836 Bentwater Pkwy, Cedar Hill, Texas 75104, or wherever Ms. Nguyen may be found.

9. Defendant Peter Hoa Nguyen ("**Peter**") is a Texas resident that may be served with process at 836 Bentwater Parkway, Cedar Hill, Texas 75105, or wherever he may be found.

10. Defendant Thi H. Nguyen ("**Thi**") is a Texas resident that may be served with process at 836 Bentwater Parkway, Cedar Hill, Texas 75105, or wherever she may be found.

11. Defendant Lawrence P. West ("**West**") is a non-resident individual residing in Florida. West has purposefully availed himself and engaged in business in Texas but has not appointed or maintained a registered agent in Texas. Therefore, West may be served by serving the Texas Secretary of State at 1019 Brazos Street, Room 105, Austin, Texas, 78701, as his agent for service pursuant to Tex. Civ. Prac. & Rem. Code § 17.044. The Texas Secretary of State may serve West at 2741 N. 16th Avenue, Pensacola, Florida 32503.

## V.
## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this dispute because the relief sought by Plaintiff is within the jurisdictional limits of the Court.

13. This Court has personal jurisdiction over Peter and Thi because defendants are residents of Texas. This Court also has personal jurisdiction over Spartan as it is a Texas corporation.

14. This Court has personal jurisdiction over West because West purposefully availed himself of the laws of this state, has been doing business in this state, and had systematic contacts with this state specific to the dispute described so exercise of jurisdiction is appropriate.

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

15. Venue is proper in Tarrant County under § 15.002(a)(1) of the Texas Practice and Remedies Code because all or a substantial part of the events giving rise to this cause of action occurred in Tarrant County, Texas.

## VI.
## FACTS

### A. Background of VBI Group's Business.

16. As technology has advanced, consumers seek innovative and effective software and platforms to protect their assets. VBI Group develops software solutions and hardware/software platforms that work with GPS trackers to provide state-of-the-art telematics to monitor and protect mobile assets, including automobiles, throughout the United States.

17. VBI Group is based in Arlington, Texas, and serves as a telematics supplier to the automotive industry. VBI Group offers GPS products directly to new and used automotive dealers and auto finance companies.

18. VBI Group's technology has been in great demand not only in the Dallas-Fort Worth metroplex, but across the nation. As a result, VBI Group has developed an extensive customer list. VBI Group needed more employees.

### B. VBI Group Hires Jones and Peter to Grow the Business.

19. After Sam Mahrouq ("**Mahrouq**") entered this business segment and VBI Group began to grow, he sought out employees to help continue its growth. Mahrouq was looking for employees skilled in technology, sales, and client relations.

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

20. Through prior dealings, Mahrouq had come to know Larry Jones ("Jones") and his reputation in the car industry.[1] Jones understood that car dealers had a need for the GPS technology that VBI Group offered to protect their moveable collateral.

21. VBI Group hired Jones as an executive of the company in 2018 to help run the day-to-day operations of VBI Group and assist in continuing to grow the customer base of VBI Group.

22. Shortly thereafter, Jones hired Peter to assist with the information technology and further development of VBI Group's software. At that time, Peter became aware of just how sophisticated VBI Group's technology really was.

23. West worked with VBI to bring clients to the company.

24. VBI Group and Mahrouq trusted Peter and West with the technology and customer lists that VBI Group developed.

25. Although Peter and West sometimes worked remotely and not at the Arlington location, Peter and West maintained significant contacts with Texas. Many of their responsibilities while working with VBI Group were performed in whole or in part in Tarrant County, Texas. This includes, but is not limited to: conducting meetings with management, employees, contractors, agents, legal counsel, and clients; directing sales and marketing teams; implementing sales growth strategies; coaching and training sales staff; setting performance goals and mentoring sales managers; establishing distribution channels and outside agent programs; developing and automating a sales compensation plan; guiding product road maps for sales teams; managing marketing teams; establishing inside sales teams; managing customer accounts, retention teams, and sales processes; implementing change risk management and sales

---

[1] VBI Group is currently litigating its claims against Jones through the American Arbitration Association pursuant to Jones' employment agreement containing an arbitration provision. There is no arbitration agreement between VBI Group and any of the Defendants in this Lawsuit.

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE: ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

improvement programs; developing profit-and-loss budgets; and forecasting product and sales performance. In short, Peter and West sold VBI Group products in Texas and performed a multitude of management tasks that required regularly conducting business in Tarrant County, Texas.

26. VBI Group instructed all those who worked with VBI (including Peter and West) to keep the technology and customer lists confidential. In addition, VBI Group password protected its technology and customer lists to protect itself from any third parties obtaining the proprietary information.

27. Throughout their course of work with VBI, both Peter and West acknowledged that this information was developed by VBI Group at substantial expense. Peter and West agreed to use their best efforts and exercise the utmost diligence to protect VBI Group's technology and customer lists. Both also agreed not to use or disclose the information for any reason other than in performance of their duties in furtherance of VBI Group's business.

**C. Peter and West Take Advantage of VBI Group and Conspire to Form Spartan.**

28. Throughout 2018-2019, Mahrouq and his trusted advisors were involved in other significant matters that took some of their attention away from VBI Group. Mahrouq was confident that VBI Group would continue to grow because of and Peter's and West's capabilities and trust they had established with VBI Group and Mahrouq.[2]

29. However, with VBI Group's and Mahrouq's attention elsewhere, Peter and West saw an opportunity to exploit their trust.

30. Unbeknownst to VBI Group, Peter conspired with Jones, West, and Thi (Peter's wife) to start up a new company—Spartan—and steal VBI Group's technology and customer lists it had worked so hard to develop.

[2] Due to not performing his duties, VBI Group terminated Jones in early 2019.

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE: ATTEST: 11/17/2026 THOMAS A. WILDER DISTRICT CLERK TARRANT COUNTY, TEXAS BY: /s/ Dalal Nassriyeh

31. While he was employed by VBI Group, Peter planned to perform the same or similar services to those he was performing for VBI Group for a newly formed entity in which he had a financial interest. On information and belief, and unbeknownst to VBI Group, before leaving VBI Group, Peter had already misappropriated VBI Group's software, platforms, source code, and client lists.

32. In fact, Peter was using VBI Group funds to pay vendors to assist in setting up Spartan and the very theft of VBI Group's software.

33. On April 19, 2019, Spartan was formed in Texas. The directors of Spartan are Jones, Thi, and West. All of the Defendants had been working for months to prepare for the business to be competing with VBI Group even before formation.

34. Peter left VBI Group to work with Spartan.[3]

35. West, who had been trusted by VBI Group, followed Peter to work for Spartan.

36. Since then, on information and belief, Peter, Thi, and West have contacted and attempted to solicit business from agents or contractors that work with VBI Group with whom they had contact or about whom they received confidential information from VBI Group. They have also contacted other VBI Group employees soliciting them for employment and attempting to induce them to resign or cease to do business with VBI Group and to use VBI Group's Trade Secrets while coming to work for Defendants's new business.

37. Peter and West knew VBI Group's software, platforms, and client lists were secret, highly valuable, and crucial to VBI Group's business. Nevertheless, Peter and West intended to use them at their newly formed entity—Spartan—to compete with VBI Group.

[3] VBI Group has also discovered Jones is working with Spartan.

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE: ATTEST: 11/17/2026 THOMAS A. WILDER DISTRICT CLERK TARRANT COUNTY, TEXAS BY: /s/ Dalal Nassriyeh

38. Their conduct has not stopped there. Peter and West have made disparaging comments about VBI Group to third parties in an attempt to cast doubt about VBI Group's financial position and future performance.

39. Defendants' actions were taken to harm VBI Group. The goal was to destroy VBI Group and put it out of business.

## VII.
## CAUSES OF ACTION

**A. Texas Uniform Trade Secrets Act (TUTSA) — Against All Defendants.**

40. VBI Group adopts and re-alleges each allegation set forth above.

41. VBI Group owns certain confidential, proprietary and trade secret information, including but limited to, customer lists, business, financial, technical, and development processes, materials, design, architecture, models, scripts, applications, programs, front-end and back-end source code, databases, platforms, and other trade secrets (collectively, the "**Trade Secrets**").

42. VBI Group's Trade Secrets, as compiled and utilized by VBI Group, are not generally known, provide a competitive advantage to VBI Group, and required a large amount of time and manpower to develop. The Trade Secrets also required a substantial financial investment on behalf of VBI Group. Furthermore, VBI Group has taken reasonable measures to keep and maintain the confidentiality of the Trade Secrets. The Trade Secrets derive independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

43. Because of their trusted positions at VBI Group, Peter and West had access to all of VBI Group's Trade Secrets. Because of their positions, Peter and West acquired the Trade Secrets under circumstances that gave rise to a duty to maintain their secrecy and limit their use.

DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

44. All Defendants misappropriated VBI Group's Trade Secrets, which were located in part in the Arlington computer server, by disclosing and using VBI Group's Trade Secrets without its consent. Additionally, Peter and West have contacted other VBI Group employees in Texas conspiring with them and encouraging them to misappropriate VBI Group's Trade Secrets and join them at Spartan which Defendant Thi organized for Defendants' benefit.

45. Defendants' misappropriation of VBI Group's Trade Secrets have been and continue to be willful and malicious. Defendants knew that the Trade Secrets rightfully belonged to VBI Group, but Defendants misappropriated the Trade Secrets for their own material gain.

46. As a proximate and foreseeable result of Defendants' actions, VBI Group has been damaged, for which sums VBI Group sues, in an amount within the jurisdiction of this Court. VBI Group seeks to recover actual, special, exemplary, and consequential damages, including but not limited to, lost profits, disgorgement of all ill-gotten gains and unjust enrichment, out-of-pocket damages, loss of goodwill and diminished value of the company, along with attorneys' fees, court costs and pre- and post-judgment interest at highest lawful rate.

**B. Breach of Fiduciary Duty — Against Peter and West.**

47. VBI Group adopts and re-alleges each allegation set forth above.

48. The elements of a claim for breach of fiduciary duty are: (1) there is a fiduciary relationship between the plaintiff and defendant; (2) the defendant breached his fiduciary duty to the plaintiff; and (3) the defendant's breach proximately injured the plaintiff or benefit to the defendant. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied).

49. Peter and West owed formal and informal fiduciary duties to VBI Group.

50. Peter and West breached their fiduciary duties by misappropriating VBI Group's Trade Secrets and delivering VBI Group's Trade Secrets to Spartan. These actions [...]hed

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

Peter's and West's: (1) duty of loyalty; (2) duty of candor; (3) duty to refrain from self-dealing; (4) duty to act with integrity of the strictest kind; (5) duty of full disclosure; (6) duty to account for company property; and (7) duty to refrain from improper competition with VBI Group.

51. As a proximate and foreseeable result of Peter's and West's actions, VBI Group has been damaged, for which sums VBI Group sues, in an amount within the jurisdiction of this Court. VBI Group seeks to recover its actual, special, exemplary, and consequential damages, including but not limited to, lost profits, disgorgement of all ill-gotten gains and unjust enrichment, out-of-pocket damages, loss of goodwill and diminished value of the company, along with court costs and pre- and post-judgment interest at highest lawful rate.

**C. Business Disparagement — Against Peter and West.**

52. VBI Group adopts and re-alleges each allegation set forth above.

53. After leaving VBI Group, Peter and West have published disparaging words to third parties about VBI Group's economic interest that were false. Peter and West published the words with malice and without privilege.

54. Peter and West made disparaging comments about VBI Group's financial position in order to cast doubt to third parties about whether or not VBI Group could fulfill their GPS tracking needs and that VBI Group may not be financially stable. The comments were solely made to steal customers from VBI Group for Spartan and interfere with VBI Group's economic interests.

55. As a proximate and foreseeable result of Peter's and West's actions, VBI Group has been damaged, for which sums VBI Group sues, in an amount within the jurisdiction of this Court. VBI Group seeks to recover its actual, special, exemplary and consequential damages, including but not limited to exemplary damages, loss of sales, loss of business, lost profits, out-

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE: ATTEST: 11/17/2026 THOMAS A. WILDER DISTRICT CLERK TARRANT COUNTY, TEXAS BY: /s/ Dalal Nassriyeh

of-pocket damages, loss of goodwill and diminished value of the company, along with court costs and pre- and post-judgment interest at highest lawful rate.

**D. Tortious Interference with Prospective Relations — Against All Defendants.**

56. VBI Group adopts and re-alleges each allegation set forth above.

57. Because of VBI Group's niche business practice, there was a reasonable probability VBI Group would have continued to enter into additional business relationships with its existing and prospective customers of VBI Group. Defendants intentionally interfered with these prospective relationships by the formation of Spartan which was founded on the theft of VBI Group's Trade Secrets.

58. Defendants' conduct was independently tortious or unlawful because they interfered with VBI Group's business relationships during their work with VBI Group by converting and misappropriating VBI Group's Trade Secrets.

59. As a proximate and foreseeable result of Defendants' actions, VBI Group has been damaged, for which sums VBI Group sues, in an amount within the jurisdiction of this Court. VBI Group seeks to recover its actual, special, exemplary, and consequential damages, including but not limited to, lost benefits of contracts, lost profits, disgorgement of all ill-gotten gains and unjust enrichment, out-of-pocket damages, loss of goodwill and diminished value of the company, along with court costs and pre- and post-judgment interest at highest lawful rate.

**E. Tortious Interference with Existing Contract — Against All Defendants.**

60. VBI Group adopts and re-alleges each allegation set forth above.

61. VBI Group had a valid and existing contract with several of its customers to provide GPS location services. Defendants, through misappropriating VBI Group's Trade Secrets, willfully and intentionally interfered with the contracts VBI Group had with its customers.

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE: ATTEST: 11/17/2026 THOMAS A. WILDER DISTRICT CLERK TARRANT COUNTY, TEXAS BY: /s/ Dalal Nassriyeh

62. As a proximate and foreseeable result of Defendants' actions, VBI Group has been damaged, for which sums VBI Group sues, in an amount within the jurisdiction of this Court. VBI Group seeks to recover its actual, special, exemplary, and consequential damages, including but not limited to, lost benefits of contracts, lost profits, disgorgement of all ill-gotten gains and unjust enrichment, out-of-pocket damages, loss of goodwill and diminished value of the company, along with court costs and pre- and post-judgment interest at the highest lawful rate.

**F. Conspiracy — Against All Defendants.**

63. VBI Group adopts and re-alleges each allegation set forth above.

64. Defendants are jointly and severally liable to VBI Group. Defendants combined to accomplish an unlawful purpose and/or a lawful purpose by unlawful means. In doing so, Defendants had a meeting of the minds on the object or course of action. By misappropriating and using VBI Group's Trade Secrets and tortiously interfering with VBI Group's contracts and prospective business relationships, Defendants committed an unlawful, overt act to further the object or course of action.

65. As a proximate and foreseeable result of Defendants' actions, VBI Group has been damaged, for which sums VBI Group sues, in an amount within the jurisdiction of this Court. VBI Group seeks to recover its actual, special, exemplary, and consequential damages, including but not limited to joint and several liability among all Defendants along with court costs and pre- and post-judgment interest at highest lawful rate.

## VIII.
## EXEMPLARY DAMAGES

66. VBI Group's injury resulted from Defendants' willful and malicious misappropriation of VBI Group's Trade Secrets and tortious interference, which entitles VBI

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE: ATTEST: 11/17/2026 THOMAS A. WILDER DISTRICT CLERK TARRANT COUNTY, TEXAS BY: /s/ Dalal Nassriyeh

Group to exemplary damages under Texas Civil Practice & Remedies Code sections 134A.004(b) and 41.003(a).

67. VBI Group is also entitled to exemplary damages through its causes of action of: Breach of Fiduciary Duty, Business Disparagement, Tortious Interference with Prospective Relations, Tortious Interference with Existing Contract, and Conspiracy.

## IX.
## ATTORNEY'S FEES

68. VBI Group is entitled to reasonable attorney's fees under Texas Civil Practice Remedies Code section 134A.005 because Defendants willfully and maliciously misappropriated VBI Group's Trade Secrets.

## X.
## CONDITIONS PRECEDENT

69. All conditions precedent to VBI Group's assertion of these causes of action have been fully performed, satisfied, or waived.

## XI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant judgment in their favor and against Defendants and award Plaintiff the following relief:

a. award Plaintiff damages, including actual, direct, special, and indirect damages, in an amount to be determined at trial;

b. award Plaintiff exemplary damages in an amount to be determined at trial;

c. award Plaintiff their attorneys' fees;

d. award Plaintiff their court costs;

e. award Plaintiff pre- and post-judgment interest to the extent allowed by law; and

f. award Plaintiff such other and further relief, general or special, at law or in equity, to which Plaintiff may show themselves justly entitled.

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

Respectfully submitted,

*/s/ Jeff Whitfield*

Jeff Whitfield
State Bar No. 24060825
jeff.whitfield@kellyhart.com
Joseph D. Austin
State Bar No. 24101470
joseph.austin@kellyhart.com
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

**ATTORNEYS FOR PLAINTIFF**

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

FILED
TARRANT COUNTY
12/4/2024 12:41 PM
THOMAS A. WILDER
DISTRICT CLERK

FILED
TARRANT COUNTY
12/4/2024 9:08 AM
THOMAS A. WILDER
DISTRICT CLERK

EXHIBIT
B

017-325961-21

**CAUSE NO. 017-325961-21**

| | | |
|---|---|---|
| **VBI GROUP LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SPARTAN AUTOMOTIVE TECHNOLOGY PROVIDERS, INC., PETER HOA NGUYEN, THI H. NGUYEN, AND LAWRENCE P. WEST,** | § § § § § | **17TH JUDICIAL DISTRICT** |
| | § | |
| **Defendants.** | § | **TARRANT COUNTY, TEXAS** |

---

## FINAL JUDGMENT

---

This case was called to trial on November 6, 2024. Plaintiff VBI Group LLC ("**VBI Group**") appeared through its attorneys of record and announced ready for trial. Defendants Spartan Automotive Technology Providers, Inc., Peter Hoa Nguyen, Thi H. Nguyen, and Lawrence West (collectively the "**Defendants**") and Intervenor Ajax Group, LLC ("**Ajax**") appeared through their attorneys and announced ready for trial.

A jury consisting of twelve (12) qualified jurors was duly impaneled and the case proceeded to trial. The trial concluded on November 15, 2024, when the Court submitted all issues of fact to the jury. The jury returned its verdict on November 18, 2024. The jury's verdict is incorporated herein for all purposes.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover from Spartan Automotive Technology Providers, Inc., Peter Hoa Nguyen, Thi H. Nguyen, and Lawrence West, joint and severally, the sum of $5,000,000.00 in actual damages relating to Defendants' misappropriation of VBI Group's trade secrets.

DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover $10,000,000.00 in exemplary damages against Spartan Automotive Technology Providers, Inc. for its misappropriation of trade secrets.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover $4,000,000.00 in exemplary damages against Peter Hoa Nguyen for his misappropriation of trade secrets.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover $4,000,000.00 in exemplary damages against Thi H. Nguyen for her misappropriation of trade secrets.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover $4,000,000.00 in exemplary damages against Lawrence P. West for his misappropriation of trade secrets.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover against Peter Hoa Nguyen $135,000.00 as disgorgement for his breach of fiduciary duty.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover the following attorneys' fees from Defendants in connection with VBI Group's misappropriation of trade secrets claim:

1. $256,952.80 through trial;
2. $18,000.00 for post-trial briefing;
3. $43,500.00 for a successful appeal to the Fort Worth Court of Appeals;
4. $12,750.00, if successful, to respond to a petition for review filed in the Supreme Court of Texas;
5. $18,000.00, if successful, for full briefing ordered by the Supreme Court of Texas; and

DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

6. $18,000.00, if successful, in the event the Supreme Court of Texas conducts oral argument.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover $1,386,301.37 in pre-judgment interest from June 18, 2021 through December 3, 2024. Pre-judgment interest continues to accrue after December 3, 2024 at the daily rate of $1,095.89.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that the total amount of VBI Group's judgment against Defendants shall accrue post-judgment interest at the rate of 8% compounded annually from the date the Final Judgment is entered until paid in full by Defendants.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that Defendants and Ajax shall take nothing on all of their claims asserted against VBI Group.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group's costs are taxed against Defendants.

All writs and processes for enforcement of this judgment may issue as necessary.

All other relief not expressly granted herein is denied. This judgment finally disposes of all parties and all claims and is appealable as a final judgment.

**SIGNED** this 4th day of December, 2024.

Melody Wilkinson
Judge Presiding

DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

**AGREED AS TO FORM:**

*/s/ Jeff Whitfield*
Jeff Whitfield
State Bar No. 24060825
jeff.whitfield@kellyhart.com
Joseph D. Austin
State Bar No. 24101470
joseph.austin@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

***Attorneys for Plaintiff VBI Group LLC***

*/s/ Steven E. Clark with permission*
Steven E. Clark
State Bar No. 04294800
sclark@dfwlaborlaw.com
**CLARK FIRM PLLC**
5445 La Sierra Drive, Suite 415
Dallas, Texas 75231
Telephone: (214) 890-4066
Facsimile: (214) 890-4013

***Attorneys for Defendants and Intervenor***

A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joseph Austin on behalf of Joseph Austin
Bar No. 24101470
joseph.austin@kellyhart.com
Envelope ID: 94913611
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiff's Motion for Entry of Final Judgment
Status as of 12/4/2024 10:00 AM CST

Associated Case Party: THESPARTAN AUTOMOTIVE TECHNOLOGIES PROVIDERS INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patrick Keating | 794074 | pkeating@keatingbrown.com | 12/4/2024 9:08:25 AM | SENT |
| Nathan DPearman | | npearman@keatingbrown.com | 12/4/2024 9:08:25 AM | ERROR |

Associated Case Party: PETERHOANGUYEN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| STEVEN ECLARK | | SCLARK@DFWLABORLAW.COM | 12/4/2024 9:08:25 AM | SENT |
| Matt Altick | | maltick@dfwlaborlaw.com | 12/4/2024 9:08:25 AM | ERROR |

Associated Case Party: THEVBI GROUP LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeff Whitfield | | jeff.whitfield@kellyhart.com | 12/4/2024 9:08:25 AM | SENT |
| Judy Collins | | judy.collins@kellyhart.com | 12/4/2024 9:08:25 AM | SENT |
| Joseph D.Austin | | joseph.austin@kellyhart.com | 12/4/2024 9:08:25 AM | SENT |
| Dana Law | | dana.law@kellyhart.com | 12/4/2024 9:08:25 AM | SENT |
| Jeff Whitfield | | JEFF.WHITFIELD@KELLYHART.COM | 12/4/2024 9:08:25 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| George MarcusFettinger | | mfettinger@grayreed.com | 12/4/2024 9:08:25 AM | SENT |
| Steven Clark | 4294800 | sclark@dfwlaborlaw.com | 12/4/2024 9:08:25 AM | SENT |

A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joseph Austin on behalf of Joseph Austin
Bar No. 24101470
joseph.austin@kellyhart.com
Envelope ID: 94913611
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiff's Motion for Entry of Final Judgment
Status as of 12/4/2024 10:00 AM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Steven Clark | 4294800 | sclark@dfwlaborlaw.com | 12/4/2024 9:08:25 AM | SENT |
| Jeremy Brown | 24055221 | jbrown@keatingbrown.com | 12/4/2024 9:08:25 AM | SENT |

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 94930902
Filing Code Description: No Fee Documents
Filing Description: ***Final Judgment***
Status as of 12/4/2024 1:03 PM CST

Associated Case Party: THEVBI GROUP LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeff Whitfield | | JEFF.WHITFIELD@KELLYHART.COM | 12/4/2024 12:41:13 PM | SENT |
| Jeff Whitfield | | jeff.whitfield@kellyhart.com | 12/4/2024 12:41:13 PM | SENT |
| Judy Collins | | judy.collins@kellyhart.com | 12/4/2024 12:41:13 PM | SENT |
| Joseph D.Austin | | joseph.austin@kellyhart.com | 12/4/2024 12:41:13 PM | SENT |
| Dana Law | | dana.law@kellyhart.com | 12/4/2024 12:41:13 PM | SENT |

Associated Case Party: THESPARTAN AUTOMOTIVE TECHNOLOGIES PROVIDERS INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patrick Keating | 794074 | pkeating@keatingbrown.com | 12/4/2024 12:41:13 PM | SENT |
| Nathan DPearman | | npearman@keatingbrown.com | 12/4/2024 12:41:13 PM | ERROR |

Associated Case Party: PETERHOANGUYEN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| STEVEN ECLARK | | SCLARK@DFWLABORLAW.COM | 12/4/2024 12:41:13 PM | SENT |
| Matt Altick | | maltick@dfwlaborlaw.com | 12/4/2024 12:41:13 PM | ERROR |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| George MarcusFettinger | | mfettinger@grayreed.com | 12/4/2024 12:41:13 PM | SENT |
| Steven Clark | 4294800 | sclark@dfwlaborlaw.com | 12/4/2024 12:41:13 PM | SENT |

DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE.
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 94930902
Filing Code Description: No Fee Documents
Filing Description: ***Final Judgment***
Status as of 12/4/2024 1:03 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Steven Clark | 4294800 | sclark@dfwlaborlaw.com | 12/4/2024 12:41:13 PM | SENT |
| Jeremy Brown | 24055221 | jbrown@keatingbrown.com | 12/4/2024 12:41:13 PM | SENT |

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

EXHIBIT
C

017-325961-21

ORIGINAL

FILED
TARRANT COUNTY
11/18/2024 2:11 PM
THOMAS A. WILDER
DISTRICT CLERK

**NO. 017-325961-21**

| | | |
|---|---|---|
| **VBI GROUP, LLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **SPARTAN AUTOMOTIVE TECHNOLOGY PROVIDERS, INC., ET AL** | § § § | **17TH JUDICIAL DISTRICT** |

## CHARGE OF THE COURT

**LADIES AND GENTLEMEN OF THE JURY:**

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your cell phone or any other electronic device during your deliberations for any reason. I will give you a number where others may contact you in case of an emergency.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.



A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

Filed of Record November 18, 2024 @ 12:06 p.m.

Here are the instructions for answering the questions:

1. Do not let bias, prejudice, or sympathy play any part in your decision.

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8. Do not answer questions by drawing straws or by any method of chance.



DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

9. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11. Unless you are told otherwise the answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

As to any question to which an objection has been sustained, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence which was rejected or any evidence that was stricken out by the Court. Such matters are to be treated as though you had never known them.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

Deposition testimony is testimony which has been previously taken under oath. You are instructed that such testimony is entitled to be given the same weight you would give it if it were presented by a witness appearing in the courtroom during trial.



A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

# DEFINITIONS

1. The term "**VBI**" shall mean and refer to VBI Group LLC.

2. The term "**Spartan**" shall mean and refer to Spartan Automotive Technology Providers, Inc. Corporations can act only through human agents.

3. The term "**Peter Nguyen**" shall mean and refer to Peter Hoa Nguyen.

4. The term "**Thi Nguyen**" shall mean and refer to Thi H. Nguyen.

5. The term "**Larry West**" shall mean and refer to Lawrence P. West.

6. The term "**Defendants**" shall mean Spartan, Peter Nguyen, Thi Nguyen, and West.

7. The term "**Ajax**" shall mean Ajax Group, LLC.

8. The term "**GPS Telematics System**" shall include VBI's GPS technology, the source code, the architecture of the technology, the structure of the technology, the components, or the design of the technology, which includes both proprietary and non-proprietary elements.



DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

**QUESTION NO. 1: Did VBI own a trade secret in its GPS Telematics System?**

"Trade secret" means all forms and types of information, including business, scientific, technical, economic, or engineering information, and any formula, design, prototype, pattern, plan, compilation, program device, program, code, device, method, technique, process, procedure, financial data, or list of actual or potential customers or suppliers, whether tangible or intangible and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing that—

1. derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information; and

2. is the subject of reasonable measures by the owner under the circumstances to maintain its secrecy.

"Proper means" are discovery by independent development or any other means that is not improper.

"Improper means" include theft; bribery; misrepresentation; breach of a duty to maintain secrecy, to limit use, or to prohibit discovery of a trade secret; or espionage through electronic or other means.

"Own" means to have rightful, legal, or equitable title to, or the right to enforce rights in, a trade secret.

Answer "Yes" or "No."

Answer: Yes



A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

If you answered "Yes" to Question 1, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 2: Did any of the following misappropriate VBI's GPS Telematics System?**

**Spartan**
**Peter Nguyen**
**Thi Nguyen**
**Larry West**

To find misappropriation of a trade secret, you must find that one or more of the defendants:

- acquired the trade secret, and that the defendant or defendants knew or had reason to know that the trade secret was acquired by improper means; or

- disclosed or used the trade secret without VBI's express or implied consent, and that defendant or defendants used improper means to acquire knowledge of the trade secret; or

- disclosed or used the trade secret without VBI's express or implied consent, and that defendant or defendants, at the time of the disclosure or use, knew or had reason to know that knowledge of the trade secret was derived from or through a person who owed a duty to VBI to maintain its secrecy or limit its use.

"Improper means" includes theft; bribery; misrepresentation; breach or inducement of a breach of a duty to maintain secrecy, to limit use, or to prohibit discovery of a trade secret; or espionage through electronic or other means.

Answer "Yes" or "No" for each defendant:

Spartan: Yes

Peter Nguyen: Yes

Thi Nguyen: Yes

Larry West: Yes



A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

If you answered "Yes" to Question 1 and "Yes" to any Defendant listed in Question 2, then answer the following question. Otherwise, do not answer the following question.

**<u>QUESTION NO. 3</u>: What sum of money, if any, if paid now in cash, would fairly and reasonably compensate VBI for its damages, if any, that were caused by such misappropriation?**

Consider the following elements of damages, if any, and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for damages, if any.

Development costs that any defendant saved by the misappropriation.

Answer: $5,000,000.00



DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

If you answered "Yes" as to any Defendant listed in Question 2, then answer the following question. Otherwise, do not answer the following question.

**<u>QUESTION NO. 4</u>: Were any of the following Defendants part of a conspiracy that damaged VBI?**

To be part of a conspiracy, Spartan, Peter Nguyen, Thi Nguyen, or West must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to VBI. One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.

Answer "Yes" or "No":

Spartan: Yes

Peter Nguyen: Yes

Thi Nguyen: Yes

Larry West: Yes



DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

If you answered "Yes" as to any Defendant listed in Question 2, then answer the following question as to that Defendant or Defendants. Otherwise, do not answer the following question.

**QUESTION NO. 5: Was any of the following defendant's misappropriation willful and malicious?**

"Willful and malicious" misappropriation means intentional misappropriation resulting from the conscious disregard of the rights of the owner of the trade secret.

Answer "Yes" or "No" for each defendant:

Spartan: Yes

Peter Nguyen: Yes

Thi Nguyen: Yes

Larry West: Yes



A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

If you answered "Yes" as to any Defendant listed in Question 2 and as to any Defendant listed in Question 5, then answer the following question. Otherwise, do not answer the following Question.

**QUESTION NO. 6: What is a reasonable fee, if any, for the necessary services of VBI's attorney for its misappropriation of trade secrets claim?**

A reasonable fee is the reasonable hours worked, and to be worked, multiplied by a reasonable hourly rate for that work.

Do not include fees that relate solely to any other claim.

Answer with an amount in dollars and cents for each of the following:

1. For representation in the trial court.

Answer: $254,952.80

2. For post-trial motions and briefing.

Answer: $18,000.00.

3. For representation in the court of appeals.

Answer: $43,500.00.

4. For representation at the petition for review stage in the Supreme Court of Texas.

Answer: $12,750.00.

5. For representation at the merits briefing stage in the Supreme Court of Texas.

Answer: $18,000.00.

6. For representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

Answer: $18,000.00



DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

Answer the following question only if you unanimously answered "Yes" as to any Defendant listed in Question 2 and as to the same Defendant listed in Question 5. Otherwise, do not answer the following question.

To answer "Yes" to any part of the following question, your answer must be unanimous. You may answer "No" to any part of the following question only upon a vote of ten or more jurors. Otherwise, you must not answer that part of the following question.

**QUESTION NO. 7: Do you find by clear and convincing evidence that the harm to VBI resulted from malice?**

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Defendants to cause substantial injury or harm to Plaintiff.

Answer "Yes" or "No" as to Defendant:

Spartan: Yes

Peter Nguyen: Yes

Thi Nguyen: Yes

Larry West: Yes



DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

Answer the following question regarding Defendants only if you unanimously answered "Yes" as to any Defendant listed in Question 7. Otherwise, do not answer the following question regarding that Defendant.

You must unanimously agree on the amount of any award of exemplary damages.

**QUESTION NO. 8: What sum of money, if any, if paid now in cash, should be assessed against Defendants and awarded to VBI as exemplary damages, if any, for the conduct found in response to Question 2?**

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of the defendant.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.
6. The net worth of the defendant.

Answer in dollars and cents for damages, if any.

Answer as to each defendant:

Spartan: $10,000,000.00

Peter Nguyen: $ 4,000,000.00

Thi Nguyen: $ 4,000,000.00

Larry West: $ 4,000,000.00



A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE: ATTEST: 11/17/2026 THOMAS A. WILDER DISTRICT CLERK TARRANT COUNTY, TEXAS BY: /s/ Dalal Nassriyeh

**<u>QUESTION NO. 9</u>: Do you find that VBI's claim against any of the Defendants for misappropriation of trade secrets was brought in bad faith?**

Answer "Yes" or "No" as to each Defendant:

Spartan: No

Peter Nguyen: No

Thi Nguyen: No

Larry West: No



A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

If you answered "Yes" to Question 9, then answer the following question. Otherwise, do not answer the following Question.

**QUESTION NO. 10: What is a reasonable fee, if any, for the necessary services of Defendants' attorneys defending against VBI's claim for misappropriation of trade secrets?**

A reasonable fee is the reasonable hours worked, and to be worked, multiplied by a reasonable hourly rate for that work.

Do not include fees that relate solely to any other claim.

Answer with an amount in dollars and cents for each of the following:

1. For representation in the trial court.

Answer:___________.

2. For post-trial motions and briefing.

Answer:___________.

3. For representation in the court of appeals.

Answer:___________.

4. For representation at the petition for review stage in the Supreme Court of Texas.

Answer:___________.

5. For representation at the merits briefing stage in the Supreme Court of Texas.

Answer:___________.

6. For representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

Answer:___________



DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

**QUESTION NO. 11: While technology director, was Peter Nguyen a corporate officer of VBI?**

Answer: "Yes" or "No".

Answer: Yes



A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

**<u>QUESTION NO. 12</u>: Did Peter Nguyen fail to comply with any of the following fiduciary duties:**

1. Not to divulge VBI's trade secrets during his employment.
2. To act in VBI's best interests.
3. Not to use VBI's confidential information acquired during his employment in a manner adverse to VBI.

Answer "Yes" or "No."

Answer: Yes



A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

**<u>QUESTION NO. 13</u>: What sum of money, if any, if paid now in cash, would fairly and reasonably compensate VBI for its damages, if any, that were proximately caused by such conduct in Question No. 12?**

Answer separately in dollars and cents for damages, if any. Do not include interest on any amount of damages you find.

The portion of Peter Nguyen's salary he received from VBI attributable to his wrongdoing.

Answer: $135,000.00



A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

<u>**QUESTION NO. 14**</u>**: Did VBI and Ajax enter into an agreement whereby VBI agreed to pay to Ajax commissions for sales of VBI's products?**

Answer "Yes" or "No":

Answer: Yes



A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

If you answered "Yes" to Question 14, then answer the following question. Otherwise, do not answer the following question.

**<u>QUESTION NO. 15</u>: Did VBI breach the agreement by failing to pay commissions to Ajax?**

Answer "Yes" or "No":

Answer: NO



A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE: ATTEST: 11/17/2026 THOMAS A. WILDER DISTRICT CLERK TARRANT COUNTY, TEXAS BY: /s/ Dalal Nassriyeh

If you answered "Yes" to Questions 14 and 15, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 16: Was VBI's failure to pay commissions excused by any term of the agreement?**

Answer "Yes" or "No":

Answer:___________



A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

If you answered "Yes" to Questions 14 and 15, and "No" to Question 16, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 17: What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ajax for its damages from the breach of the agreement?**

Consider the following elements of damages, if any, and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for damages, if any.

Ajax's unpaid commissions owed by VBI.

Answer: _______________



DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

If you answered "Yes" to Questions 14 and 15, and "No" to Question 16, then answer the following question. Otherwise, do not answer the following Question.

**QUESTION NO. 18: What is a reasonable fee for the necessary legal services of Ajax's attorneys for breach of the agreement?**

A reasonable fee is the reasonable hours worked, and to be worked, multiplied by a reasonable hourly rate for that work.

Do not include fees that relate solely to any other claim.

Answer with an amount in dollars and cents for each of the following:

1. For representation in the trial court.

Answer:___________.

2. For post-trial motions and briefing.

Answer:___________.

3. For representation in the court of appeals.

Answer:___________.

4. For representation at the petition for review stage in the Supreme Court of Texas.

Answer:___________.

5. For representation at the merits briefing stage in the Supreme Court of Texas.

Answer:___________.

6. For representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

Answer:___________



DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

## Presiding Juror:

1. When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2. The presiding juror has these duties:

a. have the complete charge read aloud if it will be helpful to your deliberations;
b. preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;
c. give written questions or comments to the bailiff who will give them to the judge;
d. write down the answers you agree on;
e. get the signatures for the verdict certificate; and
f. notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

## Instructions for Signing the Verdict Certificate:

1. Unless you are told otherwise, you may answer the questions on a vote of ten jurors. The same ten jurors must agree on every answer in the charge. This means you may not have one group of ten jurors agree on one answer and a different group of ten jurors agree on another answer.

2. If ten jurors agree on every answer, those ten jurors sign the verdict.

If eleven jurors agree on every answer, those eleven jurors sign the verdict.

If all twelve of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3. All jurors should deliberate on every question. You may end up with all twelve of you agreeing on some answers, while only ten or eleven of you agree on other answers. But when you sign the verdict, only those ten who agree on every answer will sign the verdict.



A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

4. There are some special instructions before Questions 7 and 8 explaining how to answer those questions. Please follow the instructions. If all twelve of you answer those questions, you will need to complete a second verdict certificate for those questions.

Do you understand these instructions? If you do not, please tell me now.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as Presiding Juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

Melody Wilkinson
MELODY WILKINSON
JUDGE PRESIDING



DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

## Verdict Certificate

Check one:

__X__ Our verdict is unanimous. All twelve of us have agreed to each and every answer. The presiding juror has signed the certificate for all twelve of us.

JAckelyN E. Werblo
Printed Name of Presiding Juror

[signature]
Signature of Presiding Juror

______ Our verdict is not unanimous. Eleven of us have agreed to each and every answer and have signed the certificate below.

______ Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below.

| | |
|---|---|
| 1. NAME BAKER | 7. NAME CASTANEDA |
| SIGNATURE | SIGNATURE |
| 2. NAME HOPKINS | 8. NAME RIVERA |
| SIGNATURE | SIGNATURE |
| 3. NAME JACKSON | 9. NAME BOLTON |
| SIGNATURE | SIGNATURE |
| 4. NAME WERBLO | 10. NAME HORNICK |
| SIGNATURE | SIGNATURE |
| 5. NAME LETT | 11. NAME PLEASANT |
| SIGNATURE | SIGNATURE |
| 6. NAME BRYSON | 12. NAME HARDY |
| SIGNATURE | SIGNATURE |



DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

## Additional Certificate

I certify that the jury was unanimous in answering the following questions. All twelve of us agreed to each of the answers. The presiding juror has signed the certificate for all twelve of us.

Question 2

Spartan: Yes

Peter Nguyen: Yes

Thi Nguyen: Yes

Larry West: Yes

Question 5

Spartan: Yes

Peter Nguyen: Yes

Thi Nguyen: Yes

Larry West: Yes

Question 7

Spartan: Yes

Peter Nguyen: Yes

Thi Nguyen: Yes

Larry West: Yes



DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

Question 8

Spartan: Yes

Peter Nguyen: Yes

Thi Nguyen: Yes

Larry West: Yes

[signature]
Signature of Presiding Juror

Jackelyn E. Webblo
Printed Name of Presiding Juror



A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 94413719
Filing Code Description: No Fee Documents
Filing Description: ***Charge of the Court***
Status as of 11/18/2024 2:20 PM CST

Associated Case Party: THEVBI GROUP LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeff Whitfield | | JEFF.WHITFIELD@KELLYHART.COM | 11/18/2024 2:11:59 PM | SENT |
| Jeff Whitfield | | jeff.whitfield@kellyhart.com | 11/18/2024 2:11:59 PM | SENT |
| Judy Collins | | judy.collins@kellyhart.com | 11/18/2024 2:11:59 PM | SENT |
| Carrie Geese | | carrie.geese@kellyhart.com | 11/18/2024 2:11:59 PM | SENT |
| Joseph D.Austin | | joseph.austin@kellyhart.com | 11/18/2024 2:11:59 PM | SENT |
| Dana Law | | dana.law@kellyhart.com | 11/18/2024 2:11:59 PM | SENT |

Associated Case Party: THESPARTAN AUTOMOTIVE TECHNOLOGIES PROVIDERS INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patrick Keating | 794074 | pkeating@keatingbrown.com | 11/18/2024 2:11:59 PM | SENT |
| Nathan DPearman | | npearman@keatingbrown.com | 11/18/2024 2:11:59 PM | SENT |

Associated Case Party: PETERHOANGUYEN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| STEVEN ECLARK | | SCLARK@DFWLABORLAW.COM | 11/18/2024 2:11:59 PM | SENT |
| Matt Altick | | maltick@dfwlaborlaw.com | 11/18/2024 2:11:59 PM | ERROR |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| George MarcusFettinger | | mfettinger@gr[illegible].com | 11/18/2024 2:11:59 PM | SENT |

A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 94413719
Filing Code Description: No Fee Documents
Filing Description: ***Charge of the Court***
Status as of 11/18/2024 2:20 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| George MarcusFettinger | | mfettinger@grayreed.com | 11/18/2024 2:11:59 PM | SENT |
| Steven Clark | 4294800 | sclark@dfwlaborlaw.com | 11/18/2024 2:11:59 PM | SENT |
| Jeremy Brown | 24055221 | jbrown@keatingbrown.com | 11/18/2024 2:11:59 PM | SENT |

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

EXHIBIT D

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information 11/12/2026 4:22 PM

Court : 017 Case : 325961 Search New Search ☐ Show Service Documents ONLY

**Cause Number : 017-325961-21** **Date Filed : 06-18-2021**

VBI GROUP LLC | VS | SPARTAN AUTOMOTIVE TECHNOLOGY PROVIDERS, INC., ET

**Cause of Action :** OTHER CIVIL, OTHER
**Case Status :** FINAL JUDGMENT BY JURY VERDICT - BANKRUPTCY

| File Mark | Description | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|
| 06-18-2021 | PLTF'S ORIG PET | PDF N | $289.00 | |
| 06-18-2021 | PAYMENT RECEIVED trans #1 | Y | | $289.00 |
| 06-18-2021 | CIT Sec of St-ISSUED ON LAWRENCE P WEST-On 06/21/2021 | PDF N Svc | $8.00 | |
| 06-18-2021 | PAYMENT RECEIVED trans #3 | Y | | $8.00 |
| 06-18-2021 | CIT-ISSUED ON SPARTAN AUTOMOTIVE TECHNOLOGIES PROVIDER-On 06/21/2021 | PDF N Svc | $8.00 | |

| | | | | | |
|---|---|---|---|---|---|
| 06-18-2021 | CIT-ISSUED ON PETER HOA NGUYEN-On 06/21/2021 | N | Svc | $8.00 | |
| 06-18-2021 | CIT-ISSUED ON THI H NGUYEN-On 06/21/2021 | N | Svc | $8.00 | |
| 06-18-2021 | PAYMENT RECEIVED trans #7 | Y | | | $8.00 |
| 06-18-2021 | PAYMENT RECEIVED trans #6 | Y | | | $8.00 |
| 06-18-2021 | PAYMENT RECEIVED trans #5 | Y | | | $8.00 |
| 06-30-2021 | CIT RTN-PETER HOA NGUYEN | | | | $0.00 |
| 06-30-2021 | CIT RTN-SPARTAN AUTOMOTIVE TECNOLOGIES PROVIDERS | | | | $0.00 |
| 06-30-2021 | CIT RTN-THI H NGUYEN | | | | $0.00 |
| 06-30-2021 | CIT Tr# 6 RET EXEC(PETER HOA NGUYEN) On 06/23/2021 | | | | $0.00 |
| 06-30-2021 | CIT Tr# 5 RET EXEC(SPARTAN AUTOMOTIVE TECHNOLOGIES PROVIDERS INC) On 06/29/2021 | | | | $0.00 |
| 06-30-2021 | CIT Tr# 7 RET EXEC(THI H NGUYEN) On 06/29/2021 | | | | $0.00 |

| | | | | | |
|---|---|---|---|---|---|
| 08-09-2021 | ORIG ANS, SPEC EXCEPT & COUNTERCLAIM OF SPARTAN AUTOMOTIVE TECHNOLOGY PROVIDERS INC., PETER HOA NGUYEN AND THI H nguyen | N | | $80.00 | |
| 08-09-2021 | PAYMENT RECEIVED trans #17 | Y | | | $80.00 |
| 08-12-2021 | ***ORD SET TRIAL (WK OF 7/18/22)*** | | M | | $0.00 |
| 08-26-2021 | (PROP) AGRD SCHED ORD | | | | $0.00 |
| 08-27-2021 | PLTF'S 1ST AMD PET | | | | $0.00 |
| 08-27-2021 | ***AGRD SCHED ORD (JURY TRIAL WK OF 7-18-22)*** | | M | | $0.00 |
| 09-17-2021 | CDEF'S ORIG ANS & SPEC/EXC TO DEFNS' CNTRCLAIM-VBIGROUP LLC | | | | $0.00 |
| 10-12-2021 | DEFN LAWRENCE P WEST'S ORIG ANS & CNTR CLAIM | N | | $80.00 | |
| 10-12-2021 | PAYMENT RECEIVED trans #24 | Y | | | $80.00 |
| 10-15-2021 | 3PLT'S PET/INTERVENTION AGNST VBI GROUP LLC | N | | $80.00 | |
| 10-15-2021 | PAYMENT RECEIVED trans #26 | Y | | | $80.00 |

| | | | | |
|---|---|---|---|---|
| 01-10-2022 | ORIG ANS, SPEC EXCEPT & COUNTERCLAIM TO 1ST AMD PET FROM SPARTAN AUTOMOTIVE TECHOLOGY PROVIDERS INC. AND PETER HOA NGUYEN AND THI H NGUYEN | PDF | | $0.00 |
| 01-10-2022 | PLTF'S NOT/APPR OF CO-COUNSEL-MARCUS FETTINGER | PDF | | $0.00 |
| 01-10-2022 | LAWRENCE WEST'S 1ST AMD ANS & COUNTERCLAIM | PDF | | $0.00 |
| 03-04-2022 | VBI GROUP LLC'S MTN COMPEL INSPECTION OF PROPERTY | PDF | | $0.00 |
| 03-04-2022 | PLTF'S TESTIFYING EXPERT WITNESSES DESIGNATION | PDF | | $0.00 |
| 03-29-2022 | MTN COMPEL COMPLETE WRITTEN DISC RESP/DOC PROD OF SPARTAN AUTOMOTIVE TECHNOLOGY PROVIDERS INC., PETER HOA NGUYEN AND THI h nguyen | PDF | | $0.00 |
| 03-30-2022 | NOT OF HRG (MAY 9, 2022 @ 3 PM) | PDF | | $0.00 |
| 04-29-2022 | JOINT MTN TO ENTER SCHED ORD | PDF | | $0.00 |
| 04-29-2022 | (PROP)AGRD AMD SCHED ORD | PDF | | $0.00 |
| 05-03-2022 | JOINT MTN FOR ENTRY OF AGRD PROTECTIVE ORDR | PDF | | $0.00 |

| | | | | |
|---|---|---|---|---|
| 05-03-2022 | (PROP)AGRD PROTECTIVE ORDR | PDF | | $0.00 |
| 05-04-2022 | ***AGRD PROTECTIVE ORD*** | PDF M | | $0.00 |
| 05-04-2022 | ***AGRD AMD SCHED ORD(WK OF 04/24/2023)*** | PDF M | | $0.00 |
| 08-30-2022 | UNOPPOSED MTN W/D COUNSEL PLTF | PDF | | $0.00 |
| 08-30-2022 | (PROPOSED)ORD W/D COUNSEL PLTF | PDF | | $0.00 |
| 08-30-2022 | DEFN'S AMD MTN/COMPEL COMPLETE WRITTEN DISCOVERY RESPONSES | PDF | | $0.00 |
| 08-30-2022 | PLTF'S MTN/COMPEL AGNST DEFN SPARTAN AUTOMOTIVE TECHNOLOGY PROVIDERS INC | PDF | | $0.00 |
| 10-07-2022 | NOT OF APPEARANCE AS COUNSEL | PDF | | $0.00 |
| 10-12-2022 | DEFN MOT TO SUB COUNSEL | PDF | | $0.00 |
| 10-12-2022 | (PROPOSED)ORD TO SUB COUNSEL | PDF | | $0.00 |
| 10-13-2022 | ***ORD TO SUB COUNSEL | PDF M | | $0.00 |

| | | | | |
|---|---|---|---|---|
| 11-02-2022 | UNOPPO MTN W/D & SUB COUNSEL DEFN/3PLTF | | | $0.00 |
| 11-02-2022 | (PROPOSED)ORD W/D & SUB COUNSEL | | | $0.00 |
| 11-02-2022 | ***ORD GRANT MOT W/D & SUBST COUNSEL DEFN LAWRENCEP. WEST & 3RD-PARTY PLTF AJAX GROUP | M | | $0.00 |
| 11-23-2022 | NOT HRG 12/12/2022 @ 2:30PM-PLTF MOT COMPEL | | | $0.00 |
| 11-23-2022 | NOT HRG 12/12/2022 @ 3:00PM-DEFN MOT TO COMPEL | | | $0.00 |
| 11-28-2022 | AMD NOT HRG 12/12/2022 @ 3:00PM-PLTF MOT COMPEL | | | $0.00 |
| 12-12-2022 | DECLARATION OF SCOTT ANDREWS | | | $0.00 |
| 12-15-2022 | NOT HRG 12/19/22 @ 2:30 PM DEFNS MTN COMPEL | | | $0.00 |
| 12-16-2022 | DEFN DESIG EXPERT WITNESSES | | | $0.00 |
| 12-16-2022 | NOT CNCL HRG 12/19/22 @2:30 PM DEFN MTN COMPEL WRITTEN DISC | | | $0.00 |
| 12-19-2022 | (PROPOSED)ORD COMPEL INSPECTION OF PROPERTY | | | $0.00 |

| | | | | |
|---|---|---|---|---|
| 12-19-2022 | ***ORD GRANT PLTF MOT TO COMPEL INSP OF PROP | M | | $0.00 |
| 01-23-2023 | PLTF JURY DEMAND | | | $0.00 |
| 01-23-2023 | JURY REQUESTED | | | $0.00 |
| 02-07-2023 | ***ORD RE: TRIAL SET WK OF 4/24/23 | M | | $0.00 |
| 03-10-2023 | DEFN NO-EVID MSJ | | | $0.00 |
| 03-10-2023 | (PROPOSED)ORD ON DEFN'S NO-EV MSJ | | | $0.00 |
| 03-21-2023 | NOT OF HRG 4/11/23 @ 3:30PM-DEFN NO-EVID MSJ | | | $0.00 |
| 03-30-2023 | AGRD JT MTN CONT & ENTRY AMD SCHED ORD | | | $0.00 |
| 03-30-2023 | (PROPOSED)AMD SCHED ORD | | | $0.00 |
| 03-31-2023 | RULE 11 AGRMNT | | | $0.00 |
| 03-31-2023 | ***AMD SCHED ORD, TRIAL SET WK OF 11/13/23 | M | | $0.00 |

| | | | | |
|---|---|---|---|---|
| 08-09-2023 | ***ORD RE: TRIAL SET WK OF 11/13/23 | PDF M | | $0.00 |
| 08-28-2023 | LTR/AUSTIN RE: RULE 11 AGREEMENT | PDF | | $0.00 |
| 09-28-2023 | 2ND AGRD MTN CONT/ENTRY AMD SCHED ORD | PDF | | $0.00 |
| 09-28-2023 | PROPOSED AMD SCHED ORD (ATTACHED) | PDF | | $0.00 |
| 10-11-2023 | ***(SIGNED 10/10/23)AMD SCHD ORD,TRIAL WK OF - 6/10/24*** | PDF M | | $0.00 |
| 03-07-2024 | DEFNS SUPPL DESIG EXPERT WINTESSES | PDF | | $0.00 |
| 03-21-2024 | ***ORD RE:TRIAL SET WK OF 6/10/24*** | PDF M | | $0.00 |
| 03-21-2024 | AGRD MTN ADMINISTRATIVE TRIAL RESET | PDF | | $0.00 |
| 03-21-2024 | PROPOSED AMD SCHED ORD (ATTACHED) | PDF | | $0.00 |
| 03-21-2024 | SIGNED AGRD MTN ADMINISTRATIVE TRIAL REST | PDF | | $0.00 |
| 03-21-2024 | PROPOSED AMD SCHED ORD (ATTACHED) | PDF | | $0.00 |

| | | | | |
|---|---|---|---|---|
| 04-18-2024 | ***ORD SETTING TRIAL (WK OF 11-4-24)*** | M | | $0.00 |
| 08-15-2024 | ***ORD RE TRIAL SETTING FOR WK OF 11-4-24*** | M | | $0.00 |
| 10-22-2024 | 3PLT 1ST SUPPLEMENTAL PET IN INTV AGNST VBI GROUP LLC | | | $0.00 |
| 10-23-2024 | DEFNS' WITNESS LIST | | | $0.00 |
| 10-23-2024 | DEFNS' MOT/LIMINE | | | $0.00 |
| 10-23-2024 | DEFNS' REQUESTED COURT CHARGE, JURY QUESTIONS DEFINITIONS & INSTRUCTIONS | | | $0.00 |
| 10-23-2024 | DEFNS' TRIAL EXHIBIT LIST | | | $0.00 |
| 10-25-2024 | PLTF'S MOT/LIMINE | | | $0.00 |
| 10-25-2024 | PLTF'S PROPOSED CHARGE OF THE COURT | | | $0.00 |
| 10-25-2024 | PLTF'S TRIAL EXHIBIT LIST | | | $0.00 |
| 10-25-2024 | PLTF'S TRIAL WITNESS LIST | | | $0.00 |

| | | | | |
|---|---|---|---|---|
| 10-25-2024 | SUBPOENA RET OF SVC-MARK PETERS-EXEC 10-24-24 | PDF | | $0.00 |
| 10-29-2024 | SUBPOENA RET OF SVC-BRIAN NOVOTNY-EXEC 10-24-24 | PDF | | $0.00 |
| 10-31-2024 | ***ORD RE PLTF'S MOT/LIMINE*** | PDF M | | $0.00 |
| 10-31-2024 | ***ORD RE DEFN'S MOT/LIMINE*** | PDF M | | $0.00 |
| 11-05-2024 | ***AMD ORD RE PLTF'S MOT/LIMINE*** | PDF M | | $0.00 |
| 11-06-2024 | ***(SIGNED 11-5-24)AMD ORD RE DEFNS' MOT/LIMINE*** | PDF M | | $0.00 |
| 11-06-2024 | JURY SELECTED | | | $0.00 |
| 11-11-2024 | PLTF/CDEF'S ORIG ANS & AFFIRM DEFENSES TO PET/INTV-VBI GROUP LLC | PDF | | $0.00 |
| 11-18-2024 | ***CHARGE OF THE COURT*** | PDF M | | $0.00 |
| 12-03-2024 | CERT/DEPO-SAM MAHROUQ 10-4-24 ($1800.60-DEFN) | PDF | | $0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 12-04-2024 | PLTF'S MOT/ENTRY OF FINAL JDG | PDF | | | | $0.00 |
| 12-04-2024 | (PROPOSED)FINAL JDG | PDF | | | | $0.00 |
| 12-04-2024 | ***FINAL JDG*** (COSTS-DEFN) | PDF | | M | | $0.00 |
| 12-04-2024 | FINAL JDG-TRANS #105 CLOSES CASE | | | | | $0.00 |
| 12-04-2024 | *****************CASE CLOSED***************** | | | | | $0.00 |
| 12-04-2024 | DOCKET SHEET | PDF | | | | $0.00 |
| 12-20-2024 | APPL/ABSTRACT | PDF | | | | $0.00 |
| 12-20-2024 | ABSTRACT JUDG-ISSUED ON-On 12/23/2024 | PDF | N | Svc | $8.00 | |
| 12-20-2024 | PAYMENT RECEIVED trans #110 | | Y | | | $8.00 |
| 01-02-2025 | DEFN'S MOT/NEW TRIAL | PDF | N | | $80.00 | |
| 01-02-2025 | PAYMENT RECEIVED trans #112 | | Y | | | $35.00 |
| 01-02-2025 | PAYMENT PAID TO STATE trans #112 | | Y | | | $45.00 |

| | | | | |
|---|---|---|---|---|
| 01-02-2025 | (PROPOSED)ORD ON DEFN'S MOT/NEW TRIAL | PDF | | $0.00 |
| 01-17-2025 | DEFN'S OBJS TO POST-JDG DISCOVERY REQUESTS OF VBI & MOT/QUASH | PDF | | $0.00 |
| 01-17-2025 | PLTF'S 1ST SET OF POST-JDG DISCOVERY TO DEFNS TECHNOLOGY PROVIDERS INC | PDF | | $0.00 |
| 02-04-2025 | PLTF'S MOT/COMPEL | PDF | | $0.00 |
| 02-10-2025 | NOT/HRG (2-18-25/3:30) PLTF'S MOT/COMPEL | PDF | | $0.00 |
| 02-13-2025 | DEFN'S MOT/RESET HRG ON PLTF'S MOT/COMPEL | PDF | | $0.00 |
| 02-13-2025 | (PROPOSED)ORD GRNTNG DEFN'S MOT/RESET HRG ON PLTF'S MOT/COMPEL | PDF | | $0.00 |
| 02-13-2025 | (PROPOSED)ORD GRNTNG PLTF'S MOT/COMPEL | PDF | | $0.00 |
| 02-14-2025 | DEFN'S RESP TO PLTF'S MOT/COMPEL | PDF | | $0.00 |
| 02-14-2025 | (PROPOSED)ORD DENYING PLTF'S MOT/COMPEL | PDF | | $0.00 |
| 02-18-2025 | PLTF'S RESP TO DEFNS' MOT/RESET HRG ON PLTF'S MOT/COMPEL | PDF | | $0.00 |
| 02-18-2025 | (PROPOSED)ORD DENY DEFNS MOT/RESET HRG ON PLTF'S MOT/COMPEL | PDF | | $0.00 |

| | | | | |
|---|---|---|---|---|
| 02-18-2025 | ***ORD GRNTNG PLTF'S MOT/COMPEL*** | PDF M | | $0.00 |
| 02-18-2025 | DOCKET SHEET | PDF | | $0.00 |
| 03-10-2025 | REQ/CERTIFIED EXEMPLIFIED COPIES | PDF | | $0.00 |
| 03-10-2025 | CERTIFY AND SEAL COPY FEE | N | $5.00 | |
| 03-10-2025 | CERTIFY AND SEAL COPY FEE | N | $5.00 | |
| 03-10-2025 | CERTIFY AND SEAL COPY FEE | N | $5.00 | |
| 03-10-2025 | CERTIFY AND SEAL COPY FEE | N | $5.00 | |
| 03-10-2025 | PAYMENT RECEIVED trans #133 | Y | | $5.00 |
| 03-10-2025 | PAYMENT RECEIVED trans #132 | Y | | $5.00 |
| 03-10-2025 | PAYMENT RECEIVED trans #131 | Y | | $5.00 |
| 03-10-2025 | PAYMENT RECEIVED trans #130 | Y | | $5.00 |
| 03-10-2025 | CERTIFIED COPIES - ELECTRONIC | N | $56.00 | |

| | | | | |
|---|---|---|---|---|
| 03-10-2025 | PAYMENT RECEIVED trans #138 | Y | | $56.00 |
| 03-10-2025 | Certified Exemplified Copy-Created on 03/10/2025 | | | $0.00 |
| 03-10-2025 | Certified Exemplified Copy-Created on 03/10/2025 | | | $0.00 |
| 03-10-2025 | Certified Exemplified Copy-Created on 03/10/2025 | | | $0.00 |
| 03-10-2025 | Certified Exemplified Copy-Created on 03/10/2025 | | | $0.00 |
| 04-03-2025 | PLTF'S MOT/ENTRY OF SHOW CAUSE ORD & MOT/CONTEMPT & FOR SANCTIONS AGA DEFNS | | | $0.00 |
| 04-03-2025 | DEFNS' DESG/ITEMS TO BE INCLUDED IN CLERK'S RECORD | | | $0.00 |
| 04-04-2025 | COVER LTR TO PAYMENT FOR MOTION/CONTEMPT | N | $80.00 | |
| 04-04-2025 | PAYMENT RECEIVED trans #146 | Y | | $35.00 |
| 04-04-2025 | PAYMENT PAID TO STATE trans #146 | Y | | $45.00 |
| 04-04-2025 | (PROPOSED) ORD GRNTNG PLTF'S MOT/ENTRY OF SHOW CAUSE ORD & MOT/CONTEMPT & SANCTIONS AGNST DEFN'S | | | $0.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 04-07-2025 | *DEFN'S NOT/APPEAL (JURISDICTION) | PDF | N | | | $35.00 | |
| 04-07-2025 | PAYMENT RECEIVED trans #150 | | Y | | | | $35.00 |
| 04-07-2025 | ***ORD GRNTNG PLTF'S MOT/ENTRY OF SHOW CAUSE ORD &MOT FOR CONTEMPT & FOR SANCTIONS AGA DEFNS*** | PDF | | | M | | $0.00 |
| 04-07-2025 | DOCKET SHEET | PDF | | | | | $0.00 |
| 04-07-2025 | *LTR (CT/APPEALS) 02-25-00161-CV JURISDICTION | PDF | | | | | $0.00 |
| 06-03-2025 | PLTF'S MOT/AUTHORIZE ALT SVC OF SHOW/CAUSE ORD | PDF | | | | | $0.00 |
| 06-03-2025 | (PROPOSED)1ST AMD ORD GRNTNG PLTF'S MOT/ENTRY OF SHOW CAUSE ORD, MOT/CONTEMPT & SANCTIONS AGNST DEFNS | PDF | | | | | $0.00 |
| 06-05-2025 | *JDG & OPIN (CT/APPEALS) DWOJ | PDF | | | | | $0.00 |
| 06-06-2025 | ***1ST AMD ORD GRNTNG PLTF'S MOT/ENTRY OF SHOW CAUSE ORD & MOT/CONTEMPT & FOR SANCTIONS AGA DEFNS*** | PDF | | | M | | $0.00 |
| 07-07-2025 | DEFN'S SUGG/BANKRUPTCY | PDF | | | M | | $0.00 |

| | | | | |
|---|---|---|---|---|
| 07-07-2025 | DEFN'S NOT/BANKRUPTCY CASE FILING (ATTACHED) | PDF | | $0.00 |
| 07-08-2025 | DEFN'S SUGG/BANKRUPTCY | PDF | | $0.00 |
| 07-08-2025 | DEFN'S CERT/COUNSELING (ATTACHED TO DEFN'S SUGG/ BANKRUPTCY) | PDF | | $0.00 |
| 07-08-2025 | DEFN'S VOLUNTARY PET/BANKRUPTCY (ATTACHED TO DEFNSSUGG/BANKRUPTCY) | PDF | | $0.00 |
| 07-09-2025 | (PROPOSED) ORD/ISSUANCE WRIT/ATTACHMENT-DEFNS PETER HOA NGUYEN & THI H NGUYEN | PDF | | $0.00 |
| 07-10-2025 | ***ORD/ISSUE WRIT/ATTACHMENT AS TO DEFN'S PETER HOA NGUYEN & THI H NGUYEN*** | PDF M | | $0.00 |
| 07-10-2025 | DOCKET SHEET | PDF | | $0.00 |
| 07-17-2025 | LTR REQ WRIT/ATTACHMENT EMAILED (TO DP/RR) | PDF | | $0.00 |
| 07-17-2025 | WRIT ATTACH-ISSUED ON PETER HOA NGUYEN-On 07/22/2025 | PDF N Svc | $8.00 | |
| 07-17-2025 | WRIT ATTACH-ISSUED ON THI H NGUYEN-On 07/22/2025 | PDF N Svc | $8.00 | |
| 07-17-2025 | PAYMENT RECEIVED trans #169 | Y | | $8.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 07-17-2025 | PAYMENT RECEIVED trans #168 | | Y | | | $8.00 |
| 08-18-2025 | *MANDATE (CT/APPEALS) DWOJ | PDF | | | | $0.00 |
| 08-18-2025 | *LTR (CT/APPEALS) EXHIBITS | PDF | | | | $0.00 |
| 08-20-2025 | EXH RECEIPT ROW 6 BOX 24 | PDF | | | | $0.00 |
| 09-24-2025 | DEFN'S SUGGESTION OF BANKRUPTCY | PDF | | | | $0.00 |

EXHIBIT
E

Jeff Whitfield
State Bar No. 24060825
jeff.whitfield@kellyhart.com
Joseph D. Austin
State Bar No. 24101470
joseph.austin@kellyhart.com
Harrison A. Pavlasek
State Bar No. 24126906
harrison.pavlasek@kellyhart.com
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

*Attorneys for VBI Group LLC,*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-33671-sgj7 |
| PETER HOA NGUYEN and | § | |
| THI HONG NGUYEN | § | |
| | § | CHAPTER 7 |
| DEBTORS | § | |
| | § | |
| VBI GROUP LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. PROC. NO. 25-03127-sgj |
| | § | |
| PETER HOA NGUYEN and | § | |
| THI HONG NGUYEN, | § | |
| | § | |
| Defendants | § | |

**DECLARATION OF MARK A. COOPER IN SUPPORT OF VBI GROUP LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, Mark A. Cooper, make this declaration, pursuant to 28 U.S.C. § 1746, and state as follows:

1. I am a the Corporate Secretary of VBI Group, LLC ("VBI" or "Plaintiff"), which has an office at 1161 W. Corporate Drive, Suite 300, Arlington, Texas 76006.

2. I submit this *Declaration* in support of Plaintiff's *Motion for Partial Summary Judgment* (the "Motion"),[1] filed, contemporaneously herewith, against Peter Hoa Nguyen ("Peter") and Thi H. Nguyen ("Thi" and with Peter, the "Defendants"), seeking partial summary judgment on the *Complaint* [Docket No. 1] (the "Complaint") for defalcation while acting in a fiduciary capacity as asserted against Peter (Count 1 of the Complaint); embezzlement as asserted against Peter (Count 2 of the Complaint); larceny as asserted against both Defendants (Count 3 of the Complaint); and willful and malicious injury as asserted against both Defendants (Count 4 of the Complaint).

3. Attached is a true and correct copy of the Final Judgment, awarding Plaintiff, among other things, its court costs and expenses. Plaintiff incurred a total of $7,223.35 in costs in connection with the State Court Litigation and awarded to it the Final Judgment itemized below:

| Date | Category | Vendor | Description | Amount |
|---|---|---|---|---|
| 6/18/2021 | Filing Fee | State Court | Filing Fee for Original Petition | $289.00 |
| 6/23/2021 | Service Fee | Falcon Document Solutions | Service of Citation/Petition on Peter Hoa Nguyen | $90.00 |
| 6/30/2021 | Service Fee | Falcon Document Solutions | Service of Citation/Petition on Thi Nguyen | $90.00 |
| 10/14/2024 | Deposition Fee | Veritext | Deposition of Larry Jones | $2,137.50 |
| 10/24/2024 | Service Fee | Silver Star Legal Services | Service of Subpoena to Brian Novotny | $95.00 |
| 10/25/2024 | Deposition Fee | Veritext | Deposition of Peter Nguyen | $1,848.45 |
| 10/25/2024 | Deposition Fee | Veritext | Deposition of Thi Nguyen | $965.00 |
| 10/28/2024 | Deposition Fee | Veritext | Deposition of Lawrence West | $1,368.40 |
| 4/4/2025 | Filing Fee | State Court | Filing Fee Motion for Entry of Show Cause Order, and Motion for | $80.00 |

[1] Capitalized terms used herein but not otherwise defined shall have the meaning given to them in the Motion.

| | | | | |
|---|---|---|---|---|
| | | | Contempt and for Sanctions against Defendants | |
| 6/3/2025 | Service Fee | Legal Connection | Service of Subpoena to Wells Fargo | $80.00 |
| 6/3/2025 | Service Fee | Legal Connection | Service of Subpoena to Frost Bank | $90.00 |
| 6/3/2025 | Service Fee | Legal Connection | Service of Subpoena to Shellpoint Mortgage | $90.00 |
| **Total:** | | | | **$7,223.35** |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/24/2026 .

Signed by:
Mark A. Cooper
65968FF0FFCD449...
Mark A. Cooper

FILED
TARRANT COUNTY
12/4/2024 12:41 PM
THOMAS A. WILDER
DISTRICT CLERK

FILED
TARRANT COUNTY
12/4/2024 9:08 AM
THOMAS A. WILDER
DISTRICT CLERK

017-325961-21

**CAUSE NO. 017-325961-21**

| | | |
|---|---|---|
| **VBI GROUP LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SPARTAN AUTOMOTIVE TECHNOLOGY PROVIDERS, INC., PETER HOA NGUYEN, THI H. NGUYEN, AND LAWRENCE P. WEST,** | § § § § § | **17TH JUDICIAL DISTRICT** |
| | § | |
| **Defendants.** | § | **TARRANT COUNTY, TEXAS** |

## FINAL JUDGMENT

This case was called to trial on November 6, 2024. Plaintiff VBI Group LLC ("**VBI Group**") appeared through its attorneys of record and announced ready for trial. Defendants Spartan Automotive Technology Providers, Inc., Peter Hoa Nguyen, Thi H. Nguyen, and Lawrence West (collectively the "**Defendants**") and Intervenor Ajax Group, LLC ("**Ajax**") appeared through their attorneys and announced ready for trial.

A jury consisting of twelve (12) qualified jurors was duly impaneled and the case proceeded to trial. The trial concluded on November 15, 2024, when the Court submitted all issues of fact to the jury. The jury returned its verdict on November 18, 2024. The jury's verdict is incorporated herein for all purposes.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover from Spartan Automotive Technology Providers, Inc., Peter Hoa Nguyen, Thi H. Nguyen, and Lawrence West, joint and severally, the sum of $5,000,000.00 in actual damages relating to Defendants' misappropriation of VBI Group's trade secrets.

DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover $10,000,000.00 in exemplary damages against Spartan Automotive Technology Providers, Inc. for its misappropriation of trade secrets.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover $4,000,000.00 in exemplary damages against Peter Hoa Nguyen for his misappropriation of trade secrets.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover $4,000,000.00 in exemplary damages against Thi H. Nguyen for her misappropriation of trade secrets.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover $4,000,000.00 in exemplary damages against Lawrence P. West for his misappropriation of trade secrets.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover against Peter Hoa Nguyen $135,000.00 as disgorgement for his breach of fiduciary duty.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover the following attorneys' fees from Defendants in connection with VBI Group's misappropriation of trade secrets claim:

1. $256,952.80 through trial;
2. $18,000.00 for post-trial briefing;
3. $43,500.00 for a successful appeal to the Fort Worth Court of Appeals;
4. $12,750.00, if successful, to respond to a petition for review filed in the Supreme Court of Texas;
5. $18,000.00, if successful, for full briefing ordered by the Supreme Court of Texas; and

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

6. $18,000.00, if successful, in the event the Supreme Court of Texas conducts oral argument.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group shall have and recover $1,386,301.37 in pre-judgment interest from June 18, 2021 through December 3, 2024. Pre-judgment interest continues to accrue after December 3, 2024 at the daily rate of $1,095.89.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that the total amount of VBI Group's judgment against Defendants shall accrue post-judgment interest at the rate of 8% compounded annually from the date the Final Judgment is entered until paid in full by Defendants.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that Defendants and Ajax shall take nothing on all of their claims asserted against VBI Group.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that VBI Group's costs are taxed against Defendants.

All writs and processes for enforcement of this judgment may issue as necessary.

All other relief not expressly granted herein is denied. This judgment finally disposes of all parties and all claims and is appealable as a final judgment.

**SIGNED** this 4th day of December, 2024.

Melody Wilkinson

Judge Presiding

DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

**AGREED AS TO FORM:**

*/s/ Jeff Whitfield*
Jeff Whitfield
State Bar No. 24060825
jeff.whitfield@kellyhart.com
Joseph D. Austin
State Bar No. 24101470
joseph.austin@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

***Attorneys for Plaintiff VBI Group LLC***

*/s/ Steven E. Clark with permission*
Steven E. Clark
State Bar No. 04294800
sclark@dfwlaborlaw.com
**CLARK FIRM PLLC**
5445 La Sierra Drive, Suite 415
Dallas, Texas 75231
Telephone: (214) 890-4066
Facsimile: (214) 890-4013

***Attorneys for Defendants and Intervenor***

DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF
ORIGINAL DOCUMENT FILED IN
THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joseph Austin on behalf of Joseph Austin
Bar No. 24101470
joseph.austin@kellyhart.com
Envelope ID: 94913611
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiff's Motion for Entry of Final Judgment
Status as of 12/4/2024 10:00 AM CST

Associated Case Party: THESPARTAN AUTOMOTIVE TECHNOLOGIES PROVIDERS INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patrick Keating | 794074 | pkeating@keatingbrown.com | 12/4/2024 9:08:25 AM | SENT |
| Nathan DPearman | | npearman@keatingbrown.com | 12/4/2024 9:08:25 AM | ERROR |

Associated Case Party: PETERHOANGUYEN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| STEVEN ECLARK | | SCLARK@DFWLABORLAW.COM | 12/4/2024 9:08:25 AM | SENT |
| Matt Altick | | maltick@dfwlaborlaw.com | 12/4/2024 9:08:25 AM | ERROR |

Associated Case Party: THEVBI GROUP LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeff Whitfield | | jeff.whitfield@kellyhart.com | 12/4/2024 9:08:25 AM | SENT |
| Judy Collins | | judy.collins@kellyhart.com | 12/4/2024 9:08:25 AM | SENT |
| Joseph D.Austin | | joseph.austin@kellyhart.com | 12/4/2024 9:08:25 AM | SENT |
| Dana Law | | dana.law@kellyhart.com | 12/4/2024 9:08:25 AM | SENT |
| Jeff Whitfield | | JEFF.WHITFIELD@KELLYHART.COM | 12/4/2024 9:08:25 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| George MarcusFettinger | | mfettinger@grayreed.com | 12/4/2024 9:08:25 AM | SENT |
| Steven Clark | 4294800 | sclark@dfwlaborlaw.com | 12/4/2024 9:08:25 AM | SENT |

DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE.
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joseph Austin on behalf of Joseph Austin
Bar No. 24101470
joseph.austin@kellyhart.com
Envelope ID: 94913611
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiff's Motion for Entry of Final Judgment
Status as of 12/4/2024 10:00 AM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Steven Clark | 4294800 | sclark@dfwlaborlaw.com | 12/4/2024 9:08:25 AM | SENT |
| Jeremy Brown | 24055221 | jbrown@keatingbrown.com | 12/4/2024 9:08:25 AM | SENT |

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 94930902
Filing Code Description: No Fee Documents
Filing Description: ***Final Judgment***
Status as of 12/4/2024 1:03 PM CST

Associated Case Party: THEVBI GROUP LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeff Whitfield | | JEFF.WHITFIELD@KELLYHART.COM | 12/4/2024 12:41:13 PM | SENT |
| Jeff Whitfield | | jeff.whitfield@kellyhart.com | 12/4/2024 12:41:13 PM | SENT |
| Judy Collins | | judy.collins@kellyhart.com | 12/4/2024 12:41:13 PM | SENT |
| Joseph D.Austin | | joseph.austin@kellyhart.com | 12/4/2024 12:41:13 PM | SENT |
| Dana Law | | dana.law@kellyhart.com | 12/4/2024 12:41:13 PM | SENT |

Associated Case Party: THESPARTAN AUTOMOTIVE TECHNOLOGIES PROVIDERS INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patrick Keating | 794074 | pkeating@keatingbrown.com | 12/4/2024 12:41:13 PM | SENT |
| Nathan DPearman | | npearman@keatingbrown.com | 12/4/2024 12:41:13 PM | ERROR |

Associated Case Party: PETERHOANGUYEN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| STEVEN ECLARK | | SCLARK@DFWLABORLAW.COM | 12/4/2024 12:41:13 PM | SENT |
| Matt Altick | | maltick@dfwlaborlaw.com | 12/4/2024 12:41:13 PM | ERROR |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| George MarcusFettinger | | mfettinger@grayreed.com | 12/4/2024 12:41:13 PM | SENT |
| Steven Clark | 4294800 | sclark@dfwlaborlaw.com | 12/4/2024 12:41:13 PM | SENT |

DISTRICT COURT OF TARRANT COUNTY, TEXAS
A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE.
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 94930902
Filing Code Description: No Fee Documents
Filing Description: ***Final Judgment***
Status as of 12/4/2024 1:03 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Steven Clark | 4294800 | sclark@dfwlaborlaw.com | 12/4/2024 12:41:13 PM | SENT |
| Jeremy Brown | 24055221 | jbrown@keatingbrown.com | 12/4/2024 12:41:13 PM | SENT |

A TRUE AND CORRECT COPY OF ORIGINAL DOCUMENT FILED IN THE DISTRICT CLERK'S OFFICE:
ATTEST: 11/17/2026
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Dalal Nassriyeh